1   VAN A. GOODWIN, Bar No. 095170
vgoodwin@littler.com

2   DENISE M. VISCONTI, Bar No. 214168
dvisconti@littler.com

3   LITTLER MENDELSON
A Professional Corporation

4   501 W. Broadway, Suite 900
San Diego, CA 92101.3577

5   Telephone:   619.232.0441
Facsimile:   619.232.4302

6

7   Attorneys for Defendants
BECTON, DICKINSON AND COMPANY

8   and MED-SAFE SYSTEMS, INC. (erroneously
sued as Med-Safe Systems, Inc. d/b/a BD Medical)

FILED

08 MAY -6 PM 4: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____
              DEPUTY

9             UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  KIRKLAND SINGER, individually and on behalf of Current and Former California<br>12  Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc.,<br>13<br>14         Plaintiff,<br>15    v.<br>16  BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1<br>17  through 10 Inclusive,<br>18         Defendants.<br>19 | Case No. **'08 CV 0821 IEG BLM**<br><br>(San Diego County Superior Court Case No. 37-2008-00080779-CU-OE-CTL)<br><br>**DEFENDANTS BECTON, DICKINSON AND COMPANY AND MED-SAFE SYSTEMS, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441 and 1446**<br><br>**Class Action Fairness Act**<br><br>Action Filed: March 28, 2008 |

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEY OF

21  RECORD:

22        PLEASE TAKE NOTICE THAT Defendants BECTON, DICKINSON AND COMPANY

23  and MED-SAFE SYSTEMS, INC. (erroneously sued as Med-Safe Systems, Inc. d/b/a BD Medical)

24  (collectively hereinafter referred to as "Defendants") hereby effect the removal of the state action

25  described herein from the Superior Court of the State of California, County of San Diego, to the

26  United States District Court for the Southern District of California. Removal is based on 28 U.S.C.

27  sections 1332(d) (The Class Action Fairness Act), 1441(b), and 1446 on the following grounds:

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232.0441

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

## STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act"), which was enacted on February 18, 2005. *See* 28 U.S.C. section 1332(d). In relevant part, the Act grants district courts original jurisdiction over civil class actions filed under federal or State law in which any member of a class of plaintiffs is a citizen of a State different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. The Act authorizes removal of such actions pursuant to 28 U.S.C. section 1446. All Defendants consent to removal. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS AND ORDERS

2.    On or about March 27, 2008, Plaintiff Kirkland Singer (hereinafter referred to as "Plaintiff") commenced this action against Defendants in the Superior Court of the State of California, County of San Diego, entitled <u>Kirkland Singer, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc. v. Becton, Dickinson and Company, Med-Safe Systems, Inc. d/b/a BD Medical and DOES 1 through 10, inclusive,</u> Case No. 37-2008-00080779-CU-OE-CTL (hereinafter "Complaint").

3.    Plaintiff's Complaint asserts ten (10) causes of action for: (1) failure to provide mandated meal periods; (2) failure to provide mandated rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay reporting time wages; (6) illegal vacation policy/failure to pay vacation wages; (7) failure to timely pay regular wages; (8) failure to pay timely wages upon separation of employment; (9) failure to provide itemized wage statements; and (10) unfair competition in violation of California Business and Professions Code section 17200, *et seq.*

4.    Defendants' agent for service of process was served with a copy of the Summons and Complaint on April 7, 2008. Copies of the Summons, Complaint, Stipulation/Order to Use of Alternative Dispute Resolution Process, Notice to Litigants/ADR Information Package, and Notice of Case Assignment from the state court are attached hereto as Exhibit "A." Exhibit "A" constitutes all of the papers received by Defendants in the State court action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

firmwide:85015141.1 045252.1087    2.    NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

5.    Section 4 of the Class Action Fairness Act of 2005 [28 U.S.C. section 1332(d)(2)],[1] as amended, provides in relevant part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ...

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

6.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendants pursuant to 28 U.S.C. sections 1441(b) and 1446, as outlined more fully below:

## PURPORTED CLASS ACTION UNDER STATE LAW

7.    This action has been styled as a class action pursuant to California Code of Civil Procedure section 382.  Complaint ¶¶ 31-42.  California Code of Civil Procedure section 382 is a State statute authorizing an action to be brought by one or more representative persons as a class action.

## CITIZENSHIP

8.    During Plaintiff's alleged employment with Becton Dickinson and Company ("BD") and/or Med-Safe Systems, Inc. ("Med-Safe"), Plaintiff was employed in and worked in the State of California, County of San Diego.  Complaint ¶ 4.  Plaintiff's last known residence address is located in Carlsbad, California.  *See* Declaration of Nathan Miller ("Miller Decl.") ¶ 3.  Further, Defendants are informed and believe, and on that basis allege, that Plaintiff currently resides in Carlsbad, California.  Therefore, Plaintiff is a citizen of the State of California.  See 28 U.S.C. § 1332(a)(1) [an individual is a citizen of the state in which he or she is domiciled]; State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) [residence is prima facie evidence of domicile for purposes of determining citizenship].

---

[1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them are applicable to this action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

firmwide:85015141.1 045252.1087                3.                NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

9.      Plaintiff seeks to represent similarly situated California employees who currently or previously worked for Defendants.  Complaint ¶ 3.

10.     Defendant BD was, at the time of the filing of the action, and remains incorporated in the State of New Jersey.  *See* Declaration of Gary DeFazio ("DeFazio Decl.") ¶ 2.  BD's principal place of business is in the State of New Jersey, where the majority of its primary administrative functions, including Human Resources and Payroll, are performed.  *Id.*  Further, BD is licensed and does business in every state as well as the District of Columbia.  BD has employees scattered throughout the United States, with no State having a significant majority of concentration of employees.  *Id.*  As a result, BD's principal place of business is in New Jersey.  Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 497 (9th Cir. 2001) [State where most of the corporation's physical operations are located typically is considered its principal place of business]; Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D. N.Y. 1959) [location of corporation's executive and administrative functions is corporation's "nerve center" and principal place of business].  Therefore, BD is not a citizen of the State of California but, rather, is a citizen of New Jersey for the purpose of determining jurisdiction.  Plaintiff, who is a member of the putative class, is a citizen of a State different from BD.

11.     Defendant Med-Safe was, at the time of the filing of the action, and remains, incorporated in the State of California.  *See* Miller Decl. ¶ 2.  Med-Safe's principal place of business is in the State of California, where its primary manufacturing operations are located.  *Id.*  Med-Safe is a citizen of the State of California for the purpose of determining jurisdiction.  Tosco Corp., *supra,* 236 F.3d at 497.

12.     Defendants Does 1 through 10, inclusive, are fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants nor does it set forth any charging allegation against any fictitious defendants.  Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

/ / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

firmwide:85015141.1 045252.1087                    4.                    NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

13.     Plaintiff, who is a member of the putative class of plaintiffs, alleges he was employed by Defendants, or at least one of them, and resided in the State of California. Plaintiff, therefore, is a citizen of a State different from at least one Defendant, BD.

