VAN A. GOODWIN, Bar No. 095170
vgoodwin@littler.com
DENISE M. VISCONTI, Bar No. 214168
dviscont@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY and
MED-SAFE SYSTEMS, INC. (erroneously sued as
Med-Safe Systems, Inc. dba BD Medical)

FILED
08 MAY -6 PM 4:15
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc., <br><br>Plaintiff, <br><br>v. <br><br>BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 Inclusive, <br><br>Defendants. | Case No. _____ <br><br>(San Diego County Superior Court Case No. 37-2008-00080779-CU-OE-CTL) <br><br>**DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF DEFENDANTS BECTON, DICKINSON AND COMPANY'S AND MED-SAFE SYSTEM, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** |

I, Denise M. Visconti, declare as follows:

1. I am an attorney admitted to practice in the State of California and am an Associate in the law firm of Littler Mendelson, A Professional Corporation, counsel of record for Defendants BECTON, DICKINSON AND COMPANY ("BD") and MED-SAFE SYSTEMS, INC. ("Med-Safe," erroneously sued as Med-Safe Systems, Inc. dba BD Medical) (hereinafter collectively "Defendants") in this action. I make this Declaration in support of Defendants' Notice to Federal Court of Removal of Civil Action pursuant to 28 U.S.C. sections 1332(d), 1441, and 1446. All of the information set forth herein is based on my personal and first hand knowledge and if called and sworn as a witness, I could and would competently testify thereto.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF REMOVAL

2. In the Complaint filed by Plaintiff Kirkland Singer ("Plaintiff") against Defendants, Plaintiff asserts claims for himself and the putative class for (1) Failure to Provide Mandated Meal Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7; (2) Failure to Provide Mandated Rest Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7 and §512; (3) Failure to Pay Minimum Wages in Violation of Labor Code §1197; (4) Failure to Pay Overtime Wages in Violation of Labor Code §510; (5) Failure to Pay Reporting Time Wages in Violation of California I.W.C. Wage Order; (6) Illegal Vacation Policy/Failure to Pay Vacation Wages in Violation of Labor Code §227.3; (7) Failure to Pay All Wages Timely During Employment in Violation of Labor Code §204; (8) Failure to Pay Wages Within Required Time Upon Separation of Employment in Violation of §§ 202 and 202; (9) Failure to Provide and Maintain Itemized Wage Statements in Violation of §226; and (10) Violation of California Business & Professions Code section 17200, *et seq.*

3. Defendants deny all of the allegations made by Plaintiff against them. Nevertheless, for purposes of assessing the amount of monetary relief sought by the claims as alleged in Plaintiff's Complaint, I have analyzed information pertaining to Plaintiff and the alleged putative class members during the putative class period. Based upon my review of information pertaining to Plaintiff and the putative class members, and the allegations contained in Plaintiff's Complaint, I have calculated the amount in controversy by virtue of the Complaint to be as follows:

(a) On Page One of Plaintiff's Complaint, Plaintiff Claims that the *"Amount Demanded Exceeds $25,000."* Complaint, Page 1. Plaintiff also alleges that his "claims are typical of the Non-Exempt Class and Vacation Class," and that he "brings this action as a class action to recover all statutory damages, monies, and penalties due and owing for all current and former employees of [Defendants] ..." Complaint ¶ 31 and 33. Therefore, based upon these allegations, and assuming, *arguendo,* they are true for purposes of removal of this action, the amount in controversy to date by virtue of Plaintiff's claims is calculated as follows: approximately 299 putative class members (*see* Declaration of Nathan Miller ("Miller Decl.") ¶ 4(g)) x $25,000 per putative class member = $7,475,000.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

firmwide:85015873.1 045252.1087    2.    DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF REMOVAL

(b) Plaintiff's Complaint also seeks wages on behalf of himself and the putative class members for alleged daily meal periods they were not provided during their employment. Complaint ¶ 38. Section 226.7 provides for one hour of additional pay for each workday that a meal period is not provided. Plaintiff has further alleged violations of California Business & Professions Code section 17200, *et seq.* and, as a result, seeks damages and/or restitution for a period of four years. Complaint ¶ 95. Defendants deny Plaintiff's claim for meal period violations.

