VAN A. GOODWIN, Bar No. 095170
vgoodwin@littler.com
DENISE M. VISCONTI, Bar No. 214168
dviscont@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC. (erroneously
sued as Med-Safe Systems, Inc. d/b/a BD Medical)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. d/b/a BD MEDICAL, and DOES 1 through 10 Inclusive,<br><br>Defendant. | Case No. 08 CV 0821 IEG BLM<br><br>(San Diego County Superior Court Case No. 37-2008-00080779-CU-OE-CTL)<br><br>**NOTICE TO PLAINTIFF AND COUNSEL OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(d), 1441, and 1446**<br><br>**Class Action Fairness Act**<br><br>Action Filed: March 28, 2008 |

TO PLAINTIFF KIRKLAND SINGER AND HIS ATTORNEYS OF RECORD KIRK D. HANSON AND DIANE E. RICHARD:

PLEASE TAKE NOTICE that on May 6, 2008, Defendants BECTON, DICKINSON AND COMPANY and MED-SAFE SYSTEMS, INC. (erroneously sued as MED-SAFE SYSTEMS, INC. d/b/a BD MEDICAL) filed a Notice of Removal of Civil Action in the United States District Court for the Southern District of California, a copy of which is attached hereto, and on May 8, 2008, filed in the Superior Court of the State of California a Notice to State Court of Removal of Civil Action to

DEFENDANTS' NOTICE TO PLAINTIFF AND COUNSEL OF REMOVAL

1 Federal Court, together with a copy of the Notice of Removal. A copy of that Notice to State Court
2 is also attached hereto.

3 DATED: May 12, 2008

LITTLER MENDELSON
A Professional Corporation

By: _____
DENISE M. VISCONTI

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:85056415.1 045252.1087

2.

DEFENDANTS' NOTICE TO PLAINTIFF AND COUNSEL OF REMOVAL

1  VAN A. GOODWIN, Bar No. 095170
   vgoodwin@littler.com
2  DENISE M. VISCONTI, Bar No. 214168
   dviscont@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
5  Telephone: 619.232.0441
   Facsimile: 619.232.4302
6
   Attorneys for Defendants
7  BECTON, DICKINSON AND COMPANY
   and MED-SAFE SYSTEMS, INC. (erroneously
8  sued as Med-Safe Systems, Inc. d/b/a BD Medical)

FILED
08 MAY -6 PM 4:14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc., | Case No. **'08 CV 0821 IEG BLM** |
|---|---|
| Plaintiff, | (San Diego County Superior Court Case No. 37-2008-00080779-CU-OE-CTL) |
| v. | **DEFENDANTS BECTON, DICKINSON AND COMPANY AND MED-SAFE SYSTEMS, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441 and 1446** |
| BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 Inclusive, | |
| Defendants. | **Class Action Fairness Act** |
| | Action Filed: March 28, 2008 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendants BECTON, DICKINSON AND COMPANY and MED-SAFE SYSTEMS, INC. (erroneously sued as Med-Safe Systems, Inc. d/b/a BD Medical) (collectively hereinafter referred to as "Defendants") hereby effect the removal of the state action described herein from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. Removal is based on 28 U.S.C. sections 1332(d) (The Class Action Fairness Act), 1441(b), and 1446 on the following grounds:

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act"), which was enacted on February 18, 2005. *See* 28 U.S.C. section 1332(d). In relevant part, the Act grants district courts original jurisdiction over civil class actions filed under federal or State law in which any member of a class of plaintiffs is a citizen of a State different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. The Act authorizes removal of such actions pursuant to 28 U.S.C. section 1446. All Defendants consent to removal. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS AND ORDERS

2. On or about March 27, 2008, Plaintiff Kirkland Singer (hereinafter referred to as "Plaintiff") commenced this action against Defendants in the Superior Court of the State of California, County of San Diego, entitled <u>Kirkland Singer, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc. v. Becton, Dickinson and Company, Med-Safe Systems, Inc. d/b/a BD Medical and DOES 1 through 10, inclusive</u>, Case No. 37-2008-00080779-CU-OE-CTL (hereinafter "Complaint").

