VAN A. GOODWIN, Bar No. 095170
vgoodwin@littler.com
DENISE M. VISCONTI, Bar No. 214168
dvisconti@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
Telephone: (619) 232-0441
Facsimile: (619) 232-4302

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC. (erroneously
sued as Med-Safe Systems, Inc. d/b/a BD Medical)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 Inclusive, <br><br> Defendant. | Case No. 08cv0821 IEG (BLM) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT** <br><br> Date: June 23, 2008 <br> Time: 10:30 a.m. <br> Courtroom: 1 |

FIRMWIDE:85103774.2 045252.1087

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................................................................1

II. DISCUSSION .....................................................................................................................2

    A. The Court Should Dismiss with Prejudice Plaintiff's Seventh and Ninth Causes of Actions ........................................................................................2

        1. Legal Standard for 12(b)(6) Motions to Dismiss.............................................2

        2. Plaintiff's Seventh and Ninth Causes of Action Against Defendants are Barred By the Statute of Limitations and Should be Dismissed With Prejudice .........................................................................3

            a. Plaintiff's Seventh Cause of Action is Barred by the One-Year Limitations Period Applicable to This Cause of Action........................3

            b. Plaintiff's Ninth Cause of Action Should be Dismissed Based Upon California Code of Civil Procedure Section 340(a)....................4

    B. Plaintiff's PAGA Allegations and Prayer for Relief for PAGA Civil Penalties Must be Stricken Because They are Time-Barred. .......................................................5

        1. Legal Standard for a 12(f) Motion to Strike ....................................................5

        2. Plaintiff's Allegations for Civil Penalties and Liquidated Damages Should Be Stricken from His Complaint..........................................................6

            a. Plaintiff's Request for Civil Penalties Under Labor Code Sections 226.3 and 558 are Barred By the One-Year Limitations Period Applicable to This Type of Relief .........................6

            b. Plaintiff's Request for Liquidated Damages Under Labor Code Section 1194.2 is Barred Under California Code of Civil Procedure Section 340(a)...........................................................7

        3. Plaintiff's PAGA Claim is Immaterial and Impertinent and Should Be Stricken from Plaintiff's Complaint .............................................................8

III. CONCLUSION ...............................................................................................................10

# TABLE OF AUTHORITIES

**PAGE**

## CASES

Balistreri v. Pacifica Police Dep't,
 901 F.2d 696 (9th Cir. 1988).................................................................................3

Blackwell v. SkyWest Airlines, Inc.
 245 F.R.D. 453 (S.D. Ca. 2007)............................................................................4

Caliber Bodyworks, Inc. v. Superior Court
 134 Cal. App. 4th 365 (2005)............................................................................8, 9

County of Los Angeles v. Ballerino
 99 Cal. 593 (1893).................................................................................................7

County of San Diego v. Milotz
 46 Cal. 2d 761 (1956)............................................................................................7

De Simas v. Big Lots Stores, Inc.
 No. C06-6614, 2007 U.S. Dist. LEXIS 19257, 2007 WL 686638, at *3-4 (N.D. Cal. March 2, 2007).................................................................................................9

Fantasy, Inc. v. Fogarty
 984 F.2d 1524 (9th Cir. 1993).....................................................................5, 7, 8, 9

Fogarty v. Fantasy, Inc.
 510 U.S. 517 (1994)..............................................................................................5

Haddock v. Board of Dental Examiners of Calif.
 777 F.2d 462 (9th Cir. 1985).................................................................................2

Moreno v. Autozone
 No. C05-04432, 2007 U.S. Dist. LEXIS 43873, 2007 WL 1650942, at *2-4 (N.D. Cal. June 5, 2007)...................................................................................................9

Murphy v. Kenneth Cole
 40 Cal. 4th 1094 (2007).........................................................................................7

Navarro v. Block,
 250 F.3d 729 (9th Cir. 2001).................................................................................2

Prudential Home Mortgage Co. v. Superior Court
 66 Cal. App. 4th 1236 (1998)................................................................................7

Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.
 806 F.2d 1393 (9th Cir. 1986)...............................................................................3

Thomas v. Home Depot USA, Inc.
 527 F.Supp.2d 1003 (N.D. Ca. 2007).................................................................8, 9

