1   VAN A. GOODWIN, Bar No. 095170
    vgoodwin@littler.com
2   DENISE M. VISCONTI, Bar No. 214168
    dviscont@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   501 W. Broadway, Suite 900
    San Diego, CA 92101.3577
5   Telephone:  619.232.0441
    Facsimile:   619.232.4302
6
    Attorneys for Defendants
7   BECTON, DICKINSON AND COMPANY and
    MED-SAFE SYSTEMS, INC. (erroneously sued as
8   Med-Safe Systems, Inc. dba BD Medical)

9

## UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 Inclusive, <br><br> Defendant. | Case No.  08cv0821 IEG (BLM) <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS BECTON, DICKINSON AND COMPANY AND MED-SAFE SYSTEMS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT** <br><br> Date:  June 23, 2008 <br> Time: 10:30 a.m. <br> Courtroom:  1 |

20         Defendants Becton, Dickinson and Company ("BD") and Med-Safe Systems, Inc. ("Med-

21   Safe") (hereinafter collectively referred to as "Defendants"), through their attorneys and pursuant to

22   Federal Rule of Evidence 201, request that the Court take judicial notice of the Complaint filed by

23   Plaintiff KIRKLAND SINGER ("Plaintiff") in the above-captioned action.

24         Pursuant to Federal Rule of Evidence 201, it is appropriate for the Court to take judicial

25   notice of the existence of the pleadings attached as Exhibits A to this Request. <u>Shaw v. County of</u>

26   <u>San Diego</u>, 2007 U.S. Dist. LEXIS 60546 at *10, n. 7 (S.D. Ca.), Case No. 06-CV-2680 – IEG

27   (POR) ("Pursuant to  Fed. R. Evid. 201, a court may take judicial notice  of matters of public record

28   such as pleadings or orders in another action.").

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

REQUEST FOR JUDICIAL NOTICE

1    WHEREFORE, for the reasons set forth above, Defendants request that the Court

2    take judicial notice of the pleadings attached as Exhibits A to this Request.

3

4    DATED: May 13, 2008

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
                    A Professional Corporation
                    501 W Broadway
                    Suite 900
                    San Diego, CA 92101 3577
                    619 232 0441

LITTLER MENDELSON
A Professional Corporation

By: /s/ Denise M. Visconti
        DENISE M. VISCONTI

Attorneys for Defendants
BECTON, DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC.

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

2:40 PM
4/11/08

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
~~BECTON, DICKINSON AND COMPANY~~, MED-SAFE SYSTEMS, INC
dba BD MEDICAL, and DOES 1 through 10 Inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court
MAR 2 8 2008
By: M. McKinley, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIRKLAND SINGER, individually and on behalf of
Current and Former California Employees of Becton,
Dickinson and Company and Med-Safe Systems, Inc.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SAN DIEGO<br>330 WEST BROADWAY<br>SAN DIEGO, CA 92101<br>CENTRAL DIVISION | CASE NUMBER:<br>*(Número)* ~~37-2008~~-00080779-CU-OE-CTL |

The name, address. and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KIRK D. HANSON (SBN 167920)          619-692-0800    619-692-0822FAX
DIANE E. RICHARD (SBN 204897)
GRACE HOLLIS LOWE HANSON & SCHAEFFER, LLP
3555 FIFTH AVENUE, SAN DIEGO, CA 92103

DATE: ~~MARCH 27, 2008~~ MAR 2 8 2008      Clerk, by **M. McKinley** , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  BECTON, DICKINSON AND COMPANY

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions ® Plus

Code of Civil Procedure §§ 412.20, 465

1  Kirk D. Hanson, Esq. (SBN 167920)
   Diane E. Richard, Esq. (SBN 204897)
2  GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP
   3555 Fifth Avenue
3  San Diego, CA 92103
   (619) 692-0800
4  (619) 692-0822 - Fax