## AMOUNT IN CONTROVERSY

14.     Plaintiff's Complaint is silent as to the total amount in controversy. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of jurisdiction. *See* White v. J.C. Penny Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W.Va. 1994) [defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim"]. Defendant needs only to establish by a *preponderance of evidence* that Plaintiffs' claims exceed the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

15.     Notwithstanding Plaintiff's failure to allege the total amount of monetary relief claimed, the Class Action Fairness Act authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds Five Million Dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). Defendants deny Plaintiff's claims of wrongdoing and his requests for relief thereon. Nonetheless, assuming as true, solely for purposes of removal of this action, the facial allegations in Plaintiff's Complaint, the total amount of wages, penalties, interest, attorneys' fees and other monetary relief at issue in this action is well in excess of this Court's jurisdictional minimum, Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) [facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied], calculated as follows:

(a)     Plaintiff asserts claims for himself and the putative class for (1) Failure to Provide Mandated Meal Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7; (2) Failure to Provide Mandated Rest Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7 and §512; (3) Failure to Pay Minimum Wages in Violation of Labor Code §1197; (4) Failure to Pay

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

firmwide:85015141.1 045252.1087        5.        NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1         Overtime Wages in Violation of Labor Code §510; (5) Failure to Pay Reporting

2         Time Wages in Violation of California I.W.C. Wage Order; (6) Illegal Vacation

3         Policy/Failure to Pay Vacation Wages in Violation of Labor Code §227.3; (7)

4         Failure to Pay All Wages Timely During Employment in Violation of Labor Code

5         §204; (8) Failure to Pay Wages Within Required Time Upon Separation of

6         Employment in Violation of §§ 202 and 202; (9) Failure to Provide and Maintain

7         Itemized Wage Statements in Violation of §226; and (10) Violation of California

8         Business & Professions Code section 17200, *et seq.*

9      (b)   Plaintiff defines the class he seeks to represent as "all current and former non-

10         exempt employees employed by Becton, Dickinson and Company and/or Med-

11         Safe Systems, Inc. in California at any time *within the applicable limitations*

12         *period* who were denied rest breaks, meal breaks....." Complaint ¶ 32; thus, the

13         purported class period runs from approximately March 28, 2004, to the present.

14      (c)   On Page one of his Complaint, Plaintiff Claims that the *"Amount Demanded*

15         *Exceeds $25,000."* Complaint, page 1. Plaintiff also alleges that his "claims are

16         typical of the Non-Exempt Class and Vacation Class." Complaint ¶¶ 31 and 33.

17         Defendants deny Plaintiff's allegation that the amount in controversy exceeds

18         $25,000 for Plaintiff and/or the putative class members. Nevertheless, based on

19         Plaintiff's allegations that he seeks $25,000 on behalf of himself, and that his

20         claims are typical of the other putative class members he purports to represent, the

21         amount in controversy exceeds $5 million. Visconti Decl. ¶ 3(a).

22      (d)   Alternatively, in looking at Plaintiff's individual allegations, Plaintiff's Complaint

23         seeks wages on behalf of himself and the putative class members for alleged meal

24         period violations. Complaint ¶ 38. Section 226.7 provides for one hour of

25         additional pay for each workday that a meal period is not provided. Plaintiff has

26         further alleged violations of California Business & Professions Code section

27         17200, *et seq.* based on Defendants' alleged conduct, and Plaintiff seeks damages

28         and/or restitution for a period of four years. Complaint ¶ 95. Defendants deny

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

firmwide:85015141.1 045252.1087      6.      NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    Plaintiff's claims.  Nevertheless, assuming, *arguendo*, Plaintiff and the putative

2    class members are entitled to be paid a penalty hour for the meal periods they

3    allegedly missed on merely 50% of the days they worked over the last 4 years, the

4    amount potentially in controversy for this claim is $1,292,028.75.  Visconti Decl.

5    ¶ 3(b).

6    (e)    Plaintiff's Complaint also seeks wages on behalf of himself and the putative class

7    members for alleged rest period violations. Complaint ¶ 49.  Defendants deny this

8    claim of alleged rest period violations.  Nevertheless, assuming, *arguendo*,

9    Plaintiff and the putative class members are entitled to be paid a penalty hour for

10    the rest periods they allegedly missed on merely 50% of the days they worked

11    over the last 4 years, the amount potentially in controversy for this claim is

12    $1,292,028.75.  Visconti Decl. ¶ 3(c).

13    (f)    Plaintiff's Complaint also seeks, on behalf of himself and the putative class

14    members, overtime wages allegedly due for work performed during a meal

15    period, and work performed in excess of 8 hours per day, and/or for any and all

16    work performed in excess of 40 hours per week. Complaint ¶ 61.  Defendants

17    deny this claim for overtime.  Nevertheless, assuming, *arguendo*, Plaintiff and the

18    putative class members are entitled to be paid for the meal periods they allege

19    they missed, as well as three additional hours of overtime wage premium each

20    week, the amount in controversy for this claim is $1,421,166.25.  Visconti Decl.

21    ¶ 3(d) and (e).

22    (g)    Plaintiff also seeks, for himself and the putative class members, civil penalties as

23    a result of Defendants' alleged failure to timely pay them wages during the course

24    of their employment as required by Labor Code section 204.  Complaint ¶ 78.

25    Defendants deny this claim for penalties.  Nevertheless, assuming, *arguendo*,

26    Plaintiff and the putative class members are entitled to civil penalties for their

27    alleged failure to receive their wages in a timely fashion during the relevant

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

firmwide:85015141.1 045252.1087                    7.                    NOTICE TO FEDERAL COURT OF REMOVAL
                                                                          OF CIVIL ACTION

1    statutory period, the amount in controversy for this claim is $846,600.  Visconti

2    Decl. ¶ 3(f).

3    (h)  Plaintiff also seeks, for himself and the putative class members, waiting time

4        penalties of 30 days' pay for each former employee who failed to receive all

5        wages earned and due at termination as provided for under Labor Code section

6        203.  Defendants deny this claim for waiting time penalties.  Nevertheless,

7        assuming, *arguendo*, Plaintiff and the putative class members are entitled to

8        recover waiting time penalties, the amount in controversy for this claim is

9        $452,390.40. Visconti Decl. ¶ 3(g).

10   (i)  Plaintiff also seeks, for himself and the putative class members, reporting time

11       pay allegedly due them as a result of them allegedly having to report to work on

12       certain days, for which they are owed at least two hours' pay.  Complaint ¶ 64.

13       Defendants deny this claim for reporting time pay.  Nevertheless, assuming,

14       *arguendo*, Plaintiff and the putative class members are entitled to recover

15       reporting time pay in the amount of two hours per month, the amount in

16       controversy for this claim is $248,069.48. Visconti Decl. ¶ 3(h).

17   (j)  Plaintiff also seeks, for himself and the putative class members, vacation pay he

18       alleged he forfeited as a result of Defendants' "use it or lose it" vacation policy.