Nevertheless, assuming a regular work year of 250 work days, Plaintiff alleges that each employee seeks payment for one penalty hour per day for each day worked for the four years prior to the filing of the Complaint to the present. Even assuming, *arguendo*, Plaintiff and the putative class members are entitled to be paid a penalty hour for meal periods they allege they missed on 50% of the days they worked over the last 4 years, the amount in controversy for this claim to date by Plaintiff and the putative class members is calculated as follows: [(250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $10.90 x 161 employees in 2004 = 219,362.50) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $10.91 x 179 employees in 2005 = $ 244,111.25) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $12.64 x 169 employees in 2006 = $267,020) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $13.03 x 178 employees in 2007 = $289,917.50) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $13.09 x 166 employees in 2008 = $271,617.50)] = $1,292,028.75.

(c) Plaintiff's Complaint also seeks wages on behalf of himself and the putative class members for alleged twice-daily rest periods they were not provided during their employment. Complaint ¶ 49. Defendants deny this claim. Even assuming, *arguendo*, Plaintiff and the putative class members are entitled to be paid a penalty hour for rest periods they allege they missed on 50% of the days they worked over the last 4 years, the amount in controversy for this claim to date by Plaintiff and the putative class

members is calculated as follows: [(250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $10.90 x 161 employees in 2004 = 219,362.50) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $10.91 x 179 employees in 2005 = $ 244,111.25) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $12.64 x 169 employees in 2006 = $267,020) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $13.03 x 178 employees in 2007 = $289,917.50) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $13.09 x 166 employees in 2008 = $271,617.50)] = $1,292,028.75.

(d) Plaintiff's Complaint also seeks, on behalf of himself and the putative class members, overtime wages allegedly due for worked performed during the meal periods they allege they missed. Complaint ¶ 61. Defendants deny this claim. Even assuming, *arguendo*, Plaintiff and the putative class members missed their meals on 50% of the days they worked over the last 4 years, for which they are owed a half hour's pay, the amount in controversy for this claim to date by Plaintiff and the putative class members is calculated as follows: [(250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $5.45 x 161 employees in 2004 = $109,681.25) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $5.46 x 179 employees in 2005 = $ 122,167.50) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $6.32 x 169 employees in 2006 = $133,510) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $6.52 x 178 employees in 2007 = $145,070) + (250 annual work days x ½ the daily missed meal periods claimed by Plaintiff x $6.55 x 166 employees in 2008 = $135,912.50)] = $646,341.25.

(e) Plaintiff's Complaint also seeks, on behalf of himself and the putative class members, overtime wages for work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week. Complaint ¶ 61. Defendants deny this claim for overtime. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

firmwide:85015873.1 045252.1087

4.

DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF REMOVAL

members are entitled to only three additional hours of overtime wage premium each week for 50 weeks each year (250 work days a year), the amount in controversy to date for this claim is calculated as follows: [50 workweeks per year x 3 hours of overtime per employee x $5.45 x 161 employees in 2004 = $131,617.50] + [50 workweeks per year x 3 hours of overtime per employee x $5.45 x 179 employees in 2005 = $146,332.50] + [50 workweeks per year x 3 hours of overtime per employee x $6.32 x 169 employees in 2006 = $160,212] + [50 workweeks per year x 3 hours of overtime per employee x $6.51 x 178 employees in 2007 = $173,817] + [50 workweeks per year x 3 hours of overtime per employee x $6.54 x 166 employees in 2008 = $162,846] = overtime wage premium rate of $774,825.

(f) Plaintiff also seeks, for himself and the putative class members, civil penalties as a result of Defendants' alleged failure to timely pay them wages during the course of their employment as required by Labor Code section 204. Complaint ¶ 78. Because Defendants' pay periods are bi-weekly (*see* Miller Decl. ¶ 4(h)), Plaintiff seeks for himself and the putative class members civil penalties relating to 26 paychecks (assuming the statute of limitations on this claim is one year). Said penalties amount to $100 for each initial violation per employee and $200 for each subsequent violation. Defendants deny this claim. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to civil penalties as a result of their alleged failure to receive their wages in a timely fashion during the relevant statutory period, the amount in controversy for this claim is calculated as follows: [1 occurrence at $100 + 25 occurrences at $200 (which is $5,000)] x 166 employees in 2008 = $846,600.