3. Plaintiff's Complaint asserts ten (10) causes of action for: (1) failure to provide mandated meal periods; (2) failure to provide mandated rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay reporting time wages; (6) illegal vacation policy/failure to pay vacation wages; (7) failure to timely pay regular wages; (8) failure to pay timely wages upon separation of employment; (9) failure to provide itemized wage statements; and (10) unfair competition in violation of California Business and Professions Code section 17200, *et seq.*

4. Defendants' agent for service of process was served with a copy of the Summons and Complaint on April 7, 2008. Copies of the Summons, Complaint, Stipulation/Order to Use of Alternative Dispute Resolution Process, Notice to Litigants/ADR Information Package, and Notice of Case Assignment from the state court are attached hereto as Exhibit "A." Exhibit "A" constitutes all of the papers received by Defendants in the State court action.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

5. Section 4 of the Class Action Fairness Act of 2005 [28 U.S.C. section 1332(d)(2)],[1] as amended, provides in relevant part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ...
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendants pursuant to 28 U.S.C. sections 1441(b) and 1446, as outlined more fully below:

### PURPORTED CLASS ACTION UNDER STATE LAW

7. This action has been styled as a class action pursuant to California Code of Civil Procedure section 382. Complaint ¶¶ 31-42. California Code of Civil Procedure section 382 is a State statute authorizing an action to be brought by one or more representative persons as a class action.

### CITIZENSHIP

8. During Plaintiff's alleged employment with Becton Dickinson and Company ("BD") and/or Med-Safe Systems, Inc. ("Med-Safe"), Plaintiff was employed in and worked in the State of California, County of San Diego. Complaint ¶ 4. Plaintiff's last known residence address is located in Carlsbad, California. *See* Declaration of Nathan Miller ("Miller Decl.") ¶ 3. Further, Defendants are informed and believe, and on that basis allege, that Plaintiff currently resides in Carlsbad, California. Therefore, Plaintiff is a citizen of the State of California. See 28 U.S.C. § 1332(a)(1) [an individual is a citizen of the state in which he or she is domiciled]; State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) [residence is prima facie evidence of domicile for purposes of determining citizenship].

---

[1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them are applicable to this action.

9.  Plaintiff seeks to represent similarly situated California employees who currently or previously worked for Defendants. Complaint ¶ 3.

10. Defendant BD was, at the time of the filing of the action, and remains incorporated in the State of New Jersey. *See* Declaration of Gary DeFazio ("DeFazio Decl.") ¶ 2. BD's principal place of business is in the State of New Jersey, where the majority of its primary administrative functions, including Human Resources and Payroll, are performed. *Id.* Further, BD is licensed and does business in every state as well as the District of Columbia. BD has employees scattered throughout the United States, with no State having a significant majority of concentration of employees. *Id.* As a result, BD's principal place of business is in New Jersey. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 497 (9th Cir. 2001) [State where most of the corporation's physical operations are located typically is considered its principal place of business]; Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D. N.Y. 1959) [location of corporation's executive and administrative functions is corporation's "nerve center" and principal place of business]. Therefore, BD is not a citizen of the State of California but, rather, is a citizen of New Jersey for the purpose of determining jurisdiction. Plaintiff, who is a member of the putative class, is a citizen of a State different from BD.

11. Defendant Med-Safe was, at the time of the filing of the action, and remains, incorporated in the State of California. *See* Miller Decl. ¶ 2. Med-Safe's principal place of business is in the State of California, where its primary manufacturing operations are located. *Id.* Med-Safe is a citizen of the State of California for the purpose of determining jurisdiction. Tosco Corp., *supra*, 236 F.3d at 497.