Transphase Sys., Inc. v. Southern Ca. Edison Co.
 839 F. Supp. 711 (C.D. Cal. 1993)........................................................................3

## STATUTES

California Business & Professions Code
 Section 17200........................................................................................................1

California Code of Civil Procedure
 Section 340(a)..........................................................................................4, 6, 7, 8, 9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

California Labor Code
- Section 1194.2 .................................................................................................. 2, 6, 7, 8
- Section 1197 ............................................................................................................... 1
- Section 201 ................................................................................................................. 1
- Section 202 ................................................................................................................. 1
- Section 204 ............................................................................................................. 1, 3
- Section 210 ................................................................................................................. 3
- Section 226 ................................................................................................................. 1
- Section 226(a) ............................................................................................................ 4
- Section 226(e) ............................................................................................................ 4
- Section 226.3 ..................................................................................................... 2, 6, 8
- Section 226.7 ............................................................................................................. 1
- Section 227.3 ............................................................................................................. 1
- Section 2699 ........................................................................................................... 1, 8
- Section 2699(a) .......................................................................................................... 8
- Section 510 ................................................................................................................. 1
- Section 512 ................................................................................................................. 1
- Section 558 ........................................................................................................ 2, 6, 8

## OTHER AUTHORITIES

5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D (1990)
  SECTION 1382, at 706-707 .......................................................................................... 5
California I.W.C. Wage Order ........................................................................................... 1
Private Attorneys General Act ........................................................................ 1, 2, 5, 8, 9, 10

## RULES

Federal Rules of Civil Procedure
  Rule 12(b)(6) ............................................................................................................... 2

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Defendants BECTON, DICKINSON AND COMPANY ("BD") and MED-SAFE SYSTEMS, INC. ("Med-Safe") (hereinafter collectively referred to as "Defendants") submit the following memorandum of points and authorities in support of their Motion to Dismiss the seventh and ninth causes of action and Motion to Strike allegations for civil penalties, including those sought under Labor Code section 2699, the "Private Attorneys General Act" ("PAGA"), in the Complaint filed by Plaintiff KIRKLAND SINGER ("Plaintiff) in the above-captioned action.

## I.
## INTRODUCTION

On or about March 28, 2008, Plaintiff Kirkland Singer (hereinafter referred to as "Plaintiff") commenced this action against Defendants in the Superior Court of the State of California, County of San Diego, entitled <u>Kirkland Singer, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc. v. Becton, Dickinson and Company, Med-Safe Systems, Inc. dba BD Medical and DOES 1 through 10, inclusive.</u> *See* Defendants' Request for Judicial Notice, Ex. A, filed herewith (hereinafter "Complaint"). On May 6, 2008, Defendants timely removed the action to this Court.

The Complaint alleges ten causes of action for: (1) Failure to Provide Mandated Meal Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7; (2) Failure to Provide Mandated Rest Periods in Violation of California I.W.C. Wage Order and Labor Code § 226.7 and §512; (3) Failure to Pay Minimum Wages in Violation of Labor Code §1197; (4) Failure to Pay Overtime Wages in Violation of Labor Code §510; (5) Failure to Pay Reporting Time Wages in Violation of California I.W.C. Wage Order; (6) Illegal Vacation Policy/Failure to Pay Vacation Wages in Violation of Labor Code §227.3; (7) Failure to Pay All Wages Timely During Employment in Violation of Labor Code §204; (8) Failure to Pay Wages Within Required Time Upon Separation of Employment in Violation of Labor Code §§ 201 and 202; (9) Failure to Provide and Maintain Itemized Wage Statements in Violation of Labor Code §226; and (10) Violation of California Business & Professions Code section 17200, *et seq.* By virtue of these causes of action, Plaintiff seeks to recover various forms of relief from Defendants, including penalties and liquidated damages.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff purports to bring this action as a class action on behalf of himself and other current and former California employees of Defendants BD and/or Med-Safe, to whom Plaintiff collectively refers as "BD" throughout his Complaint. *See* Complaint ¶¶ 1 and 31. In addition, Plaintiff alleges that he and the other current and former employees of Defendants are "aggrieved employees" under the PAGA; Plaintiff seeks to pursue penalties, attorneys' fees and other monies allegedly due under the PAGA from Defendants on behalf of himself and other employees. *Id.* ¶¶ 11, 30.