5  Attorneys for Plaintiff

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN DIEGO

10 KIRKLAND SINGER, individually and on )  Case No.:  37-2008-00080779-CU-OE-CTL
   behalf of Current and Former California )
11 Employees of Becton, Dickinson and Company )         *Unlimited Civil*
   and Med-Safe Systems, Inc.               )   *Amount Demanded Exceeds $25,000.00*
12                                          )
                  Plaintiff,                )  CLASS ACTION and REPRESENTATIVE
13                                          )  ACTION [Cal. Code Civ. Proc. §382; Cal.
   vs.                                      )  Labor Code § 2698 et. seq.]
14                                          )
   BECTON, DICKINSON AND COMPANY, )         COMPLAINT FOR DAMAGES AND
15 MED-SAFE SYSTEMS, INC dba BD )           INJUNCTIVE RELIEF
   MEDICAL, and DOES 1 through 10 Inclusive, )
16                                          )  1.  **Failure to Provide Mandated Meal**
                                            )      **Periods;**
17                Defendants.               )  2.  **Failure to Provide Mandated Rest**
                                            )      **Periods;**
18                                          )  3.  **Failure to Pay Minimum Wages;**
                                            )  4.  **Failure to Pay Overtime Wages;**
19                                          )  5.  **Failure to Pay Reporting Time Wages;**
                                            )  6.  **Illegal Vacation Policy/Failure to Pay**
20                                          )      **Vacation Wages;**
                                            )  7.  **Failure to Timely Pay Regular Wages;**
21                                          )  8.  **Failure to Pay Timely Wages Upon**
                                            )      **Separation of Employment;**
22                                          )  9.  **Failure to Provide Itemized Wage**
                                            )      **Statements;**
23                                          )  10. **Unfair Competition (B&P Code §17200**
                                            )      ***et seq.*)**
24 _____ )
                                               **JURY TRIAL DEMANDED**
25

26     Plaintiff KIRKLAND SINGER for Causes of Action against Defendants, and each of them,

27 alleges as follows:

28 ///

                                    1

────────────────────────────────────────────────────

# I.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff KIRKLAND SINGER (hereinafter "SINGER" or "Plaintiff") brings this action against Defendants BECTON, DICKINSON AND COMPANY (hereinafter "BD COMPANY"), MED-SAFE SYSTEMS, INC. dba BD MEDICAL (hereinafter "BD MEDICAL"), and DOES 1 through 10 inclusive, (hereinafter collectively referred to as "Defendants" or "BD") for engaging in a scheme of wage violations such as misclassifying employees as "exempt," violating overtime, minimum wage and reporting time pay laws, violating meal and rest break laws, failing to pay employees for all time worked and on-call, failing to pay employees for all vested vacation, and for failing to provide and maintain accurate wage statements, all of which contribute to BD's deliberate unfair competition.

2.      On information and belief, BD decreases its employment-related costs to position itself to offer customers better rates than its law-abiding competitors.  BD reduced these costs by systematically engaging in wage and hour violations.

3.      Plaintiff bring this lawsuit seeking declaratory, injunctive and monetary relief against Defendants on behalf of Plaintiff individually and also on behalf of other current and former California employees (hereinafter "Represented Employees") to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, liquidated damages, and costs pursuant to provisions regulating hours and days of work in the applicable wage order of the Industrial Welfare Commission and California Labor Code §§ 201, 202, 203, 204, 210, 218.6, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1194, 1194.2, 1198 and 2699 *et seq.*

# II.

## PARTIES

4.      At all relevant times, SINGER was employed by Defendants in San Diego County, California.  Defendants' conduct, as hereinafter alleged, occurred in the County of San Diego, State of California.

5.      At all relevant times, SINGER was a non-exempt employee of Defendants.

6.      At all relevant times, Defendant BECTON, DICKINSON AND COMPANY was doing business in the County of San Diego, State of California.

2

7.    At all relevant times, Defendant MED-SAFE SYSTEMS, INC dba BD MEDICAL was doing business in the County of San Diego, State of California.

8.    Plaintiff is informed and believes and on that basis alleges that Defendant BECTON, DICKINSON AND COMPANY is, and at all relevant times was, a corporation authorized to do business under the laws of the State of California, and that it is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders.

9.    Plaintiff is informed and believes and on that basis alleges that Defendant MED-SAFE SYSTEMS, INC. is, and at all relevant times was, a corporation authorized to do business under the laws of the State of California, and that it is and was an employer as defined in and subject to the California Labor Code and the Industrial Welfare Commission Wage Orders.

10.    Plaintiff is informed and believes that MED-SAFE SYSTEMS, INC dba BD MEDICAL is a subsidiary of BECTON, DICKINSON AND COMPANY and further is informed and believes that BD MEDICAL is a business segment/operating unit of BECTON, DICKINSON AND COMPANY.

11.    Plaintiff SINGER is an "aggrieved employee" of within the meaning of Labor Code § 2699(c) as he was employed by BD and suffered at least one Labor Code violation in common with other current and former BD employees.

12.    At all relevant times, BD and DOES 1 through 10 were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

13.    The true names and capacities of the Defendants named as DOE 1 through DOE 10, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

///

///

3

1  14.    Plaintiff is further informed and believes and thereon alleges that, at all relevant times

2  each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf

3  of the corporation, or the corporation itself, and in participating in the acts alleged in this Complaint,

4  acted within the scope of such agency, or employment or ratified the acts of the other.

5                                          III.

6                            **GENERAL ALLEGATIONS**

7  15.    Plaintiff SINGER commenced employment with BD, a medical technology company,

8  on or about February 23, 2004.