19       Complaint ¶ 71. Defendants deny this claim for forfeited vacation pay.

20       Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are

21       entitled to recover vacation pay they allegedly forfeited in the amount of one

22       vacation day per year, the amount in controversy for this claim is $82,689.84.

23       Visconti Decl. ¶ 3(i).

24   (k)  Plaintiff also seeks, for himself and the putative class members, penalties under

25       Labor Code section 226(e) for an alleged failure to provide these employees

26       accurate wage statements from a year prior to the filing of the Complaint to the

27       present.  Defendants deny this claim for penalties.  Nevertheless, assuming,

28       *arguendo*, Plaintiff and the putative class members are entitled to recover these

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

firmwide:85015141.1 045252.1087          8.          NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

1   penalties, the amount in controversy for this claim is $423,300.  Visconti Decl.

2   ¶ 3(j).

3   (l)  In addition to the foregoing amounts, which total $6,058,273.47, Plaintiff seeks

4        attorneys' fees pursuant to Labor Code sections 218.5, and 1194.  Although

5        Defendants deny Plaintiff's claim for attorneys' fees, for purposes of removal, the

6        Ninth Circuit uses a benchmark rate of 25% of the potential damages amount as

7        an estimate of attorneys' fees.[2]  Such an award of attorneys' fees would increase

8        the amount in controversy by $1,514,568.37.  Visconti Decl. ¶ 3(k).

9   (m)  Based on the foregoing, the amount in controversy for Plaintiff's claims for

10       damages, penalties, attorney's fees and other monetary relief, calculated solely for

11       purposes of illustration, clearly exceeds the five million dollar jurisdictional

12       prerequisite of this Court, as required by 28 U.S.C. section 1332(d).  Visconti

13       Decl. ¶¶ 3-4.

14   16.   The preponderance of the evidence is that the amount sought by the facial allegations

15   of Plaintiff's Complaint is greater than the jurisdictional amount of Five Million Dollars required by

16   the Act.

17   17.   As a result, although Defendants deny Plaintiff's claims of wrongdoing and his

18   requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint and assuming,

19   *arguendo*, Plaintiff and the putative class members he seeks to represent were able to prove these

20   allegations, the total amount of monetary relief sought by Plaintiff and the other class members is in

21   excess of five million dollars, exclusive of interest and costs, plus attorney's fees.  Thus, removal of

22   this action under the Act is appropriate.

23   ///

24   ///

---

[2] It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees.  *See, e.g.*, Bell v. Preferred Life, 320 U.S. 238 (1943); Goldberg v. C.P.C. Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) [attorneys' fees may be taken into account to determine jurisdictional amounts].  In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

firmwide:85015141.1 045252.1087                    9.      NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

**TIMELINESS OF REMOVAL**

18.    This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first receipt of the Summons and Complaint, on or about April 7, 2008, and within one year of the filing of the Complaint on March 27, 2008.

**NOTICE TO PLAINTIFF**

19.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Kirk D. Hanson and Diane E. Richard.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for San Diego County Superior Court.

WHEREFORE, Defendants BECTON, DICKINSON AND COMPANY and MED-SAFE SYSTEMS, INC. hereby remove the civil action against it in the Superior Court of the State of California, County of San Diego, to this Honorable District Court.

DATED:  May 6, 2008

LITTLER MENDELSON
A Professional Corporation


By: _____
        DENISE M. VISCONTI

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

firmwide:85015141.1 045252.1087

10.

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

# EXHIBIT A

**Service of Process
Transmittal**
04/07/2008
CT Log Number 513285924

**TO:**   Bruce Hector
          Becton Dickinson and Company
          1 Becton Drive
          Franklin Lakes, NJ 07417-1880

**RE:**   **Process Served in California**

**FOR:**  Med-Safe Systems, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kirkland Singer, etc., etc., Pltfs. vs. Becton, Dickinson and Company, et al. including Med-Safe Systems, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Stipulation Form |
| **COURT/AGENCY:** | Superior Court, County of San Diego, CA<br>Case # 37200800080779 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay overtime wages, minimum wages and provide meal and rest periods |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/07/2008 at 14:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Diane E. Richard<br>Grace Hollis Lowe Hanson & Schaeffer, LLP<br>3555 Fifith Avenue<br>San Diego, CA 92103<br>619-692-0800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791039496593<br>Image SOP - Page(s): 29<br>Email Notification, Robert Manspeizer Robert_Manspeizer@bd.com<br>Email Notification, Linda J Kiernan LINDA_J_KIERNAN@BD.COM<br>Email Notification, Bruce Hector bruce_hector@bd.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / BF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Service of Process
Transmittal**
04/07/2008
CT Log Number 513285916

| | |
|---|---|
| **TO:** | Bruce Hector<br>Becton Dickinson and Company<br>1 Becton Drive<br>Franklin Lakes, NJ 07417-1880 |

**RE:**   **Process Served in California**

**FOR:**   Becton, Dickinson and Company (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kirkland Singer, etc., etc., Pltfs. vs. Becton, Dickinson and Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Stipulation Form |
| **COURT/AGENCY:** | Superior Court, County of San Diego, CA<br>Case # 37200800080779 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay overtime wages, minimum wages and provide meal and rest breaks |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/07/2008 at 14:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Kirk D. Hanson<br>Grace Hollis Lowe Hanson & Schaeffer, LLP<br>3555 Fifith Avenue<br>San Diego, CA 92103<br>619-692-0800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791039496593<br>Image SOP - Page(s): 29<br>Email Notification, Robert Manspeizer Robert_Manspeizer@bd.com<br>Email Notification, Linda J Kiernan LINDA_J_KIERNAN@BD.COM<br>Email Notification, Bruce Hector bruce_hector@bd.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / BF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

2:40 pm
07/08

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
~~BECTON, DICKINSON AND COMPANY~~, MED-SAFE SYSTEMS, INC
dba BD MEDICAL, and DOES 1 through 10 Inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
Clerk of the Superior Court
MAR 2 8 2008
By: M. McKinley, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIRKLAND SINGER, individually and on behalf of
Current and Former California Employees of Becton,
Dickinson and Company and Med-Safe Systems, Inc.