(g) Plaintiff also seeks, for himself and the putative class members, waiting time penalties of 30 days' pay for each former employee who failed to receive all wages earned and due at termination as provided for under Labor Code section 203. Defendants deny this claim. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover waiting time penalties, the amount in controversy for this claim is calculated as follows: approximately 144 employees separated since the year prior to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

firmwide:85015873.1 045252.1087

5.

DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF REMOVAL

filing of this Complaint (*see* Miller Decl. ¶ 4(f)) x $13.09 average hourly wage rate x 8 hours per day x 30 days = $452,390.40.

(h) Plaintiff also seeks, for himself and the putative class members, reporting time pay allegedly due them as a result of them allegedly having to report to work on certain days, for which they are owed at least two hours' pay. Complaint ¶ 64. Defendants deny this claim. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover reporting time pay in the amount of two hours per month, the amount in controversy for this claim is calculated as follows [(2 hours per month x $10.90 x 12 months x 161 employees in 2004 = $42,117.60) + (2 hours per month x $10.91 x 12 months x 179 employees in 2005 = $46,869.36) + (2 hours per month x $12.64 x 12 months x 169 employees in 2006 = $51,267.80) + (2 hours per month x $13.03 x 12 months x 178 employees in 2007 = $55,664.16) + (2 hours per month x $13.09 x 12 months x 166 employees in 2008 = $52,150.56)] = $248,069.48.

(i) Plaintiff also seeks, for himself and the putative class members, vacation pay he alleged he forfeited as a result of Defendants' "use it or lose it" vacation policy. Complaint ¶ 71. Defendants deny this claim. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover vacation pay they allegedly forfeited in the amount of one vacation day per year, the amount in controversy for this claim is calculated as follows: [(8 hours for 2004 x $10.90 average hourly wage x 161 employees = $14,039.20) + (8 hours for 2005 x $10.91 average hourly wage x 179 employees = $15,623.12) + (8 hours for 2006 x $12.64 average hourly wage x 169 employees = $17,089.28) + (8 hours for 2007 x $13.03 average hourly wage x 178 employees = $18,554.72) + (8 hours for 2008 x $13.09 average hourly wage x 166 employees = $17,383.52)] = $82,689.84.

(j) Plaintiff also seeks, for himself and the putative class members, penalties under Labor Code section 226(e) for an alleged failure to provide these employees accurate wage statements from a year prior to the filing of the Complaint to the present. Because Defendants' pay periods are bi-weekly (Miller Decl. ¶ 4(g)), and the statute of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

firmwide:85015873.1 045252.1087

6.

DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF REMOVAL

limitations on this claim is one year, Plaintiff seeks penalties for 26 paychecks. Said penalties under Section 226(e) include $50 for each initial violation per employee and $100 for each subsequent violation, up to the maximum permitted by statute, which is $4,000 per employee. Defendants deny this claim. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover these penalties, the amount in controversy for this claim is calculated as follows = [1 occurrence at $50 + 25 occurrences at $100 (which is $2,500)] x 166= $423,300.

(k) In addition to the foregoing amounts, which total $6,058,273.47, Plaintiff seeks attorneys' fees pursuant to Labor Code sections 218.5 and 1194. Although Defendants deny Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages amount as an estimate of attorneys' fees.[1] Such an award of attorneys' fees would increase the amount in controversy by $1,514,568.37.

4. Based on the foregoing, the amount in controversy for Plaintiff's claims for damages, penalties, attorneys' fees and other monetary relief, calculated solely for purposes of illustration, clearly exceeds the five million dollar jurisdictional prerequisite of this Court, as required by 28 U.S.C. section 1332(d).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _6_ day of May, 2008 at San Diego, County of San Diego, State of California.

*[signature]*
DENISE M. VISCONTI

---

[1] It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g.*, Bell v. Preferred Life, 320 U.S. 238 (1943); Goldberg v. C.P.C. Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) [attorneys' fees may be taken into account to determine jurisdictional amounts]. In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

firmwide:85015873.1 045252.1087   7.   DECLARATION OF DENISE M. VISCONTI IN SUPPORT OF REMOVAL