12. Defendants Does 1 through 10, inclusive, are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants nor does it set forth any charging allegation against any fictitious defendants. Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

///

13. Plaintiff, who is a member of the putative class of plaintiffs, alleges he was employed by Defendants, or at least one of them, and resided in the State of California. Plaintiff, therefore, is a citizen of a State different from at least one Defendant, BD.

## AMOUNT IN CONTROVERSY

14. Plaintiff's Complaint is silent as to the total amount in controversy. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of jurisdiction. *See* <u>White v. J.C. Penny Life Ins. Co.</u>, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) [defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim"]. Defendant needs only to establish by a *preponderance of evidence* that Plaintiffs' claims exceed the jurisdictional minimum. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996); <u>Singer v. State Farm Mutual Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997).

15. Notwithstanding Plaintiff's failure to allege the total amount of monetary relief claimed, the Class Action Fairness Act authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds Five Million Dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). Defendants deny Plaintiff's claims of wrongdoing and his requests for relief thereon. Nonetheless, assuming as true, solely for purposes of removal of this action, the facial allegations in Plaintiff's Complaint, the total amount of wages, penalties, interest, attorneys' fees and other monetary relief at issue in this action is well in excess of this Court's jurisdictional minimum, <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999) [facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied], calculated as follows:

    (a) Plaintiff asserts claims for himself and the putative class for (1) Failure to Provide Mandated Meal Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7; (2) Failure to Provide Mandated Rest Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7 and §512; (3) Failure to Pay Minimum Wages in Violation of Labor Code §1197; (4) Failure to Pay

Overtime Wages in Violation of Labor Code §510; (5) Failure to Pay Reporting Time Wages in Violation of California I.W.C. Wage Order; (6) Illegal Vacation Policy/Failure to Pay Vacation Wages in Violation of Labor Code §227.3; (7) Failure to Pay All Wages Timely During Employment in Violation of Labor Code §204; (8) Failure to Pay Wages Within Required Time Upon Separation of Employment in Violation of §§ 202 and 202; (9) Failure to Provide and Maintain Itemized Wage Statements in Violation of §226; and (10) Violation of California Business & Professions Code section 17200, *et seq.*

(b) Plaintiff defines the class he seeks to represent as "all current and former non-exempt employees employed by Becton, Dickinson and Company and/or Med-Safe Systems, Inc. in California at any time *within the applicable limitations period* who were denied rest breaks, meal breaks....." Complaint ¶ 32; thus, the purported class period runs from approximately March 28, 2004, to the present.

(c) On Page one of his Complaint, Plaintiff Claims that the *"Amount Demanded Exceeds $25,000."* Complaint, page 1. Plaintiff also alleges that his "claims are typical of the Non-Exempt Class and Vacation Class." Complaint ¶¶ 31 and 33. Defendants deny Plaintiff's allegation that the amount in controversy exceeds $25,000 for Plaintiff and/or the putative class members. Nevertheless, based on Plaintiff's allegations that he seeks $25,000 on behalf of himself, and that his claims are typical of the other putative class members he purports to represent, the amount in controversy exceeds $5 million. Visconti Decl. ¶ 3(a).

(d) Alternatively, in looking at Plaintiff's individual allegations, Plaintiff's Complaint seeks wages on behalf of himself and the putative class members for alleged meal period violations. Complaint ¶ 38. Section 226.7 provides for one hour of additional pay for each workday that a meal period is not provided. Plaintiff has further alleged violations of California Business & Professions Code section 17200, *et seq.* based on Defendants' alleged conduct, and Plaintiff seeks damages and/or restitution for a period of four years. Complaint ¶ 95. Defendants deny

Plaintiff's claims. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to be paid a penalty hour for the meal periods they allegedly missed on merely 50% of the days they worked over the last 4 years, the amount potentially in controversy for this claim is $1,292,028.75. Visconti Decl. ¶ 3(b).