As demonstrated more fully hereinbelow, Plaintiff's seventh cause of action for Defendants' purported failure to timely pay all wages and ninth cause of action for Defendants' purported failure to provide and maintain itemized wage statements are barred because Plaintiff neglected to file his Complaint within the one-year statute of limitations applicable to such claims. Likewise, Plaintiff's request for civil penalties and liquidated damages pursuant to the California Labor Code, including Labor Code sections 226.3, 558, and 1194.2, are barred by Plaintiff's failure to timely file his Complaint within the one-year limitations period applicable to such forms of relief; such allegations, therefore, should be stricken from Plaintiff's Complaint. Finally, Plaintiff's request for civil penalties, attorneys' fees, and other monies under the PAGA is subject to a one-year statute of limitations; because Plaintiff failed to file his Complaint within the one-year limitations period applicable to his PAGA claim, this Court also must strike the PAGA allegations set forth on page 7 of Plaintiff's Complaint and alleged in Paragraphs 3 and 6 of his Prayer for Relief.

## II.
## DISCUSSION

**A.  The Court Should Dismiss with Prejudice Plaintiff's Seventh and Ninth Causes of Actions.**

### 1.  Legal Standard for 12(b)(6) Motions to Dismiss.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims stated in a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. Haddock v. Board of Dental Examiners of Calif., 777 F.2d 462, 464 (9th Cir. 1985). The court, however, need not accept as true conclusory allegations or legal characterizations,

/ / /

nor need it accept unreasonable inferences or unwarranted deductions of fact. *See* Transphase Sys., Inc. v. Southern Ca. Edison Co., 839 F. Supp. 711, 717 (C.D. Cal. 1993).

A dismissal pursuant to Rule 12(b)(6) is appropriate where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Moreover, a dismissal without leave to amend is proper if a complaint discloses that the action is barred by the statute of limitations. Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986) [leave to amend should be denied if the court determines that any amendment to "the challenged pleading could not possibly cure the deficiency"].

As demonstrated below, Plaintiff's seventh and ninth causes of action are insufficient under these standards to survive a motion to dismiss.

**2.    Plaintiff's Seventh and Ninth Causes of Action Against Defendants are Barred By the Statute of Limitations and Should be Dismissed With Prejudice.**

In support of his seventh cause of action for failure to timely pay wages and his ninth cause of action for failure to provide itemized wage statements, Plaintiff alleges the following facts:

- Plaintiff, Singer, commenced employment with BD, a medical technology company, on or about February 23, 2004. *See* Complaint ¶ 15.

- Singer's employment with BD ended on or about March 1, 2007. *Id.* ¶ 16.

On March 28, 2008 – well over one year after Plaintiff's employment ended – Plaintiff filed the Complaint that was subsequently removed to this Court. *See* Complaint, p. 1.

    **a.    *Plaintiff's Seventh Cause of Action is Barred by the One-Year Limitations Period Applicable to This Cause of Action.***

Plaintiff's seventh cause of action alleges Defendants failed to pay him and other non-exempt employees all wages due during their employment in a timely manner, as required by California Labor Code section 204. *See* Complaint ¶¶ 76-79. Under California law, the remedy when an employer purportedly fails to pay wages in a timely manner, as required by Labor Code section 204, is found under Labor Code section 210. *See* Cal. Labor Code § 210 ["every person who fails to pay the wages of each employee as provided in Section[] 204 ... shall be subject to a **civil penalty**"].

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

3

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Claims for civil penalties – including the claims brought by Plaintiff pursuant to California Labor Code sections 204 and 210 – must be brought within the one-year limitations period provided for under California law. *See* Cal. Code Civ. Proc. 340(a) [one-year statute of limitations applies to actions upon a statute for a "penalty or forfeiture"].