9  16.    SINGER's employment with BD ended on or about March 1, 2007.

10  17.    During his employment with BD, SINGER held various titles such as "Maintenance

11  Manager," "Maintenance Supervisor," "Maintenance Coach," "Senior Maintenance Mechanic," and

12  "Senior Mechanic."  SINGER's actual job responsibilities and duties while holding these titles made

13  his classification that of a non-exempt employee.

14  18.    From on or about February 23, 2004 through up until April 30, 2005, BD

15  misclassified SINGER as an "exempt" employee.  During the time period of his misclassification,

16  SINGER held the job titles of "Maintenance Manager," "Maintenance Supervisor," and

17  "Maintenance Coach." These job titles were interchangeable with one another.

18  19.    On or about May 1, 2005, BD changed SINGER's payroll status to "non-exempt"

19  when SINGER was given the title "Senior Maintenance Mechanic" (title also referred to as "Senior

20  Mechanic").

21  20.    From on or about February 23, 2004 through approximately April 30, 2005, BD

22  treated SINGER as if he were an "exempt" employee.  For example, during this time period BD did

23  not require SINGER to record hours worked, did not provide him with mandated meal and rest

24  periods, and paid him a straight salary regardless of the amount of hours SINGER worked.

25  21.    Although BD classified SINGER as "exempt" from on or about February 23, 2004

26  through April 30, 2005, SINGER did not meet exemption requirements of California Industrial

27  Welfare Commission Wage Order as SINGER did not meet the "duties test." During the majority of

28  his work time, SINGER did not perform exempt duties, nor did he exercise independent judgement

4

1  and discretion.  For example, even though SINGER had the title of Maintenance

2  Supervisor/Coach/Manager and had employees working beneath him, greater than a majority of

3  SINGER's time spent as a Maintenance Manager/Supervisor/Coach was spent performing non-

4  exempt duties as maintaining and installing equipment, machine repairs, and placing orders.

5  Essentially, when SINGER was classified as "exempt" he performed during the majority of his work

6  day the same duties performed by employees classified as "non-exempt" (including the duties he

7  himself performed when he was later classified on or about May 1, 2005 as a "non-exempt"

8  employee).

9       22.     During the time period BD misclassified SINGER as an "exempt" employee, BD

10  required SINGER to work a tremendous amount of overtime hours and be on-call without proper

11  compensation and further denied him other protections and benefits of California wage and hour

12  laws including meal and rest periods.

13       23.     On or about May 1, 2005, BD reclassified SINGER as a "non-exempt" employee.

14  However, during the time he was properly classified as a non-exempt employee, BD still did not

15  provide SINGER with all required benefits and protections of California wage and hour laws

16  including but not limited to meal and rest breaks as mandated by California law, and proper wages

17  for all time worked or on-call including but not limited to regular, minimum overtime wages, and

18  reporting time wages.

19       24.     While BD classified SINGER as a non-exempt employee, BD required SINGER to

20  record his hours worked while at his work location.  BD's time recording system however

21  automatically deducted in the majority of instances an approximate thirty minute period from

22  SINGER's daily hours worked in addition to making some other time adjustments to SINGER's

23  recorded time.

24       25.     During his employment with BD, SINGER was subjected to BD's illegal paid

25  vacation policy, an "use-it-or-loose-it" policy in which SINGER's earned vacation time did not carry

26  over into the following year.  SINGER consequently lost vacation time during his years of

27  employment and further was not paid all vacation wages upon his separation of employment, as

28  required by law.

5

26.     In addition, BD failed to provide SINGER with proper itemized wage statements required by California law in that information, including but not limited to all hours worked was not properly recorded on the wage statements prepared by BD.  BD has additionally failed to maintain all itemized wage statements containing the information required as mandated by California law.

27.     Upon his separation of employment, on or about March 1, 2007, BD did not pay SINGER, by the time required by law, all regular, minium, reporting time, and overtime wages due and owing to him as well as wages relating to missed meal and rest periods and unused but earned vacation.

28.     At all material times, BD and DOES 1 through 10 were and/or are Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to the civil penalties for each underpaid employee each as set for in Labor Code § 558.

29.     On information and belief, BD has committed the wage and hour violations alleged in this Complaint with numerous current and former California employees of BD other than SINGER. BD's non-exempt employees in California were, and are, not provided with proper meal and rest breaks nor paid proper and timely wages during employment and upon separation of employment including but not limited to minimum wages, regular wages, overtime wages, meal and rest period wages, reporting time wages, and wages for all hours worked and/or on-call.  BD's non-exempt employees in California further were, and are, not provided with accurate itemized wages statements, nor does BD maintain accurate wage statements including accurate number of hours worked.  BD further has maintained and currently maintains an illegal paid vacation policy for its California employees including but not limited to a forfeiture of paid vacation wages through an illegal use-it-or-loose-it policy and non payment of all earned but unused vacation wages upon separation of employment.