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO
330 WEST BROADWAY
SAN DIEGO, CA 92101
CENTRAL DIVISION

CASE NUMBER:
*(Número 37-2008-00080779-CU-OE-CTL*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KIRK D. HANSON  (SBN 167920)              619-692-0800    619-692-0822FAX
DIANE E. RICHARD  (SBN 204897)
GRACE HOLLIS LOWE HANSON & SCHAEFFER, LLP
3555 FIFTH AVENUE, SAN DIEGO, CA 92103
DATE: MARCH 27, 2008   MAR 2 8 2008        Clerk, by _____ M. McKinley _____ , Deputy
*(Fecha)*                      *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* BECTON, DICKINSON AND COMPANY

   under: [X] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  Kirk D. Hanson, Esq. (SBN 167920)
   Diane E. Richard, Esq. (SBN 204897) —
2  GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP
   3555 Fifth Avenue
3  San Diego, CA 92103
   (619) 692-0800
4  (619) 692-0822 - Fax

5  Attorneys for Plaintiff

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN DIEGO

10 KIRKLAND SINGER, individually and on )    Case No.:   37-2008-00089778-CU-OE-CTL
   behalf of Current and Former California )
11 Employees of Becton, Dickinson and Company )
   and Med-Safe Systems, Inc.            )          *Unlimited Civil*
12                                        )    *Amount Demanded Exceeds $25,000.00*
                   Plaintiff,            )
13                                        )    CLASS ACTION and REPRESENTATIVE
   vs.                                    )    ACTION [Cal. Code Civ. Proc. §382; Cal.
14                                        )    Labor Code § 2698 et. seq.]
   BECTON, DICKINSON AND COMPANY, )
15 MED-SAFE SYSTEMS, INC dba BD )          COMPLAINT FOR DAMAGES AND
   MEDICAL, and DOES 1 through 10 Inclusive, )  INJUNCTIVE RELIEF
16                                        )
                                          )    1.  Failure to Provide Mandated Meal
17                 Defendants.            )        Periods;
                                          )    2.  Failure to Provide Mandated Rest
18                                        )        Periods;
                                          )    3.  Failure to Pay Minimum Wages;
19                                        )    4.  Failure to Pay Overtime Wages;
                                          )    5.  Failure to Pay Reporting Time Wages;
20                                        )    6.  Illegal Vacation Policy/Failure to Pay
                                          )        Vacation Wages;
21                                        )    7.  Failure to Timely Pay Regular Wages;
                                          )    8.  Failure to Pay Timely Wages Upon
22                                        )        Separation of Employment;
                                          )    9.  Failure to Provide Itemized Wage
23                                        )        Statements;
                                          )    10. Unfair Competition (B&P Code §17200
24 _____ )       *et seq.*)

25                                             JURY TRIAL DEMANDED

26      Plaintiff KIRKLAND SINGER for Causes of Action against Defendants, and each of them,

27 alleges as follows:

28 ///

# I.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff KIRKLAND SINGER (hereinafter "SINGER" or "Plaintiff") brings this action against Defendants BECTON, DICKINSON AND COMPANY (hereinafter "BD COMPANY"), MED-SAFE SYSTEMS, INC. dba BD MEDICAL (hereinafter "BD MEDICAL"), and DOES 1 through 10 inclusive, (hereinafter collectively referred to as "Defendants" or "BD") for engaging in a scheme of wage violations such as misclassifying employees as "exempt," violating overtime, minimum wage and reporting time pay laws, violating meal and rest break laws, failing to pay employees for all time worked and on-call, failing to pay employees for all vested vacation, and for failing to provide and maintain accurate wage statements, all of which contribute to BD's deliberate unfair competition.

2.    On information and belief, BD decreases its employment-related costs to position itself to offer customers better rates than its law-abiding competitors.   BD reduced these costs by systematically engaging in wage and hour violations.

3.    Plaintiff bring this lawsuit seeking declaratory, injunctive and monetary relief against Defendants on behalf of Plaintiff individually and also on behalf of other current and former California employees (hereinafter "Represented Employees") to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, liquidated damages, and costs pursuant to provisions regulating hours and days of work in the applicable wage order of the Industrial Welfare Commission and California Labor Code §§ 201, 202, 203, 204, 210, 218.6, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1194, 1194.2, 1198 and 2699 *et seq.*

# II.

## PARTIES

4.    At all relevant times, SINGER was employed by Defendants in San Diego County, California.  Defendants' conduct, as hereinafter alleged, occurred in the County of San Diego, State of California.

5.    At all relevant times, SINGER was a non-exempt employee of Defendants.

6.    At all relevant times, Defendant BECTON, DICKINSON AND COMPANY was doing business in the County of San Diego, State of California.

2

7.    At all relevant times, Defendant MED-SAFE SYSTEMS, INC dba BD MEDICAL was doing business in the County of San Diego, State of California.

8.    Plaintiff is informed and believes and on that basis alleges that Defendant BECTON, DICKINSON AND COMPANY is, and at all relevant times was, a corporation authorized to do business under the laws of the State of California, and that it is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders.

9.    Plaintiff is informed and believes and on that basis alleges that Defendant MED-SAFE SYSTEMS, INC. is, and at all relevant times was, a corporation authorized to do business under the laws of the State of California, and that it is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders.

10.    Plaintiff is informed and believes that MED-SAFE SYSTEMS, INC dba BD MEDICAL is a subsidiary of BECTON, DICKINSON AND COMPANY and further is informed and believes that BD MEDICAL is a business segment/operating unit of BECTON, DICKINSON AND COMPANY.

11.    Plaintiff SINGER is an "aggrieved employee" of within the meaning of Labor Code § 2699(c) as he was employed by BD and suffered at least one Labor Code violation in common with other current and former BD employees.

12.    At all relevant times, BD and DOES 1 through 10 were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

13.    The true names and capacities of the Defendants named as DOE 1 through DOE 10, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

///

///

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

14.    Plaintiff is further informed and believes and thereon alleges that, at all relevant times each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of the corporation, or the corporation itself, and in participating in the acts alleged in this Complaint, acted within the scope of such agency, or employment or ratified the acts of the other.

### III.

### GENERAL ALLEGATIONS

15.    Plaintiff SINGER commenced employment with BD, a medical technology company, on or about February 23, 2004.

16.    SINGER's employment with BD ended on or about March 1, 2007.

17.    During his employment with BD, SINGER held various titles such as "Maintenance Manager," "Maintenance Supervisor," "Maintenance Coach," "Senior Maintenance Mechanic," and "Senior Mechanic."  SINGER's actual job responsibilities and duties while holding these titles made his classification that of a non-exempt employee.

18.    From on or about February 23, 2004 through up until April 30, 2005, BD misclassified SINGER as an "exempt" employee.  During the time period of his misclassification, SINGER held the job titles of "Maintenance Manager," "Maintenance Supervisor," and "Maintenance Coach." These job titles were interchangeable with one another.

19.    On or about May 1, 2005, BD changed SINGER's payroll status to "non-exempt" when SINGER was given the title "Senior Maintenance Mechanic" (title also referred to as "Senior Mechanic").

20.    From on or about February 23, 2004 through approximately April 30, 2005, BD treated SINGER as if he were an "exempt" employee.  For example, during this time period BD did not require SINGER to record hours worked, did not provide him with mandated meal and rest periods, and paid him a straight salary regardless of the amount of hours SINGER worked.

21.    Although BD classified SINGER as "exempt" from on or about February 23, 2004 through April 30, 2005, SINGER did not meet exemption requirements of California Industrial Welfare Commission Wage Order as SINGER did not meet the "duties test."  During the majority of his work time, SINGER did not perform exempt duties, nor did he exercise independent judgement

4

1  and discretion.  For example, even though SINGER had the title of Maintenance

2  Supervisor/Coach/Manager and had employees working beneath him, greater than a majority of

3  SINGER's time spent as a Maintenance Manager/Supervisor/Coach was spent performing non-

4  exempt duties as maintaining and installing equipment, machine repairs, and placing orders.