(e) Plaintiff's Complaint also seeks wages on behalf of himself and the putative class members for alleged rest period violations. Complaint ¶ 49. Defendants deny this claim of alleged rest period violations. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to be paid a penalty hour for the rest periods they allegedly missed on merely 50% of the days they worked over the last 4 years, the amount potentially in controversy for this claim is $1,292,028.75. Visconti Decl. ¶ 3(c).

(f) Plaintiff's Complaint also seeks, on behalf of himself and the putative class members, overtime wages allegedly due for work performed during a meal period, and work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week. Complaint ¶ 61. Defendants deny this claim for overtime. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to be paid for the meal periods they allege they missed, as well as three additional hours of overtime wage premium each week, the amount in controversy for this claim is $1,421,166.25. Visconti Decl. ¶ 3(d) and (e).

(g) Plaintiff also seeks, for himself and the putative class members, civil penalties as a result of Defendants' alleged failure to timely pay them wages during the course of their employment as required by Labor Code section 204. Complaint ¶ 78. Defendants deny this claim for penalties. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to civil penalties for their alleged failure to receive their wages in a timely fashion during the relevant

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

firmwide:85015141.1 045252.1087

7.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

statutory period, the amount in controversy for this claim is $846,600. Visconti Decl. ¶ 3(f).

(h) Plaintiff also seeks, for himself and the putative class members, waiting time penalties of 30 days' pay for each former employee who failed to receive all wages earned and due at termination as provided for under Labor Code section 203. Defendants deny this claim for waiting time penalties. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover waiting time penalties, the amount in controversy for this claim is $452,390.40. Visconti Decl. ¶ 3(g).

(i) Plaintiff also seeks, for himself and the putative class members, reporting time pay allegedly due them as a result of them allegedly having to report to work on certain days, for which they are owed at least two hours' pay. Complaint ¶ 64. Defendants deny this claim for reporting time pay. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover reporting time pay in the amount of two hours per month, the amount in controversy for this claim is $248,069.48. Visconti Decl. ¶ 3(h).

(j) Plaintiff also seeks, for himself and the putative class members, vacation pay he alleged he forfeited as a result of Defendants' "use it or lose it" vacation policy. Complaint ¶ 71. Defendants deny this claim for forfeited vacation pay. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover vacation pay they allegedly forfeited in the amount of one vacation day per year, the amount in controversy for this claim is $82,689.84. Visconti Decl. ¶ 3(i).

(k) Plaintiff also seeks, for himself and the putative class members, penalties under Labor Code section 226(e) for an alleged failure to provide these employees accurate wage statements from a year prior to the filing of the Complaint to the present. Defendants deny this claim for penalties. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recover these

1                  penalties, the amount in controversy for this claim is $423,300. Visconti Decl.
2                  ¶ 3(j).

       (l)    In addition to the foregoing amounts, which total $6,058,273.47, Plaintiff seeks attorneys' fees pursuant to Labor Code sections 218.5, and 1194. Although Defendants deny Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages amount as an estimate of attorneys' fees.[2] Such an award of attorneys' fees would increase the amount in controversy by $1,514,568.37. Visconti Decl. ¶ 3(k).

       (m)    Based on the foregoing, the amount in controversy for Plaintiff's claims for damages, penalties, attorney's fees and other monetary relief, calculated solely for purposes of illustration, clearly exceeds the five million dollar jurisdictional prerequisite of this Court, as required by 28 U.S.C. section 1332(d). Visconti Decl. ¶¶ 3-4.

16.    The preponderance of the evidence is that the amount sought by the facial allegations of Plaintiff's Complaint is greater than the jurisdictional amount of Five Million Dollars required by the Act.

17.    As a result, although Defendants deny Plaintiff's claims of wrongdoing and his requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint and assuming, *arguendo*, Plaintiff and the putative class members he seeks to represent were able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the other class members is in excess of five million dollars, exclusive of interest and costs, plus attorney's fees. Thus, removal of this action under the Act is appropriate.