Here, Plaintiff alleges his employment with Defendants ended on or about March 1, 2007. *See* Complaint ¶ 16. Therefore, he was required to file his claim for civil penalties under Labor Code sections 204 and 210 **on or before March 1, 2008**. Code Civ. Proc. 340(a). Because Plaintiff did not file his Complaint in this matter until **March 28, 2008** – at least one year and twenty-seven days after the date his employment with Defendants ended – his seventh cause of action, based upon California Labor Code sections 204 and 210, is barred by the one-year limitations period provided for under Code of Civil Procedure section 340(a). Thus, the seventh cause of action should be dismissed from this action.

    b. ***Plaintiff's Ninth Cause of Action Should be Dismissed Based Upon California Code of Civil Procedure Section 340(a).***

Plaintiff's ninth cause of action alleges Defendants failed to provide and maintain itemized wage statements in violation of California Labor Code section 226(a), for which penalties under Labor Code section 226(e) are due. *See* Complaint ¶¶ 88, 91. Pursuant to the California Labor Code, an employee proceeding on a cause of action under Section 226(a) may be entitled to recover:

> as a result of a knowing and intentional failure by an employer to comply with subdivision (a) ... the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred ($100) per employee for each violation in a subsequent pay period, **not exceeding an aggregate penalty** of four thousand ($4,000) ...

Cal. Labor Code § 226(e). Hence, as with Plaintiff's seventh cause of action, his ninth cause of action for Defendants' alleged violation of Labor Code sections 226(a) and 226(e) – for which he seeks to recover penalties – are governed by the one-year statute of limitations specified in Code of Civil Procedure section 340(a). *See* Cal. Code Civ. Proc. 340(a). *See also* <u>Blackwell v. SkyWest Airlines, Inc.</u>, 245 F.R.D. 453, 462 (S.D. Ca. 2007) [recovery under Section 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under Cal. Code Civ. Proc. § 340(a)].

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

4

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

In his Complaint, Plaintiff states his employment with Defendants ended on or about March 1, 2007, see Complaint ¶ 16, which required him to file his Complaint for any alleged violations of California Labor Code section 226(a) **on or before March 1, 2008**. See Cal. Code Civ. Proc. 340(a). Because Plaintiff did not file his Complaint until **March 28, 2008** – one year and twenty-seven days after the date his employment with Defendants ended – his claim for relief pursuant to Labor Code section 226(a) is barred by the one-year limitations period applicable to this claim.

Accordingly, this Court should dismiss Plaintiff's seventh and ninth causes of action, as both causes of action are time-barred. Moreover, both causes of action should be dismissed with prejudice, since any amendment to the Complaint will not render these causes of action timely.

### B. Plaintiff's PAGA Allegations and Prayer for Relief for PAGA Civil Penalties Must be Stricken Because They are Time-Barred.

#### 1. Legal Standard for a 12(f) Motion to Strike.

Rule 12(f) provides that a court "may order stricken from any pleading … any redundant, immaterial, impertinent or scandalous matter." The function of a Rule 12(f) motion is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing with those issues prior to trial. Fantasy, Inc. v. Fogarty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* in Fogarty v. Fantasy, Inc., 510 U.S. 517 (1994).

A matter is "immaterial" if it has no essential or important relationship to the claim for relief. Fantasy, Inc., 984 F.2d at 1527 [*citing* 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1382, at 706-707 (1990)]. An "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* [*citing* 5 Wright & Miller § 1382, at 711]. If proof regarding an allegation in a pleading cannot be received at trial, most notably because it is barred by the applicable limitations period, the matter is immaterial and impertinent within the meaning of Rule 12(f). *Id.* at 1528 [when the statute of limitations prevents proof of allegations, the allegations are properly stricken]. As demonstrated below, Plaintiff's request for civil penalties and liquidated damages under the Labor Code, as well as his allegations to proceed with a "representative action" and recover civil penalties and attorneys' fees under the PAGA, are insufficient under these standards to survive a motion to strike.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

5

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### 2. Plaintiff's Allegations for Civil Penalties and Liquidated Damages Should Be Stricken from His Complaint.

Throughout his Complaint, Plaintiff alleges that he seeks to recover "penalties" and "liquidated damages" as provided for under various provisions of the California Labor Code, including Sections 226.3, 558, and 1194.2. *See* Complaint ¶ 3, 12, 28, 57; Prayer for Relief ¶ 4. Because each of these Sections of the Labor Code is governed by the one-year statute of limitations specified in Code of Civil Procedure section 340(a), these allegations and requests for relief must be stricken from his Complaint.