///

///

6

## IV.

### THE LABOR CODE
### PRIVATE ATTORNEYS GENERAL ACT REPRESENTATIVE ACTION

30.    This action is brought on behalf of SINGER and current and former employees of BD, Represented Employees, to recover civil penalties under Labor Code section 2699 as:

a.    This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hiseinafter referred to as "LWDA") or any departments, divisions, commissions, boards, agencies or employees, or for which a civil penalty is established under Labor Code section 2699(f);

b.    SINGER is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against him;

c.    SINGER has satisfied the procedural requirements of § 2699.3 prior to filing this action:

1)    On February 8, 2008, pursuant to Labor Code § 2699,  Plaintiff SINGER served, via Certified Mail, the LWDA and his former employer with his claim for wage/work hour violations and penalties.

2)    On March 10, 2008, the LWDA provided notice to SINGER and his former employer that it did not intend to investigate the claims.  As such, SINGER has exhausted his administrative remedy to pursue penalties pursuant to Labor Code § 2699 *et seq.*

d.    SINGER, an aggrieved employee, has filed this action pursuant to Labor Code Section 2699(a) and (f), on behalf of himself and all other current and former employees of BD to recover penalties for violations of the Labor Code.  Said penalties include, but are not limited to, unpaid/underpaid wages which are to be paid to the affected employees pursuant to Labor Code Section 558 subdivisions (a)(1) and (a) (3).

///

///

///

7

**V.**

**CLASS ALLEGATIONS**

31.  Plaintiff also brings this action as a class action to recover all statutory damages, monies and penalties due and owing for all current and former employees of BD as a result of its failure to pay overtime wages, failure to pay reporting time wages, failure to pay minimum wages, failure to pay vacation wages, failure to provide rest and/or meal periods and Section 226.7 payments, failure to provide itemized wage statements, failure to keep accurate records of time worked, and failure to pay timely wages during employment and upon separation of employment, all in violation of California Labor Code and in violation of the Wage Orders of the Industrial Welfare Commission.

32.  Plaintiff brings this class action pursuant to California Code of Civil Procedure § 382 on behalf of a class of persons, Represented Employees, also affected by Defendants' Labor Code and Wage Order violations.  The class is defined as:

> All current and former non-exempt employees employed by Becton, Dickinson and Company and/or Med-Safe Systems, Inc. in California at any time within the applicable limitations period who were denied rest breaks, denied meal breaks, denied missed rest or meal premiums, denied overtime wages, denied regular wages, denied minimum wages, denied reporting time wages, denied accurate itemized wage statements, and/or denied payment of timely wages either during employment or upon separation (hereinafter "The Non-Exempt Class").

A sub-class is defined as:

> All employees employed by Becton, Dickinson and Company and/or Med-Safe Systems, Inc. in California at any time within the applicable limitations period who forfeited vested vacation wages either during employment or upon separation of employment (hereinafter "The Vacation Class").

33.  Causes of Action One through Ten are appropriately suited for a Class Action because:

a.  The members of The Non-Exempt Class and The Vacation Class are sufficiently numerous that joinder is impracticable.  Plaintiff is informed and believes The Non-Exempt Class and The Vacation Class each has hundreds, if not thousands, of current and former BD employees.  Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

///

8

1    b. Common questions of fact and law predominate. Such common questions
2 include, but are not limited to:

3      i. Whether BD failed to provide daily rest periods to its non-exempt employees
4 for every four hours or major fraction thereof worked and failed to compensate such employees one
5 hour's pay in lieu of the rest period;

6      ii. Whether BD failed to provide meal periods to its non-exempt employees on
7 days when the employee worked in excess of five hours and failed to compensate such employees
8 one hour's pay in lieu of the meal period;

9      iii. Whether BD  failed to accurately report compensation due for rest and meal
10 period violations;

11      iv. Whether BD failed to pay its non-exempt employees for all hours actually
12 worked;

13      v. Whether BD failed to pay it's non-exempt employees for all overtime hours
14 worked;

15      vi. Whether BD failed to pay its non-exempt employees for all reporting time
16 wages;

17      vii. Whether BD failed to provide accurate itemized wage statements, itemizing
18 the actual time worked and all wages earned;

19      viii. Whether BD's vacation policy provided for a forfeiture of vacation wages
20 and time through actions such as having an use-it-or-loose-it policy and not providing all vested and
21 unused vacation wages upon separation of employment.