5  Essentially, when SINGER was classified as "exempt" he performed during the majority of his work

6  day the same duties performed by employees classified as "non-exempt" (including the duties he

7  himself performed when he was later classified on or about May 1, 2005 as a "non-exempt"

8  employee).

9       22.      During the time period BD misclassified SINGER as an "exempt" employee, BD

10  required SINGER to work a tremendous amount of overtime hours and be on-call without proper

11  compensation and further denied him other protections and benefits of California wage and hour

12  laws including meal and rest periods.

13       23.      On or about May 1, 2005, BD reclassified SINGER as a "non-exempt" employee.

14  However, during the time he was properly classified as a non-exempt employee, BD still did not

15  provide SINGER with all required benefits and protections of California wage and hour laws

16  including but not limited to meal and rest breaks as mandated by California law, and proper wages

17  for all time worked or on-call including but not limited to regular, minimum overtime wages, and

18  reporting time wages.

19       24.      While BD classified SINGER as a non-exempt employee, BD required SINGER to

20  record his hours worked while at his work location.  BD's time recording system however

21  automatically deducted in the majority of instances an approximate thirty minute period from

22  SINGER's daily hours worked in addition to making some other time adjustments to SINGER's

23  recorded time.

24       25.      During his employment with BD, SINGER was subjected to BD's illegal paid

25  vacation policy, an "use-it-or-loose-it" policy in which SINGER's earned vacation time did not carry

26  over into the following year.  SINGER consequently lost vacation time during his years of

27  employment and further was not paid all vacation wages upon his separation of employment, as

28  required by law.

5

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26.     In addition, BD failed to provide SINGER with proper itemized wage statements required by California law in that information, including but not limited to all hours worked was not properly recorded on the wage statements prepared by BD. BD has additionally failed to maintain all itemized wage statements containing the information required as mandated by California law.

27.     Upon his separation of employment, on or about March 1, 2007, BD did not pay SINGER, by the time required by law, all regular, minium, reporting time, and overtime wages due and owing to him as well as wages relating to missed meal and rest periods and unused but earned vacation.

28.     At all material times, BD and DOES 1 through 10 were and/or are Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to the civil penalties for each underpaid employee each as set for in Labor Code § 558.

29.     On information and belief, BD has committed the wage and hour violations alleged in this Complaint with numerous current and former California employees of BD other than SINGER. BD's non-exempt employees in California were, and are, not provided with proper meal and rest breaks nor paid proper and timely wages during employment and upon separation of employment including but not limited to minimum wages, regular wages, overtime wages, meal and rest period wages, reporting time wages, and wages for all hours worked and/or on-call. BD's non-exempt employees in California further were, and are, not provided with accurate itemized wages statements, nor does BD maintain accurate wage statements including accurate number of hours worked. BD further has maintained and currently maintains an illegal paid vacation policy for its California employees including but not limited to a forfeiture of paid vacation wages through an illegal use-it-or-loose-it policy and non payment of all earned but unused vacation wages upon separation of employment.

///

///

6

**IV.**

**THE LABOR CODE**
**PRIVATE ATTORNEYS GENERAL ACT REPRESENTATIVE ACTION**

30.    This action is brought on behalf of SINGER and current and former employees of BD, Represented Employees, to recover civil penalties under Labor Code section 2699 as:

a.    This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hiseinafter referred to as "LWDA") or any departments, divisions, commissions, boards, agencies or employees, or for which a civil penalty is established under Labor Code section 2699(f);

b.    SINGER is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against him;

c.    SINGER has satisfied the procedural requirements of § 2699.3 prior to filing this action:

1)    On February 8, 2008, pursuant to Labor Code § 2699,  Plaintiff SINGER served, via Certified Mail, the LWDA and his former employer with his claim for wage/work hour violations and penalties.

2)    On March 10, 2008, the LWDA provided notice to SINGER and his former employer that it did not intend to investigate the claims.  As such, SINGER has exhausted his administrative remedy to pursue penalties pursuant to Labor Code § 2699 *et seq.*

d.    SINGER, an aggrieved employee, has filed this action pursuant to Labor Code Section 2699(a) and (f), on behalf of himself and all other current and former employees of BD to recover penalties for violations of the Labor Code.  Said penalties include, but are not limited to, unpaid/underpaid wages which are to be paid to the affected employees pursuant to Labor Code Section 558 subdivisions (a)(1) and (a) (3).

///

///

///

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## V.

## CLASS ALLEGATIONS

31.    Plaintiff also brings this action as a class action to recover all statutory damages, monies and penalties due and owing for all current and former employees of BD as a result of its failure to pay overtime wages, failure to pay reporting time wages, failure to pay minimum wages, failure to pay vacation wages, failure to provide rest and/or meal periods and Section 226.7 payments, failure to provide itemized wage statements, failure to keep accurate records of time worked, and failure to pay timely wages during employment and upon separation of employment, all in violation of California Labor Code and in violation of the Wage Orders of the Industrial Welfare Commission.

32.    Plaintiff brings this class action pursuant to California Code of Civil Procedure § 382 on behalf of a class of persons, Represented Employees, also affected by Defendants' Labor Code and Wage Order violations.  The class is defined as:

> All current and former non-exempt employees employed by Becton, Dickinson and Company and/or Med-Safe Systems, Inc. in California at any time within the applicable limitations period who were denied rest breaks, denied meal breaks, denied missed rest or meal premiums, denied overtime wages, denied regular wages, denied minimum wages, denied reporting time wages, denied accurate itemized wage statements, and/or denied payment of timely wages either during employment or upon separation (hereinafter "The Non-Exempt Class").

A sub-class is defined as:

> All employees employed by Becton, Dickinson and Company and/or Med-Safe Systems, Inc. in California at any time within the applicable limitations period who forfeited vested vacation wages either during employment or upon separation of employment (hereinafter "The Vacation Class").

33.    Causes of Action One through Ten are appropriately suited for a Class Action because:

a.    The members of The Non-Exempt Class and The Vacation Class are sufficiently numerous that joinder is impracticable.  Plaintiff is informed and believes The Non-Exempt Class and The Vacation Class each has hundreds, if not thousands, of current and former BD employees. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

///

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

b.    Common questions of fact and law predominate.  Such common questions include, but are not limited to:

i.    Whether BD failed to provide daily rest periods to its non-exempt employees for every four hours or major fraction thereof worked and failed to compensate such employees one hour's pay in lieu of the rest period;

ii.    Whether BD failed to provide meal periods to its non-exempt employees on days when the employee worked in excess of five hours and failed to compensate such employees one hour's pay in lieu of the meal period;

iii.    Whether BD  failed to accurately report compensation due for rest and meal period violations;

iv.    Whether BD failed to pay its non-exempt employees for all hours actually worked;

v.    Whether BD failed to pay it's non-exempt employees for all overtime hours worked;

vi.    Whether BD failed to pay its non-exempt employees for all reporting time wages;

vii.    Whether BD failed to provide accurate itemized wage statements, itemizing the actual time worked and all wages earned;

viii.    Whether BD's vacation policy provided for a forfeiture of vacation wages and time through actions such as having an use-it-or-loose-it policy and not providing all vested and unused vacation wages upon separation of employment.

c.    Plaintiff's claims are typical of The Non-Exempt Class and Vacation Class. Plaintiff, like other members of both of these classes was subjected to BD's ongoing Labor Code and Wage Order violations pertaining to meal and rest periods, the timely payment of wages both during employment and upon separation of employment, itemized wage statements, payment of all wages due and owing including minimum, overtime, regular, reporting time and vacation wages.