///

///

---

[2] It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g.*, Bell v. Preferred Life, 320 U.S. 238 (1943); Goldberg v. C.P.C. Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) [attorneys' fees may be taken into account to determine jurisdictional amounts]. In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement.

## TIMELINESS OF REMOVAL

18. This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first receipt of the Summons and Complaint, on or about April 7, 2008, and within one year of the filing of the Complaint on March 27, 2008.

## NOTICE TO PLAINTIFF

19. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Kirk D. Hanson and Diane E. Richard. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for San Diego County Superior Court.

WHEREFORE, Defendants BECTON, DICKINSON AND COMPANY and MED-SAFE SYSTEMS, INC. hereby remove the civil action against it in the Superior Court of the State of California, County of San Diego, to this Honorable District Court.

DATED: May 6, 2008

LITTLER MENDELSON
A Professional Corporation

By: _____
DENISE M. VISCONTI

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC.

firmwide:85015141.1 045252.1087

10.   NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1  DENISE M. VISCONTI, Bar No. 214168
   VAN A. GOODWIN, Bar No. 095170
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
4  Telephone:   619.232.0441
   Facsimile:   619.232.4302
5
   Attorneys for Defendants
6  BECTON, DICKINSON AND COMPANY
   and MED-SAFE SYSTEMS, INC. (erroneously
7  sued as Med-Safe Systems, Inc. d/b/a BD Medical)

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                         COUNTY OF SAN DIEGO
10

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 Inclusive, <br><br> Defendant. | Case No. 37-2008-00080779-CU-OE-CTL <br><br> **NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION** <br><br> Dept: C-68 <br><br> Trial Date: None set <br> Complaint Filed: March 28, 2008 <br> USDC Case No. 08 CV 0821 IEG BLM |

19  TO THE CLERK OF THE SAN DIEGO COUNTY SUPERIOR COURT, PLAINTIFF AND HIS
20  ATTORNEYS OF RECORD:
21       PLEASE TAKE NOTICE that on May 6, 2008, Defendants BECTON, DICKINSON AND
22  COMPANY and MED-SAFE SYSTEMS, INC. (erroneously sued as MED-SAFE SYSTEMS, INC.
23  d/b/a BD MEDICAL)(hereinafter collectively "Defendants"), by and through their attorneys, Van A.
24  Goodwin and Denise M. Visconti of Littler Mendelson, P.C., filed a Notice to Federal Court of
25  Removal of Civil Action from State Court ("Notice") in the United States District Court for the
26  Southern District of California, a conformed copy of which is attached hereto as Exhibit "1."
27  / / /
28  / / /

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619 232 0441

Firmwide:85014807.1 045252.1087

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL

PLEASE TAKE FURTHER NOTICE that, by the filing of such Notice and by the filing herein of this Notice to State Court and All Adverse Parties of Removal to Federal Court, the above-entitled action has been removed from this Court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332(d), 1441 and 1446 and the Court may proceed no further unless and until the case is remanded.

DATED: May 8, 2008

Respectfully submitted,

LITTLER MENDELSON
A Professional Corporation

By: _____
DENISE M. VISCONTI

Attorneys for Defendant
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC.

## PROOF OF SERVICE BY MAIL

I am employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 12, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

1. **NOTICE TO PLAINTIFF AND COUNSEL OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446**

in a sealed envelope, postage fully paid, addressed as follows:

Kirk D. Hanson, Esq.           Attorneys for Plaintiff
Diane E. Richard, Esq.
GRACE HOLLIS LOWE HANSON
& SCHAEFFER LLP
3555 Fifth Avenue, Suite 100
San Diego, CA 92103
Phone: (619) 692-0800
Fax: (619) 692-0822

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 12, 2008, at San Diego, California.

_____
Loriann L. Christy

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

(No. 08CV 0821 IEG BLM )
Firmwide:85176204.1 045252.1087