#### a. *Plaintiff's Request for Civil Penalties Under Labor Code Sections 226.3 and 558 are Barred By the One-Year Limitations Period Applicable to This Type of Relief.*

Plaintiff alleges in his Complaint that he is seeking to recover from Defendants civil penalties pursuant to California Labor Code sections 226.3 and 558. *See* Complaint ¶ 3, 12, 28. Labor Code section 226.3 provides in pertinent part as follows:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a **civil penalty** in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation ...

Labor Code § 226.3. Similarly, Labor Code section 558(a) provides:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a **civil penalty** as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

Labor Code § 558. Such request for civil penalties under Sections 226.3 and 558 is governed by the one-year limitations period specified in Code of Civil Procedure section 340(a). *See* Cal. Code Civ. Proc. 340(a) [imposing a one-year limitations period upon any "action upon a statute for a penalty or forfeiture"].

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

6

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Based upon Code of Civil Procedure section 340(a), Plaintiff was required to seek any civil penalties allegedly due him under Sections 226.3 and 558 **on or before March 1, 2008.** *Id.* His failure to file his Complaint in this matter for such penalties until **March 28, 2008,** necessarily bars his request for civil penalties under Sections 226.3 and 558. Therefore, his allegations pertaining to such penalties must be stricken from the Complaint as immaterial and impertinent. Fantasy, Inc., 984 F.2d at 1528 [allegations properly stricken from complaint as immaterial and impertinent when allegations were barred by the statute of limitations].

      b.    *Plaintiff's Request for Liquidated Damages Under Labor Code Section 1194.2 is Barred Under California Code of Civil Procedure Section 340(a).*

Plaintiff alleges in his Complaint a request for liquidated damages pursuant to California Labor Code section 1194.2. *See* Complaint ¶ 3, 57; Prayer for Relief ¶ 4. Under Labor Code section 1194.2:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover **liquidated damages in an amount equal to the wages unlawfully unpaid** and interest thereon.

Labor Code § 1194.2.

California's Labor Code defines a penalty as that "which an individual is allowed to recover against a wrong-doer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained ...." Murphy v. Kenneth Cole, 40 Cal. 4th 1094, 1104 (2007) [*citing* County of Los Angeles v. Ballerino, 99 Cal. 593, 596 (1893) *and* County of San Diego v. Milotz, 46 Cal. 2d 761, 766 (1956)]. Indeed, as the California Supreme Court has noted, penalties provide for "'recovery of damages additional to actual losses incurred, such as double or treble damages ....'" Murphy, *supra,* at 1104 [*citing* Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236, 1242 (1998)].

Since Plaintiff's request for liquidated damages under Labor Code section 1194.2 is a request for double damages, it clearly is governed by the one-year limitations period specified in Code of Civil Procedure section 340(a). *See* Cal. Code Civ. Proc. 340(a). Therefore, as demonstrated above, Plaintiff was required to seek the "liquidated damages" allegedly due him under Section 1194.2 **on**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

7

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

or before **March 1, 2008**. *Id.* Plaintiff's failure to file his Complaint until **March 28, 2008**, which is twenty-seven days after the limitations on this claim ran, is fatal to his allegations under Section 1194.2. Hence, Plaintiff's request for liquidated damages under Section 1194.2 necessarily must be stricken from his Complaint. Fantasy, Inc., *supra*, 984 F.2d at 1528.

Accordingly, Plaintiff's allegations pertaining to his entitlement to "civil penalties" as provided for under California Labor Code sections 226.3 and 558, and his allegations pertaining to "liquidated damages" as provided for under California Labor Code section 1194.2, as alleged in Paragraphs 3, 12, 26, 28, 29, 31, 32, 33, 43, 53, 57, 62, 68, 75, and 85 of his Complaint and in Paragraphs 4, 5, 6, 10, and 15 of his Prayer for Relief, should be stricken as time-barred under the one-year limitations period applicable to such requests for relief.

### 3. Plaintiff's PAGA Claim is Immaterial and Impertinent and Should Be Stricken from Plaintiff's Complaint.

In his Complaint, Plaintiff articulates his allegations under the PAGA as an action brought as "an aggrieved employee" on behalf of himself "and current and former employees of BD, Represented Employees, to recover civil penalties under Labor Code section 2699." Complaint ¶¶ 11, 30. Pursuant to Section 2699(a) of the PAGA:

> [N]otwithstanding any other provision of law, any provision of this code that provides for a **civil penalty** ... for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees ....