22    c. Plaintiff's claims are typical of The Non-Exempt Class and Vacation Class.
23 Plaintiff, like other members of both of these classes was subjected to BD's ongoing Labor Code and
24 Wage Order violations pertaining to meal and rest periods, the timely payment of wages both during
25 employment and upon separation of employment, itemized wage statements, payment of all wages
26 due and owing including minimum, overtime, regular, reporting time and vacation wages.

27 ///

28 ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1           d.     Plaintiff will fairly and adequately protect the interest of all members of The

2    Non-Exempt Class and The Vacation Class because it is in his best interest to prosecute the claims

3    alleged herein to obtain full compensation due himself and all members of both classes.

4         34.    Plaintiff knows of no difficulty that might be encountered in management of this

5    litigation which would preclude maintenance as a class action.

6    **VI.**

7    **CAUSES OF ACTION**

8    **FIRST CAUSE OF ACTION**

9    **FAILURE TO PROVIDE MANDATED MEAL PERIODS**
**(Violation of Labor Code §§ 226.7 and 512; Violation of "Meal Periods" Section of the**
10   **Industrial Welfare Commission Wage Order)**

11   **(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly**
**Situated and Aggrieved Current and Former Employees of Defendants - Against All**
12   **Defendants)**

13

14        35.    Plaintiff incorporates by reference paragraphs 1 through 36 inclusive, and makes them a

15   part of this First Cause of Action as though fully set forth herein.

16        36.    Plaintiff was a "non-exempt" employees of BD in California and therefore was entitled

17   to receive meal periods as mandated by California law.

18        37.    Labor Code § 226.7 requires employers, including BD, to provide to its non-exempt

19   employees meal periods as mandated by Order of the Industrial Welfare Commission.

20        38.    Labor Code § 512(a) in part provides that employers, including BD, may not employ an

21   employee for a work period of more than five hours per day without providing an employee with a

22   meal period of not less than 30 minutes, except that if the total work period per day of the employee

23   is no more than six hours, the meal period may be waived by mutual consent of both the employer

24   and the employee.  Employers may not employ an employee for a work period more than 10 hours

25   per day without providing the employee with a second meal period of not less than 30 minutes.

26   ///

27   ///

28   ///

10

39.   BD violated Labor Code §§ 226.7 and 512 and the IWC Order when it failed to provide the meal periods to non-exempt California employees including Plaintiff. As alleged herein, BD failed to provide uninterrupted, duty-free breaks as mandated by law to its non-exempt employees, including Plaintiff.

40.   Pursuant to Labor Code § 226.7(b) and the "Meal Periods" section of the Wage Order, BD shall pay employees one additional hour of pay at the employee's regular rate of compensation for each day that the meal period was not provided to that employee.

41.   BD failed to provide Plaintiff with meal periods and failed to provide payment for missed or interrupted meal periods, as required by Labor Code § 226.7(b) and by Order of the Industrial Welfare Commission.

42.   As a result of BD' failure to pay Plaintiff an additional hour of pay for each day a meal period was not provided, Plaintiff suffered and continues to suffer a loss, all in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

43.   As a direct result of Defendants' Labor Code violations Plaintiff and other non-exempt California employees have suffered losses related to the use and enjoyment of compensation due and owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.


## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MANDATED REST PERIODS
**(Violation of Labor Code § 226.7;Violation of "Rest Periods" Section of the Industrial Welfare Commission Wage Order)**

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

44.   Plaintiff incorporates by reference paragraphs 1 through 43 inclusive, and makes them a part of this Second Cause of Action as though fully set forth herein.

45.   Plaintiff was a "non-exempt" employee of BD in California and therefore is entitled to receive rest periods as mandated by California Labor Code law.

11

46.    Labor Code § 226.7 requires employers, including BD, to provide to its non-exempt employees in California, rest periods as mandated by Order of the Industrial Welfare Commission.

47.    By Order of the Industrial Welfare Commission, every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. [IWC Wage Order, "Rest Periods" section].

48.    BD violated Labor Code § 226.7 and the IWC Order when it failed to provide all rest periods to its non-exempt employees, including Plaintiff.

49.    As alleged herein, BD prevented Plaintiff, and other non-exempt employees, from taking all rest breaks as mandated by law by requiring his, at times, to work during part or all of the break. Furthermore, through its action of misclassifying SINGER as "exempt," BD did not authorize and permit SINGER to take all rest breaks as required by law.

50.    Pursuant to Labor Code § 226.7(b) and the "Rest Periods" section of Wage Order, BD shall pay employees one additional hour of pay at the employee's regular rate of compensation for each day that the rest period is not provided.

51.    BD failed to provide its non-exempt employees, including Plaintiff, rest periods and failed to provide payment for missed or interrupted rest periods, as required by Labor Code § 226.7(b) and by Order of the Industrial Welfare Commission.

52.    As a result of BD's failure to pay an additional hour of pay for each day a rest period was not provided, Plaintiff suffered and continues to suffer a loss, all in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

53.    As a direct result of Defendants' Labor Code violations, Plaintiff and other non-exempt employees in California have suffered losses related to the use and enjoyment of compensation due and owing. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

12

## THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE
#### (Violations of Labor Code § 1197)

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

54.    Plaintiff incorporates by reference paragraphs 1 through 53 inclusive, and makes them a part of this Third Cause of Action as though fully set forth herein.

55.    Labor Code § 1197 provides "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

56.    Defendants failed to perform their obligations to compensate its non-exempt employees including Plaintiff at least minimum wage for all hours worked through actions alleged herein, including failing to pay proper compensation for all hours worked, on-call time, and time worked during missed and/or interrupted meal periods.

57.    As a direct result of Defendants' Labor Code violations Plaintiff and non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, liquidated damages pursuant to Labor Code § 1194.2, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///
///
///
///
///
///
///
///

13

# FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES
### (Violation of Labor Code § 510)

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees – All Similarly Situated and Aggrieved Current and Former Employees of Defendants – Against All Defendants)**

58.    Plaintiff incorporates by reference paragraphs 1 through 57 inclusive, and makes them a part of this Fourth Cause of Action as though fully set forth herein.

59.    During Plaintiff's employment with BD, he was a "non-exempt" employee of BD in California. Plaintiff was thereby not exempt from receiving overtime compensation.

60.    During Plaintiff's employment with BD, Plaintiff, as alleged herein, worked without appropriate overtime compensation as did other non-exempt employees.

61.    BD violated Labor Code § 510 when it failed to pay its non-exempt employees, including Plaintiff, overtime wages for any and all work performed, including work performed during a meal period, and work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week, and/or for any and all work performed on the seventh consecutive day in any one work week, by the time set forth by law.

62.    As a direct result of Defendants' Labor Code violations Plaintiff and non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, overtime compensation, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///
///
///
///
//
//
///

14

# FIFTH CAUSE OF ACTION

## FAILURE TO PAY REPORTING TIME WAGES
### (Violations of "Reporting Time Pay" Section of Industrial Welfare Commission Wage Order)

### (Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)

63.     Plaintiff incorporates by reference paragraphs 1 through 62 inclusive, and makes them a part of this Fifth Cause of Action as though fully set forth herein.

64.     The "Reporting Time Pay" section the Wage Order of the Industrial Welfare Commission provides that each workday a non-exempt employee is required to report for work and does report but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.  If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

65.     During Plaintiff's employment with BD, he was a "non-exempt" employee of BD in California.  Plaintiff was thereby not exempt from receiving reporting time pay.

66.     During Plaintiff's employment with BD, Plaintiff, as alleged herein, worked without appropriate reporting time pay as did other non-exempt employees.

67.     Defendants failed to perform their obligations to compensate its non-exempt employees including Plaintiff with reporting time pay.

68.     As a direct result of Defendants' violations Plaintiff and non-exempt employees have suffered losses related to the use and enjoyment of compensation due and owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

## SIXTH CAUSE OF ACTION

### ILLEGAL VACATION POLICY/FAILURE TO VACATION WAGES
#### (Violation of Labor Code § 227.3)

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

69. Plaintiff incorporates by reference paragraphs 1 through 68 inclusive, and makes them a part of this Sixth Cause of Action as though fully set forth herein.

70. During Plaintiff's employment with BD, SINGER received paid vacation time and wages under BD's vacation policy.

71. Pursuant to California Labor Code section 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with said contract of employment or policy respecting eligibility or time served. Forfeiture of vested vacation time upon termination of employment is not allowed under Section 227.3, nor a use-it-or-loose it policy allowed.

72. BD's vacation policy requires paid vacation time to be used in the year the time was accrued (use-it-or-loose-it policy) and further does not provide that payment of all earned, unused vacation wages be paid upon separation of employment.

73. During Plaintiff's employment with BD, SINGER was not provided with all vacation time or vacation wages, a violation Labor Code §227.3.

74. Other employees of BD, in addition to SINGER, were eligible for BD's paid vacation benefits and were subjected to BD's policy, thus forfeiting vested vacation time and vacation wages.

75. As a direct result of Defendants' Labor Code violations Plaintiff and other employees of BD have suffered losses related to the use and enjoyment of compensation due and owing to them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

16

1

## SEVENTH CAUSE OF ACTION

2

### FAILURE TO PAY ALL WAGES TIMELY DURING EMPLOYMENT
(Violation of Labor Code § 204)

3

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

4

5

6          76.     Plaintiff incorporates by reference paragraphs 1 through 75 inclusive, and makes them a

7     part of this Seventh Cause of Action as though fully set forth herein.

8          77.     During Plaintiff's employment with BD, all of Plaintiff's wages were due and payable

9     by the time set forth in Labor Code § 204.

10         78.     BD failed to pay Plaintiff and other non-exempt employee all wages by the time set

11    forth by law through conduct set forth herein, thereby violating Labor Code § 204.

12         79.     As a direct result of Defendants' Labor Code violations Plaintiff and other non-exempt

13    employees have suffered losses related to the use and enjoyment of compensation due and owing to

14    them. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to

15    any and all wages due, penalties, monies, interest, attorney's fees, and costs.

16         WHEREFORE, Plaintiff prays for relief as hereinafter requested.

17

18

## EIGHTH CAUSE OF ACTION

19

### FAILURE TO PAY WAGES WITHIN REQUIRED TIME UPON SEPARATION OF EMPLOYMENT
(Violations of Labor Code §§ 201, 202)

20

21

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated and Aggrieved Current and Former Employees of Defendants - Against All Defendants)**

22

23         80.     Plaintiff incorporates by reference paragraphs 1 through 79 inclusive, and makes them a

24    part of this Eighth Cause of Action as though fully set forth herein.

25         81.     Labor Code § 201 requires BD to immediately pay any wages, without abatement or

26    reduction, to any employee who is discharged. Labor Code § 202 requires BD to pay any wages due

27    and owing to an employee within 72 hours of the employee's quitting of their employment.

28    Furthermore, for violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid

17

1  wages of the employee to continue as a penalty from the due date thereof, at the same rate until paid

2  or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

3       82.    On or about March 1, 20007, SINGER's employment with BD was separated.

4       83.    BD failed to provide Plaintiff with all wages due and owing within the time required by

5  the Labor Code, either under Section 201 or Section 202.

6       84.    BD further failed to pay other employees all wages due and owing within the time

7  required by the Labor Code, either under Section 201 or Section 202.

8       85.    As a direct result of Defendants' Labor Code violations, not all wages due and owing by

9  the time required by Sections 201 or 202  have been paid, and thus Plaintiff and other employees

10  have suffered losses related to the use and enjoyment of compensation due and owing to them.

11  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and

12  all wages due, overtime compensation, penalties, waiting time penalties pursuant to Labor Code

13  section 203, monies, interest, attorney's fees, and costs.

14       WHEREFORE, Plaintiff prays for relief as hereinafter requested.

15                          **NINTH CAUSE OF ACTION**

16       **FAILURE TO PROVIDE AND MAINTAIN ITEMIZED WAGE STATEMENTS**
                          **(Violation of Labor Code § 226)**

17

18  **(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly
    Situated and Aggrieved Current and Former Employees of Defendants - Against All
    Defendants)**

19

20       86.    Plaintiff incorporates by reference paragraphs 1 through 85 inclusive, and makes them a

21  part of this Ninth Cause of Action as though fully set forth herein

22       87.    Labor Code § 226(a) requires that employers, including BD, furnish its employees with

23  each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked,

24  all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the

25  name of the employee and the portion of his or his social security number as required by law, and all

26  applicable hourly rates in effect during the pay period and the corresponding number of hours

27  worked at each hourly rate by the employee.

28  ///

                                    18

88.    During Plaintiff's employment with BD, BD intentionally and knowingly failed to provide to Plaintiff the above-described writing required by Labor Code § 226(a), including but not limited to its knowing and intentional failure to record all time worked during working hours and during meal breaks, which resulted in inaccurate recording of hours worked and net wages earned.

89.    In further violation of Labor Code § 226(a), BD has failed to maintain the records for a period of three years the statements it is required to provide its employees, through its action of failing to properly recording required information such as total hours worked and automatically deducting at times, time from the total hours recorded as worked.  As an example, when employees, including SINGER were classified as "exempt" by BD, BD recorded a total zero hour worked for the payroll period and provided and maintained wage statements stating same, regardless of the total amount of hours worked for the payroll period.  Moreover, BD automatically deducted from non-exempt employees', such as SINGER, pay and hours, approximately thirty minutes from each work day.  This automatic deduction thereby reflected an incorrect amount of pay due and time worked.

90.    BD's failure to provide and maintain accurate statements left Plaintiff and other employees without the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by BD.  Plaintiff, therefore, had no way to dispute the resulting miscalculation of wages.  As a direct result, Plaintiff and others employees have suffered and continues to suffer substantial losses related to BD's violations, including lost wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation.

91.    As a direct result of Defendants' Labor Code violations Plaintiff and other employees have suffered losses related to the use and enjoyment of compensation due and owing to them.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, overtime compensation, penalties, payments pursuant to Labor Code section 226(e), monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

///

19

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# TENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.*

**(Alleged By Plaintiff, Individually and On Behalf of Represented Employees - All Similarly Situated Current and Former Employees of Defendants - Against All Defendants)**

92.    Plaintiff incorporates by reference paragraphs 1 through 91 inclusive, and makes them a part of this Tenth Cause of Action as though fully set forth herein.

93.    California Business & Professions Code § 17200 *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..." Plaintiff, as herein alleged, have suffered and continues to suffer injuries in fact, due to the unlawful business practices of Defendants as alleged herein.

94.    As alleged herein, BD has systematically engaged in unlawful conduct such as wage and hour violations as alleged herein, in order to decrease its costs of doing business.

95.    During Plaintiff's employment with BD, BD failed to comply with the California Labor Code and Industrial Welfare Commission Wage Orders through its actions as herein alleged including, but not limited to its failure to pay: (1) all wages due, (2) provide accurate itemized wage statements and maintain accurate records including accurate meal periods and all hours worked, (3) pay all wages and monies due and owing within the time specified by the Labor Code, (4) provide proper rest and meal periods, and (5) pay an employee for missed and/or interrupted meal and rest periods and vacation wages.

96.    At all times relevant, BD avoided paying Plaintiff and other employees wages and monies, including meal and rest break payments, and other financial obligations attached thereto, thereby creating for BD an artificially lower cost of doing business in order to undercut its competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of Plaintiff.

97.    At all times relevant, BD lowered its costs of doing business by classifying SINGER as exempt, although SINGER was non-exempt, thereby requiring SINGER to perform non-exempt work without fair compensation and benefits, all to the detriment of SINGER.

///

1    98.    At all relevant times herein, BD held themselves out to Plaintiff as being

2    knowledgeable and advising to the employment laws of California.

3    99.    At all times relevant herein Plaintiff to his detriment, justifiably relied on and believed

4    BD's representation concerning its adherence to California wage and hour laws for reasons including

5    BD's policies stating its purported compliance with wage and hour laws.

6    100.    Defendants violations of the California Labor Code and Orders of the Industrial Welfare

7    Commission and its scheme to lower its payroll costs as alleged herein, constitute unlawful business

8    practices.

9    101.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts

10   constitute unfair and unlawful business practices under Business and Professions Code § 17200 *et*

11   *seq.*

12   102.    As a result of BD's violations of the Labor Code and Industrial Welfare Commission

13   Wage Orders, Plaintiff suffered a loss of wages and monies, all in an amount to be shown according

14   to proof at trial and within the jurisdiction of this Court. Plaintiff seeks injunctive relief and

15   restitution of all wages and monies due in an amount according to proof, and any and all attorney's

16   fees incurred herein to the extent permitted by law.

17   WHEREFORE, Plaintiff prays for relief as hereinafter requested.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For general damages;

2.    For special damages;

3.    For reasonable attorney fees, cost of suit, and interest to the extent permitted by law, including pursuant to Civil Code § 1021.5 and Labor Code §§ 218.6, 1194, 2699 *et seq.*;

4.    For liquidated damages pursuant to Labor Code § 1194.2;

5.    For monies pursuant to Labor Code § 226(e);

6.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and Orders of the Industrial Welfare Commission;

7.    For injunctive relief as provided by the Labor Code and Business and Professions Code §17200 *et seq.*;

8.    For restitution as provided by Business and Professions Code §17200 *et seq.*;

9.    For an order requiring Defendants to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, thisefore, constituting unfair competition under Business and Professions Code §17200 *et seq*;

10.   For an award of damages in the amount of unpaid compensation including, but not limited to unpaid wages, overtime wages, vacation wages, benefits and penalties according to proof, including interest thereon;

11.   For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code §226.7(b) for each meal period not in accordance with an applicable order of the Industrial Welfare Commission;

12.   For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code §226.7(b) for each rest period not in accordance with an applicable order of the Industrial Welfare Commission;

///

22

13. For an order imposing a constructive trust upon the Defendants to compel them to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

14. For an accounting to determine all money wrongfully obtained and held by Defendants;

15. For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 204, 226, 226.7, 227.3, 510, 512, and 1197;

16. For a declaratory judgment that Defendants have violated the Industrial Welfare Commission Orders;

17. For pre- and post-judgment interest; and

18. For such other relief as the Court deems just and proper.

Dated: March 27, 2008

GRACE HOLLIS LOWE
HANSON & SCHAEFFER LLP

By: _____
Kirk D. Hanson, Esq.
Diane E. Richard, Esq.
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Please take notice that Plaintiff demands trial by jury on all Causes of Action.

Dated: March 27, 2008

GRACE HOLLIS LOWE
HANSON & SCHAEFFER LLP

By: _____
Kirk D. Hanson, Esq.
Diane E. Richard, Esq.
Attorneys for Plaintiff

23