///

///

9

d.  Plaintiff will fairly and adequately protect the interest of all members of The Non-Exempt Class and The Vacation Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due himself and all members of both classes.

34.  Plaintiff knows of no difficulty that might be encountered in management of this litigation which would preclude maintenance as a class action.

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PROVIDE MANDATED MEAL PERIODS
(Violation of Labor Code §§ 226.7 and 512; Violation of "Meal Periods" Section of the Industrial Welfare Commission Wage Order)

(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)

35.  Plaintiff incorporates by reference paragraphs 1 through 36 inclusive, and makes them a part of this First Cause of Action as though fully set forth herein.

36.  Plaintiff was a "non-exempt" employees of BD in California and therefore was entitled to receive meal periods as mandated by California law.

37.  Labor Code § 226.7 requires employers, including BD, to provide to its non-exempt employees meal periods as mandated by Order of the Industrial Welfare Commission.

38.  Labor Code § 512(a) in part provides that employers, including BD, may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

///

///

///

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1      39.    BD violated Labor Code §§ 226.7 and 512 and the IWC Order when it failed to provide

2   the meal periods to non-exempt California employees including Plaintiff. As alleged herein, BD

3   failed to provide uninterrupted, duty-free breaks as mandated by law to its non-exempt employees,

4   including Plaintiff.

5      40.    Pursuant to Labor Code § 226.7(b) and the "Meal Periods" section of the Wage Order,

6   BD shall pay employees one additional hour of pay at the employee's regular rate of compensation

7   for each day that the meal period was not provided to that employee.

8      41.    BD failed to provide Plaintiff with meal periods and failed to provide payment for

9   missed or interrupted meal periods, as required by Labor Code § 226.7(b) and by Order of the

10   Industrial Welfare Commission.

11      42.    As a result of BD' failure to pay Plaintiff an additional hour of pay for each day a meal

12   period was not provided, Plaintiff suffered and continues to suffer a loss, all in an amount to be

13   shown according to proof at trial and within the jurisdictional limitations of this Court.

14      43.    As a direct result of Defendants' Labor Code violations Plaintiff and other non-exempt

15   California employees have suffered losses related to the use and enjoyment of compensation due and

16   owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not

17   limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

18      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

19

20                    **SECOND CAUSE OF ACTION**

21             **FAILURE TO PROVIDE MANDATED REST PERIODS**
         **(Violation of Labor Code § 226.7; Violation of "Rest Periods" Section of the Industrial Welfare**
22                          **Commission Wage Order)**

23   **(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly**
         **Situated and Aggrieved Current and Former Employees of Defendants - Against All**
24                              **Defendants)**

25      44.    Plaintiff incorporates by reference paragraphs 1 through 43 inclusive, and makes them a

26   part of this Second Cause of Action as though fully set forth herein.

27      45.    Plaintiff was a "non-exempt" employee of BD in California and therefore is entitled to

28   receive rest periods as mandated by California Labor Code law.

                                11

46.     Labor Code § 226.7 requires employers, including BD, to provide to its non-exempt employees in California, rest periods as mandated by Order of the Industrial Welfare Commission.

47.     By Order of the Industrial Welfare Commission, every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. [IWC Wage Order, "Rest Periods" section].

48.     BD violated Labor Code § 226.7 and the IWC Order when it failed to provide all rest periods to its non-exempt employees, including Plaintiff.

49.     As alleged herein, BD prevented Plaintiff, and other non-exempt employees,  from taking all rest breaks as mandated by law by requiring his, at times, to work during part or all of the break.  Furthermore, through its action of misclassifying SINGER as "exempt," BD did not authorize and permit SINGER to take all rest breaks as required by law.

50.     Pursuant to Labor Code § 226.7(b) and the "Rest Periods" section of Wage Order, BD shall pay employees one additional hour of pay at the employee's regular rate of compensation for each day that the rest period is not provided.

51.     BD failed to provide its non-exempt employees, including Plaintiff, rest periods and failed to provide payment for missed or interrupted rest periods, as required by Labor Code § 226.7(b) and by Order of the Industrial Welfare Commission.

52.     As a result of BD's failure to pay an additional hour of pay for each day a rest period was not provided, Plaintiff suffered and continues to suffer a loss, all in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

53.     As a direct result of Defendants' Labor Code violations, Plaintiff and other non-exempt employees in California have suffered losses related to the use and enjoyment of compensation due and owing.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

12

### THIRD CAUSE OF ACTION

### <u>FAILURE TO PAY MINIMUM WAGE</u>
#### (Violations of Labor Code § 1197)

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

54.    Plaintiff incorporates by reference paragraphs 1 through 53 inclusive, and makes them a part of this Third Cause of Action as though fully set forth herein.

55.    Labor Code § 1197 provides "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

56.    Defendants failed to perform their obligations to compensate its non-exempt employees including Plaintiff at least minimum wage for all hours worked through actions alleged herein, including failing to pay proper compensation for all hours worked, on-call time, and time worked during missed and/or interrupted meal periods.

57.    As a direct result of Defendants' Labor Code violations Plaintiff and non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, liquidated damages pursuant to Labor Code § 1194.2, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///
///
///
///
///
///
///
///

13

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES
#### (Violation of Labor Code § 510)

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

58.    Plaintiff incorporates by reference paragraphs 1 through 57 inclusive, and makes them a part of this Fourth Cause of Action as though fully set forth herein.

59.    During Plaintiff's employment with BD, he was a "non-exempt" employee of BD in California. Plaintiff was thereby not exempt from receiving overtime compensation.

60.    During Plaintiff's employment with BD, Plaintiff, as alleged herein, worked without appropriate overtime compensation as did other non-exempt employees.

61.    BD violated Labor Code § 510 when it failed to pay its non-exempt employees, including Plaintiff, overtime wages for any and all work performed, including work performed during a meal period, and work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week, and/or for any and all work performed on the seventh consecutive day in any one work week, by the time set forth by law.

62.    As a direct result of Defendants' Labor Code violations Plaintiff and non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, overtime compensation, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///
///
///
///
//
//
///

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY REPORTING TIME WAGES**
**(Violations of "Reporting Time Pay" Section of Industrial Welfare Commission Wage Order)**

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly**
**Situated and Aggrieved Current and Former Employees of Defendants - Against All**
**Defendants)**

63.    Plaintiff incorporates by reference paragraphs 1 through 62 inclusive, and makes them a part of this Fifth Cause of Action as though fully set forth herein.

64.    The "Reporting Time Pay" section the Wage Order of the Industrial Welfare Commission provides that each workday a non-exempt employee is required to report for work and does report but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.  If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

65.    During Plaintiff's employment with BD, he was a "non-exempt" employee of BD in California.  Plaintiff was thereby not exempt from receiving reporting time pay.

66.    During Plaintiff's employment with BD, Plaintiff, as alleged herein, worked without appropriate reporting time pay as did other non-exempt employees.

67.    Defendants failed to perform their obligations to compensate its non-exempt employees including Plaintiff with reporting time pay.

68.    As a direct result of Defendants' violations Plaintiff and non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

15

## SIXTH CAUSE OF ACTION

### ILLEGAL VACATION POLICY/FAILURE TO VACATION WAGES
#### (Violation of Labor Code § 227.3)

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

69.    Plaintiff incorporates by reference paragraphs 1 through 68 inclusive, and makes them a part of this Sixth Cause of Action as though fully set forth herein.

70.    During Plaintiff's employment with BD, SINGER received paid vacation time and wages under BD's vacation policy.

71.    Pursuant to California Labor Code section 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with said contract of employment or policy respecting eligibility or time served. Forfeiture of vested vacation time upon termination of employment is not allowed under Section 227.3, nor a use-it-or-loose it policy allowed.

72.    BD's vacation policy requires paid vacation time to be used in the year the time was accrued (use-it-or-loose-it policy) and further does not provide that payment of all earned, unused vacation wages be paid upon separation of employment.

73.    During Plaintiff's employment with BD, SINGER was not provided with all vacation time or vacation wages, a violation Labor Code §227.3.

74.    Other employees of BD, in addition to SINGER, were eligible for BD's paid vacation benefits and were subjected to BD's policy, thus forfeiting vested vacation time and vacation wages.

75.    As a direct result of Defendants' Labor Code violations Plaintiff and other employees of BD have suffered losses related to the use and enjoyment of compensation due and owing to them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

16

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES TIMELY DURING EMPLOYMENT**
**(Violation of Labor Code § 204)**

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

76.    Plaintiff incorporates by reference paragraphs 1 through 75 inclusive, and makes them a part of this Seventh Cause of Action as though fully set forth herein.

77.    During Plaintiff's employment with BD, all of Plaintiff's wages were due and payable by the time set forth in Labor Code § 204.

78.    BD failed to pay Plaintiff and other non-exempt employee all wages by the time set forth by law through conduct set forth herein, thereby violating Labor Code § 204.

79.    As a direct result of Defendants' Labor Code violations Plaintiff and other non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES WITHIN REQUIRED TIME UPON SEPARATION OF EMPLOYMENT**
**(Violations of Labor Code §§ 201, 202)**

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

80.    Plaintiff incorporates by reference paragraphs 1 through 79 inclusive, and makes them a part of this Eighth Cause of Action as though fully set forth herein.

81.    Labor Code § 201 requires BD to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code § 202 requires BD to pay any wages due and owing to an employee within 72 hours of the employee's quitting of their employment.  Furthermore, for violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid

17

1   wages of the employee to continue as a penalty from the due date thereof, at the same rate until paid

2   or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

3          82.    On or about March 1, 20007, SINGER's employment with BD was separated.

4          83.    BD failed to provide Plaintiff with all wages due and owing within the time required by

5   the Labor Code, either under Section 201 or Section 202.

6          84.    BD further failed to pay other employees all wages due and owing within the time

7   required by the Labor Code, either under Section 201 or Section 202.

8          85.    As a direct result of Defendants' Labor Code violations, not all wages due and owing by

9   the time required by Sections 201 or 202  have been paid, and thus Plaintiff and other employees

10  have suffered losses related to the use and enjoyment of compensation due and owing to them.

11  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and

12  all wages due, overtime compensation, penalties, waiting time penalties pursuant to Labor Code

13  section 203, monies, interest, attorney's fees, and costs.

14          WHEREFORE, Plaintiff prays for relief as hereinafter requested.

15                              **NINTH CAUSE OF ACTION**

16          **FAILURE TO PROVIDE AND MAINTAIN ITEMIZED WAGE STATEMENTS**
                                **(Violation of Labor Code § 226)**
17
            **(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly**
18          **Situated and Aggrieved Current and Former Employees of Defendants - Against All**
                                        **Defendants)**
19

20          86.    Plaintiff incorporates by reference paragraphs 1 through 85 inclusive, and makes them a

21  part of this Ninth Cause of Action as though fully set forth herein

22          87.    Labor Code § 226(a) requires that employers, including BD, furnish its employees with

23  each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked,

24  all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the

25  name of the employee and the portion of his or his social security number as required by law, and all

26  applicable hourly rates in effect during the pay period and the corresponding number of hours

27  worked at each hourly rate by the employee.

28  ///

                                             18

88.    During Plaintiff's employment with BD, BD intentionally and knowingly failed to provide to Plaintiff the above-described writing required by Labor Code § 226(a), including but not limited to its knowing and intentional failure to record all time worked during working hours and during meal breaks, which resulted in inaccurate recording of hours worked and net wages earned.

89.    In further violation of Labor Code § 226(a), BD has failed to maintain the records for a period of three years the statements it is required to provide its employees, through its action of failing to properly recording required information such as total hours worked and automatically deducting at times, time from the total hours recorded as worked. As an example, when employees, including SINGER were classified as "exempt" by BD, BD recorded a total zero hour worked for the payroll period and provided and maintained wage statements stating same, regardless of the total amount of hours worked for the payroll period. Moreover, BD automatically deducted from non-exempt employees', such as SINGER, pay and hours, approximately thirty minutes from each work day. This automatic deduction thereby reflected an incorrect amount of pay due and time worked.

90.    BD's failure to provide and maintain accurate statements left Plaintiff and other employees without the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by BD. Plaintiff, therefore, had no way to dispute the resulting miscalculation of wages. As a direct result, Plaintiff and others employees have suffered and continues to suffer substantial losses related to BD's violations, including lost wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation.

91.    As a direct result of Defendants' Labor Code violations Plaintiff and other employees have suffered losses related to the use and enjoyment of compensation due and owing to them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, overtime compensation, penalties, payments pursuant to Labor Code section 226(e), monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

///

19

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# TENTH CAUSE OF ACTION

## <u>VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.*</u>

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated Current and Former Employees of Defendants - Against All Defendants)**

92.    Plaintiff incorporates by reference paragraphs 1 through 91 inclusive, and makes them a part of this Tenth Cause of Action as though fully set forth herein.

93.    California Business & Professions Code § 17200 *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..." Plaintiff, as herein alleged, have suffered and continues to suffer injuries in fact, due to the unlawful business practices of Defendants as alleged herein.

94.    As alleged herein, BD has systematically engaged in unlawful conduct such as wage and hour violations as alleged herein, in order to decrease its costs of doing business.

95.    During Plaintiff's employment with BD, BD failed to comply with the California Labor Code and Industrial Welfare Commission Wage Orders through its actions as herein alleged including, but not limited to its failure to pay: (1) all wages due, (2) provide accurate itemized wage statements and maintain accurate records including accurate meal periods and all hours worked, (3) pay all wages and monies due and owing within the time specified by the Labor Code, (4) provide proper rest and meal periods, and (5) pay an employee for missed and/or interrupted meal and rest periods and vacation wages.

96.    At all times relevant, BD avoided paying Plaintiff and other employees wages and monies, including meal and rest break payments, and other financial obligations attached thereto, thereby creating for BD an artificially lower cost of doing business in order to undercut its competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of Plaintiff.

97.    At all times relevant, BD lowered its costs of doing business by classifying SINGER as exempt, although SINGER was non-exempt, thereby requiring SINGER to perform non-exempt work without fair compensation and benefits, all to the detriment of SINGER.

///

20

1    98.    At all relevant times herein, BD held themselves out to Plaintiff as being

2  knowledgeable and advising to the employment laws of California.

3    99.    At all times relevant herein Plaintiff to his detriment, justifiably relied on and believed

4  BD's representation concerning its adherence to California wage and hour laws for reasons including

5  BD's policies stating its purported compliance with wage and hour laws.

6    100.    Defendants violations of the California Labor Code and Orders of the Industrial Welfare

7  Commission and its scheme to lower its payroll costs as alleged herein, constitute unlawful business

8  practices.

9    101.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts

10  constitute unfair and unlawful business practices under Business and Professions Code § 17200 *et*

11  *seq.*

12    102.    As a result of BD's violations of the Labor Code and Industrial Welfare Commission

13  Wage Orders, Plaintiff suffered a loss of wages and monies, all in an amount to be shown according

14  to proof at trial and within the jurisdiction of this Court. Plaintiff seeks injunctive relief and

15  restitution of all wages and monies due in an amount according to proof, and any and all attorney's

16  fees incurred herein to the extent permitted by law.

17    WHEREFORE, Plaintiff prays for relief as hereinafter requested.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

21

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For general damages;

2.    For special damages;

3.    For reasonable attorney fees, cost of suit, and interest to the extent permitted by law, including pursuant to Civil Code § 1021.5 and Labor Code §§ 218.6, 1194, 2699 *et seq.*;

4.    For liquidated damages pursuant to Labor Code § 1194.2;

5.    For monies pursuant to Labor Code § 226(e);

6.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and Orders of the Industrial Welfare Commission;

7.    For injunctive relief as provided by the Labor Code and Business and Professions Code §17200 *et seq.*;

8.    For restitution as provided by Business and Professions Code §17200 *et seq.*;

9.    For an order requiring Defendants to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, thisefore, constituting unfair competition under Business and Professions Code §17200 *et seq*;

10.    For an award of damages in the amount of unpaid compensation including, but not limited to unpaid wages, overtime wages, vacation wages, benefits and penalties according to proof, including interest thereon;

11.    For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code §226.7(b) for each meal period not in accordance with an applicable order of the Industrial Welfare Commission;

12.    For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code §226.7(b) for each rest period not in accordance with an applicable order of the Industrial Welfare Commission;

///

22

13. For an order imposing a constructive trust upon the Defendants to compel them to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

14. For an accounting to determine all money wrongfully obtained and held by Defendants;

15. For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 204, 226, 226.7, 227.3, 510, 512, and 1197;

16. For a declaratory judgment that Defendants have violated the Industrial Welfare Commission Orders;

17. For pre- and post-judgment interest; and

18. For such other relief as the Court deems just and proper.

Dated: March 27, 2008

GRACE HOLLIS LOWE
HANSON & SCHAEFFER LLP

By: _____
Kirk D. Hanson, Esq.
Diane E. Richard, Esq.
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Please take notice that Plaintiff demands trial by jury on all Causes of Action.

Dated: March 27, 2008

GRACE HOLLIS LOWE
HANSON & SCHAEFFER LLP

By: _____
Kirk D. Hanson, Esq.
Diane E. Richard, Esq.
Attorneys for Plaintiff

23

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:   (619) 685-6147

PLAINTIFF(S) / PETITIONER(S):      Kirkland Singer et.al.

DEFENDANT(S) / RESPONDENT(S):  Becton, Dickinson and Company et.al.

SINGER VS. BECTON, DICKINSON AND COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00080779-CU-OE-CTL |
|---|---|

Judge:  Judith F. Hayes                                    Department: C-68

**COMPLAINT/PETITION FILED:** 03/27/2008


### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)             **NOTICE OF CASE ASSIGNMENT**                Page: 1



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00080779-CU-OE-CTL        CASE TITLE: Singer vs. Becton, Dickinson and Company

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:          330 West Broadway | |
| MAILING ADDRESS:        330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:            Central | |

| PLAINTIFF(S):    Kirkland Singer et.al. |
|---|
| DEFENDANT(S): Becton, Dickinson and Company et.al. |
| SHORT TITLE:    SINGER VS. BECTON, DICKINSON AND COMPANY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00080779-CU-OE-CTL |
|---|---|

Judge: Judith F. Hayes                                              Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program               ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                     ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                             ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                     ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral   ☐  Private Binding Arbitration

☐  Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                Name of Defendant

_____                    _____
Signature                                        Signature

_____                    _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                    _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  03/28/2008                                _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)       **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**       Page: 1

3

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KIRKLAND SINGER

## DEFENDANTS
BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 MAY -6 PM 4: 14

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kirk D. Hanson, Esq., SBN 167920        (619) 692-0800
Diane E. Richard, Esq., SBN 204897
Grace, Hollis, Lowe, Hanson & Schaeffer, LLP
3555 Fifth Avenue; San Diego, CA 92103

Attorneys (If Known)
Van A. Goodwin, Bar No. 095470      (619) 232-0441
Denise M. Visconti, Bar No. 214168
Littler Mendelson, P.C.
501 W. Broadway, Ste. 900; San Diego, CA 92101

'08 CV 0821 IEG BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

Transferred from

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Class Action; Fairness Act; Diversity; 28 U.S.C. Sections 1332(d), 1441 and 1446
Brief description of cause:
Recompense for wages and penalties allegedly owed.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE N/A
DOCKET NUMBER N/A

DATE
May 6, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 150587    AMOUNT $350—    APPLYING IFP    JUDGE    MAG. JUDGE

05/06/08 PB

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150589    — MB**

**May 06, 2008
16:15:05**

**Civ Fil Non—Pris**
USAO #.: 08CV0821 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC344845

**Total—> $350.00**

FROM: KIRKLAND SINGER VS
      BECTON, DICKISON & COMPANY