Cal. Labor Code § 2699(a). *See also* Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 374-75 (2005) [explaining that an individual may bring a private action for statutory penalties under the PAGA].

As previously established, California Code of Civil Procedure section 340(a) imposes a one-year statute of limitations upon "[a]n action upon statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state." Cal. Code Civ. Proc. 340(a). As numerous courts that have addressed the issue have found, the "civil penalties" Plaintiff seeks to recover under the PAGA are a "penalty" within the meaning of Labor Code section 340(a) and, thus, are subject to the one-year limitations period prescribed therein. *See* Thomas v. Home Depot USA, Inc., 527

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087

8.

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

F.Supp.2d 1003, 1007-08 (N.D. Ca. 2007) [*citing* Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 374-76 (2005); Moreno v. Autozone, No. C05-04432, 2007 U.S. Dist. LEXIS 43873, 2007 WL 1650942, at *2-4 (N.D. Cal. June 5, 2007); De Simas v. Big Lots Stores, Inc., No. C06-6614, 2007 U.S. Dist. LEXIS 19257, 2007 WL 686638, at *3-4 (N.D. Cal. March 2, 2007)].

According to his Complaint, Plaintiff's last date of employment with Defendants was March 1, 2007. *See* Complaint ¶ 16. Based upon the one-year period of limitations applicable to his claims under the PAGA, Plaintiff was required to file his civil action **by March 1, 2008**, which is one year from the last day of his employment. *See* Complaint ¶ 16. However, Plaintiff failed to file his action until **March 28, 2008**, twenty-seven days after the statute of limitations ran on his PAGA claim for civil penalties. Therefore, his claim for civil penalties under the PAGA are barred by the one-year limitations period contained in Section 340(a).

Because the statue of limitations prevents Plaintiff from proving any entitlement to civil penalties under the PAGA, his allegations pertaining to such penalties must be stricken from the Complaint as immaterial and impertinent. Fantasy, Inc., 984 F.2d at 1528 [allegations properly stricken from complaint as immaterial and impertinent when allegations were barred by the statute of limitations]. A contrary ruling would result in extreme prejudice to Defendants, as they then would be required to defend against allegations and claims that are time-barred, resulting in a risk of delay and confusion of the issues and claims to be litigated and ultimately determined at trial in this matter. *Id.* [stale and time-barred allegations in a complaint create serious risk of prejudice to defendant, and delay and confusion of the issues].

Likewise, Plaintiff's allegations purporting to proceed under the PAGA on behalf of other "Represented Employees" (*see* Complaint ¶ 30) also must be stricken. The fact that Plaintiff's own claims for civil penalties under the PAGA are time-barred necessarily precludes him from "representing" other allegedly aggrieved employees or seeking penalties allegedly due them. *See* Thomas v. Home Depot USA, Inc., *supra,* 527 F.Supp.2d at 1009 [where the plaintiff's own claim for penalties under the PAGA were barred by the statute of limitations, the plaintiff "cannot go forward in a representative capacity with his PAGA claims after the one-year statute of limitations under CCP § 340(a) has run"].

Accordingly, Plaintiff's allegations under the PAGA pertaining to civil penalties and purporting to proceed on behalf of other employees of Defendants to whom such penalties allegedly are due – which are contained in Paragraphs 3 and 11 on Pages 2-3 and Paragraph 30 on Page 7 of his Complaint as well as in Paragraph 3 of his Prayer for Relief – must be stricken as time-barred under the one-year statute of limitations applicable to such claims.

### III.
### CONCLUSION

For all of the foregoing reasons, Defendants request that Plaintiff's seventh and ninth causes of action be dismissed with prejudice. Defendants further request that Plaintiff's request for civil penalties and liquidated damages under Labor Code sections 226.3, 558, and 1194.2, as well as his allegations pertaining to the PAGA and claim for civil penalties and attorneys' fees under the PAGA, be stricken from the Complaint.

DATED: May 13, 2008                          LITTLER MENDELSON
                                             A Professional Corporation


                                             By: s/Denise M. Visconti
                                                 DENISE M. VISCONTI

                                             Attorneys for Defendants
                                             BECTON, DICKINSON AND COMPANY
                                             and MED-SAFE SYSTEMS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85103774.2 045252.1087                 10

MPA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS