1  Kirk D. Hanson (SBN 167920)
   Diane E. Richard (SBN 204897)
2  GRACE HOLLIS & HANSON LLP
   3555 Fifth Avenue
3  San Diego, CA 92103
   (619) 692-0800  Facsimile:  (619) 692-0822
4
   Attorneys for Plaintiff
5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11
   KIRKLAND SINGER, individually and on behalf )    CASE NO: 08CV0821 IEG (BLM)
12 of Current and Former California Employees of )
   Becton, Dickinson and Company and Med-Safe )     **PLAINTIFF'S MEMORANDUM OF**
13 Systems, Inc.,                               )    **POINTS AND AUTHORITIES IN**
                                                )    **SUPPORT OF OPPOSITION TO**
14                  Plaintiff,                  )    **DEFENDANTS' MOTION TO**
                                                )    **DISMISS AND MOTION TO STRIKE**
15       v.                                     )    **ALLEGATIONS FROM PLAINTIFF'S**
                                                )    **COMPLAINT**
16 BECTON, DICKINSON AND COMPANY, MED- )
   SAFE SYSTEMS, INC. dba BD MEDICAL, and )      DATE:            June 23, 2008
17 DOES 1 through 10, Inclusive,              )   TIME:            10:30 a.m.
                                             )    COURTROOM:       1
18 _____ Defendant. ___ )

19

20

21

22

23

24

25

26

27

28

_____

1

# **<u>TABLE OF CONTENTS</u>**

Page(s)

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ........................ 2

II.     LEGAL ARGUMENT ...................................................... 3

A. Dismissal of Plaintiff's Seventh and Ninth Causes of Action is Improper as the
Causes of Action Are Legally Sufficient ...................................... 3

     1. The Seventh Cause of Action For Failure to Pay Wages Under Labor Code Section
204 is Timely Filed and Thus Must Not Be Dismissed ..................... 4

     2. Plaintiff's Ninth Cause of Action For Failure to Provide and Maintain
Itemized Wage Statements Under Labor Code Section 226 is Timely Filed
Within the Statute of Limitations and Thus Must Not Be Dismissed .......... 6

B. Striking PAGA Allegations and Liquidated Damages is Improper as They
are Material and Pertinent to the Complaint ................................... 9

     1. Plaintiff's Request for PAGA Penalties, Including Penalty Amounts Specifically
Provided in Labor Code Sections 226.3 and 558, Is Timely Filed Under Section
2699.3(d) ........................................................... 9

     2. Plaintiff's Request for Liquidated Damages Under Labor Code Section
1194.2 Is Timely and Thus Must not be Stricken .......................... 11

III.    CONCLUSION ......................................................... 13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

3

### **Cases**

4

Page(s)

### **Federal Cases**

5

Balistreri v. Pacifica Police Dept.
    901 F.2d 696 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6

Blackwell v. Skywest Airlines, Inc.
    245 F.R.D. 453 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7

8

Cahill v. Liberty Mut.Ins. Co.
    80 F.3d 336 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9

Conley v. Gibson
    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

10

11

Cornn v. United Parcel Service, Inc.
    2006 U.S. Dist. Lexis 9013 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12

Culver v. Bell & Loffland, Inc.
    146 F.2d 29 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

13

14

Huntington v. Attrill
    146 U.S. 657 (1892) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15

Navarro v. Block
    250 F.3d 729 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16

17

### **State Cases**

18

Aubrey v. Goldhor
    201 Cal.App.3d 399 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

19

20

Chavaria v. Superior Court of Fresno
    40 Cal. App.3d 1073 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21

Cortez v. Purolator Air Filtration Products Company
    23 Cal. App.4th 163 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

22

23

Holland v. Nelson
    5 Cal.App.5th 308 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24

Meneffee v. Ostawari
    228 Cal. App.3d 239 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

25

26    ///

27    ///

28    ///

# TABLE OF AUTHORITIES
## (Continued)

### Statutes

Page(s)

California Business and Professions Code § 17200 *et. seq.* ........................ 2, 6, 7, 8

California Business and Professions Code § 17203. ................................ 5

California Business and Professions Code § 17208. ............................ 2, 5, 7, 9

California Code of Civ. Proc. § 338(a) ......................... 2, 3, 5, 6, 7, 9

California Code of Civ. Proc. § 340(a) ......................... 4, 7, 1, 11

California Labor Code § 201 ................................ 4

California Labor Code § 202 ................................ 4

California Labor Code § 204 ............................. 2, 4, 5

California Labor Code § 204.1 .............................. 4

California Labor Code § 204.2 .............................. 4

California Labor Code § 210 ................................ 4

California Labor Code § 218 ................................ 4

California Labor Code § 218.5 .............................. 4

California Labor Code § 218.6 .............................. 4,

California Labor Code § 226 ............................ 2, 6
        Subdivision (a) ....................... 6, 7, 8, 9
        Subdivision (e) ....................... 6, 7, 8
        Subdivision (g) ....................... 6, 7

California Labor Code § 226.3 ......................... 2, 9, 11

California Labor Code § 226.7 ............................. 8

California Labor Code § 558 ......................... 3, 9, 10, 11

California Labor Code § 970 ............................. 11

California Labor Code § 972 ............................. 11

California Labor Code § 1194 ............................. 11

California Labor Code §1194.2 ......................... 2, 11

California Labor Code § 2699 ......................... 3, 10, 11

# TABLE OF AUTHORITIES
### (Continued)

Page(s)

California Labor Code § 2699 (f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

California Labor Code § 2699.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Labor Code § 2699.3 (a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

California Labor Code § 2699.3(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10, 11

## Other Authorities

5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> (1990) . . . . . . . . . . . . . . 9

Labor Code Private Attorneys General Act ("PAGA") . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 9, 10, 11, 12

## Rules

Federal Rules of Civil Procedure Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

Federal Rules of Civil Procedure Rule 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

1       Plaintiff KIRKLAND SINGER (hereinafter "Plaintiff" or "Singer") hereby submits the following

2 memorandum of points and authorities in opposition to the Motion to Dismiss and Motion to Strike filed

3 by Defendants BECTON, DICKINSON AND COMPANY ("BD") and MED-SAFE SYSTEMS, INC

4 ("Med-Safe") (hereinafter collectively referred to as "Defendants").

5 **I.**

6 **INTRODUCTION AND SUMMARY OF ARGUMENT**

7       Defendants' entire motion is without merit as it rests on faulty premises concerning the statute

8 of limitations for Plaintiff's: (1) Seventh and Ninth causes of action; (2) claim for penalties pursuant to

9 the Labor Code  Private Attorneys General Act ("PAGA"); and (3) claim for liquidated damages under

10 Labor Code section 1194.2[1].  **The claims and causes of action encompassed in Plaintiff's Complaint**

11 **are well within the applicable statute of limitations and thus Defendants' motion must be denied**

12 **in its entirety.**

13       First, a *four-year statute of limitations* governs Plaintiff's *Seventh Cause of Action* (Failure to

14 Pay All Wages Under Section 204) and *Ninth Cause of Action* (Failure to Provide and Maintain Itemized

15 Wage Statements Pursuant to Section 226).  Plaintiff alleges Defendants' violations of Sections 204 and

16 226 resulted in injuries and unfair business practices, a violation of California Business and Professions

17 Code §17200 *et. seq.  See* Complaint ¶¶ 93-102. Plaintiff seeks, among relief other than penalties, lost

18 wages and monies, restitution, injunctive relief and an order compelling Defendants to transfer wages

19 that have been wrongfully obtained and held by Defendants to unpaid employees. *See* Complaint ¶¶ 79,

20 90, 91,102; Prayer for Relief ¶¶ 5, 7, 8-10 13.  A four-year statute of limitations therefore applies to the

21 Seventh and Ninth causes of action pursuant to Business and Professions Code section 17208, which

22 provides for an additional year of coverage over the generally applicable *three-year statute of limitations*

23 for actions based "upon a *liability created by statute*, other than a penalty or forfeiture."  Cal. Code of

24 Civ. Proc. Section 338(a) (emphasis added).  Because Plaintiff filed his complaint approximately just

25 one year after his employment with Defendants ended, Plaintiff clearly is well within the four-year

26 statute of limitations (or even the three-year statute of limitations pursuant to Code Civ. Proc. section

27 338(a)) for violations of Labor Code sections 204 and 226.

28

---

[1]All section references are to the California Labor Code unless otherwise indicated.

1          Second, Plaintiff's *claims for penalties recoverable under the PAGA, including Section 226.3*

2    *and 558 penalties*, are timely filed as Plaintiff's statute of limitations for recovering penalties is

3    statutorily extended pursuant to Section 2699.3(d) by *thirty-one (31) days, which as discussed below is*

4    *the is the period of time Plaintiff was required to wait before he could commence a civil action pursuant*

5    *to Section 2699. See* 2699.3(d) ("The periods specified in this section are not counted as part of the time

6    limited for the commencement of the civil action to recover penalties under this part."); *See also*

7    2699.3(a)(2)(A).

8          Finally, *claims for liquidated damages pursuant to Section 1194.2 for unpaid minimum wages*

9    are governed by the *three-year statute of limitations* applicable to unpaid wages.   *See* Cal. Code of Civ.

10   Proc. Section 338(a) (three-year statute of limitations for actions based "upon a *liability created by*

11   *statute*, other than a penalty or forfeiture." (emphasis added)). Accordingly, Plaintiff filed the Complaint

12   within the time prescribed for both penalties recoverable under the PAGA and liquidated damages.

13   Thus, the allegations regarding penalties recoverable under PAGA, "represented employees," and

14   liquidated damages are properly plead, wholly relevant and pertinent, and therefore must not be stricken

15   from the Complaint.

16                                           **II.**

17                                   **LEGAL ARGUMENT**

18   **A.     Dismissal of Plaintiff's Seventh and Ninth Causes of Action is Improper as the Causes of
            Action Are Legally Sufficient**
19

20          The legal sufficiency of claims may be challenged through a motion to dismiss under Rule

21   12(b)(6).  Navarro v. Block, 250 F. 3d 729, 732 (9th Cir. 2001).  Under Rule 12(b)(6), the *sole* reason

22   a claim may be dismissed is if "it appears beyond doubt that the plaintiff can prove no set of facts in

23   support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

24   Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996) (emphasis added).  Only where there

25   is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory

26   is dismissal proper.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In deciding

27   upon a Rule 12(b)(6) motion, the Court must accept as true all material allegations of the complaint as

28    well as all reasonable inferences to be drawn from them. Cahill, 80 F.3d at 338.  As discussed below,

---

1  Plaintiff's Seventh and Ninth causes of action are legally sufficient, not barred by the statute of

2  limitations, and thus must not be dismissed.

3            **1.    The Seventh Cause of Action For Failure to Pay Wages Under Labor Code**
                **Section 204 is Timely Filed and Thus Must Not Be Dismissed**
4

5  Section 204 of the Labor Code requires the payment of all wages by certain designated pay dates:

6                 All wages, other than those mentioned in Section 201, 202, 204.1,
7                 or 204.2, earned by any person in any employment are due and payable
                  twice during each calendar month, on days designated in advance by the
8                 employer as the regular paydays. Section 204(a)
9  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . . . . . . . . . . . . . . . .
10                [A]ll wages for labor in excess of the normal work period shall be paid no
                  later than the pay day for the next regular payroll period. Section 204(b)
11

12        Plaintiff's Seventh cause of action alleges Defendants failed to pay all wages timely under

13  Section 204**.**  To wit, Plaintiff claims, Defendants "failed to pay Plaintiff and other non-exempt

14  employees all wages by the time set forth by law through conduct set forth herein, thereby violating

15  Labor Code section 204**."**  *See* Complaint ¶¶ 76-78.

16        Defendants' <u>sole</u> argument for dismissal of the Seventh Cause of Action is predicated on its

17  entirely incorrect contention that Plaintiff seeks *only* a Section 210 civil penalty for Defendant's Section

18  204 violation.  If Plaintiff were to seek *only* a Section 210 penalty for the Section 204 violation, then

19  Defendants' argument concerning a one-year statute of limitation provided under Code of Civil

20  Procedure section 340(a) would be appropriate.  However, as discussed below, in addition to penalties

21  recoverable under the PAGA, Plaintiff seeks <u>unpaid wages</u> as relief for Defendants' violation of Section

22  204.  Thus, Defendants' argument that a one-year statute of limitations for penalties applies to the

23  Seventh cause of action is wholly inapplicable here as Plaintiff seeks unpaid wages under the Seventh

24  cause of action.[2]

25

26  ─────────────────

27        [2] An employee failing to receive the payment of all wages due under Section 204 may seek
       recovery of the <u>unpaid wages</u> through an action brought for the nonpayment of wages. *See* Section 218
28     "Nothing in this article shall limit the right of any wage claimant to sue directly...for any wages or
       penalty due him under this article." *See also* Sections 218.5 and 218.6 (discussing awards of attorneys'
       fees, costs and interests in actions brought for the nonpayment of wages due and payable under Part 1
       (commencing with Section 200) of Division 2 which covers Section 204).

1      Indeed, Plaintiff's Seventh cause of action seeks on behalf of himself and other employees "all

2   available remedies for Defendants' violations including, but not limited to any and all *wages due*,

3   penalties, monies, interest, attorney's fees, and costs." *See* Complaint e.g. ¶ 79 (emphasis added).

4   Additionally, in conjunction with the derivative unfair business practices claim (Tenth Cause of Action

5   for Violation of Business and Professions Code section 17200 *et seq.*), Plaintiff further alleges

6   Defendants' violation of Section 204 and seeks relief for injuries in the form of "injunctive relief and

7   restitution of all wages and monies due." *See* Complaint ¶¶ 94, 95,100-102. "Unpaid compensation,"

8   "unpaid wages," "injunctive relief," "attorney's fees," "interest," "costs," "penalties"and "restitution"

9   are all forms of relief sought for Defendants violation of Section 204. *See* Prayer for Relief ¶¶ 3, 6-10,

10  13.

11     Under California law, a **four-year statute of limitations** governs Plaintiff's **Seventh Cause of**

12  **Action**. *See* Cortez v. Purolator Air Filtration Products Company 23 Cal. 4th 163 (2000) (Any action

13  on any Unfair Competition cause of action is subject to the four-year period of limitations created by Cal.

14  Bus. and Prof. Code section 17208.). "Any business act or practice that violates the Labor Code through

15  failure to pay wages is, by definition (§17200), an unfair business practice." Cortez at 179.   Types of

16  remedies in an action subject to the four-year statute of limitations under Business and Professions Code

17  section 17208 include an order that earned wages due and payable pursuant to section 200 *et seq.* of the

18  Labor Code be paid and injunctive relief.  *See* Cortez at 177-178; *see also* Cal. Bus. and Prof. Code

19  section 17203 (restitutionary remedy and injunctive relief authorized by Section 17203, Cal. Bus. and

20  Prof. Code).  Moreover, independent of the four-year statute of limitations authorized under Business

21  and Professions Code section 17208, claims for unpaid wages are subject to the **three-year statute of**

22  **limitation.** *See* Cal. Code of Civ. Proc. section 338(a) (three-year statute of limitations exists for actions

23  based "upon a *liability created by statute*, other than a penalty or forfeiture" (emphasis added)); *See also*

24  Aubry v. Goldhor 201Cal. App.3d 399, 404 (1988).

25     Plaintiff commenced employment with Defendants on or about February 23, 2004 and ceased

26  his employment with Defendants on or about March 1, 2007. *See* Complaint ¶¶ 15, 16.  Consequently,

27  the last date to file a claim within the applicable statute of limitations for Defendants' violation of

28

---

1 | Section 204 is March 1, 2011.[3]   Plaintiff's Complaint was filed on or about March 27, 2008[4].

2 | Accordingly, because the governing statute of limitations for the Seventh cause of action is four-years

3 | (or three-years under Code of Civil Procedure section 338(a) without the derivative unfair business

4 | practices claim), Plaintiff's Seventh cause of action is clearly timely filed and must not be dismissed.

5 |          **2.     Plaintiff's Ninth Cause of Action For Failure to Provide and Maintain Itemized
           Wage Statements Under Labor Code Section 226 is Timely Filed Within the Statute
6 |          of Limitations and Thus Must Not Be Dismissed**

7 |          Plaintiff's Ninth cause of action alleges Defendants failed to provide and maintain itemized wage

8 | statements as required pursuant to Labor Code Section 226(a).  Section 226(a)  provides, in part:

9 |               Every employer shall, semimonthly or at the time of each payment of wages,
               furnish each of his or her employees, either as a detachable part of the check,
10 |              draft, or voucher paying the employee's wages, or separately when wages are
               paid by personal check or cash, an <u>accurate itemized wage statement in writing</u>
11 |              showing (1) <u>gross wages earned</u>, (2) <u>total hours worked by the employee</u>...,
               (4) <u>all deductions</u>...,(5) <u>net wages earned</u>, and (9) <u>all applicable hourly rates</u>
12 |              <u>in effect during the pay period and the corresponding number of hours worked</u>
13 |              <u>at each hourly rate by the employee</u>  The deductions made from payment of
               wages shall be recorded..., properly dated, showing the month, day, and year,
14 |              and a copy of the statement or record of the deductions **shall be kept on file**
15 |              **by the employer for at least three years**...."

16 |

17 |          The remedies available to Plaintiff for a Section 226(a) violation are found in subdivisions (e)

18 | and (g) of Section 226. First, Subdivision (e) of Section 226 provides:

19 |              An <u>employee suffering injury</u> as a result of a knowing and intentional failure
20 |              by an employer to comply with subdivision (a) is <u>entitled to recover the greater</u>
21 |              <u>of all</u> **actual damages** or fifty dollars ($50) for the initial pay period in which a
               violation occurs and one hundred dollars ($100) per employee for each violation
22 |              in a subsequent pay period, not exceeding an aggregate penalty of four thousand
23 |              dollars ($4,000), and is entitled to an award of costs and reasonable attorney's
               fees. (Emphasis added)
24 |

25 |

26 |              _____

27 |          [3] If Plaintiff had not alleged in his complaint the derivative unfair business practices claim under
       Business and Professions Code section 17200 *et. seq.,* the applicable statute of limitations would be the
       three-year period authorized pursuant to Code of Civil Procedure section 338(a).

28 |          [4] Defendants incorrectly cite March 28, 2008 as the filing date of the Complaint in the San Diego
       Superior Court.  The actual filing date is March 27, 2008.

1   Further, subdivision (g) of Section 226 provides:

2               An employee may also bring an action for **injunctive relief** to ensure compliance
3               with this section, and is entitled to an award of costs and reasonable attorney's
4               fees. (Emphasis added)

5       Plaintiff's **Ninth Cause of Action** is governed by a **four-year statute of limitations** because he

6   seeks actual damages for Defendants' violation of Section 226. *See* Cortez v. Purolator Air Filtration

7   Products Company 23 Cal. 4th 163 (2000). Furthermore, independent of the four-year statute of

8   limitations authorized under Business and Professions Code section 17208, the statute of limitation

9   applicable to the Ninth cause of action is the **three-year statute of limitation** as it is based "upon a

10  *liability created by statute*, other than a penalty or forfeiture." *See* Cal. Code of Civ. Proc. section 338(a)

11  (emphasis added). Defendants' reliance on Blackwell v. Skywest Airlines, Inc. 245 F.R.D. 453 (2007)

12  for the proposition that a one-year limitation period under Code of Civil Procedure section 340(a) applies

13  to Plaintiff's Ninth cause of action is misplaced. Here, Plaintiff seeks "actual damages" and "injunctive

14  relief" and thus the statute of limitations for a penalty is inapplicable. Under Section 226(e), lost wages

15  are a form of all actual damages. See Cornn v. United Parcel Service, Inc. 2006 U.S. Dist. LEXIS 9013,

16  10 (2006) (addressing § 226(e)'s plain language that "all actual damages" may be recovered by an

17  "employee suffering injury," the court held that lost wages is a form of "all actual damages," the statute

18  therefore need not specifically include the phrase "lost wages" to provide for wage relief as a potential

19  remedy.) Consequently, because Plaintiff commenced employment with Defendants on or about

20  February 23, 2004 and ceased his employment with Defendants on or about March 1, 2007, the last date

21  to file a claim seeking actual damages and injunctive relief within the  applicable statute of limitations

22  for Defendants' violation of Section 226 is March 1, 2011.[5] Plaintiff's Complaint was filed on or about

23  March 27, 2008. Plaintiff's Ninth cause of action is clearly filed timely must not be dismissed.

24      Defendants' sole argument for dismissal of the Ninth cause of action, like that of the Seventh

25  cause of action,  is grounded in its faulty contention that Plaintiff *only* seeks a penalty for violations of

26  Section 226(a). Contrary to Defendants' contention, Plaintiff does not seek *only* penalties for

27  _____

28      [5] If Plaintiff had not alleged in his complaint the derivative unfair business practices claim under
Business and Professions Code section 17200 *et. seq.,* the applicable statute of limitations would be the
three-year period authorized pursuant to Code of Civil Procedure section 338(a).

Defendants' Section 226(a) violations and thus Defendants' argument that a one-year statute of limitations is inapplicable here. Indeed, Plaintiff seeks, among other forms of relief, the recovery of <u>actual damages</u> and <u>injunctive relief</u> for Defendants' Section 226(a) violations. *See* Complaint, Ninth Cause of Action ¶ 91 ("all available remedies for Defendants' violations including, but not limited to *any and all wages due, overtime compensation, penalties, payments pursuant to Labor Code section 226(e), monies, interest, attorney's fees, and costs.*" (emphasis added)) Under Section 226(e), lost wages are a form of all "actual damages." *See* <u>Cornn v. United Parcel Service, Inc.</u> 2006 U.S. Dist. LEXIS 9013, 10 (2006) (addressing Section 226(e)'s plain language that "*all actual damages*" may be recovered by an "employee suffering injury," the court held that lost wages is a form of "all actual damages," the statute therefore need not specifically include the phrase "lost wages" to provide for wage relief as a potential remedy.)

Here, as alleged in the Ninth cause of action, Plaintiff alleges he and other employees suffered injuries, including lost wages, as a result of Defendants' failure to provide accurate itemized wage statements required by Section 226(a), including its failure to properly record total hours worked by automatically deducting time from the total hours recorded as worked. This automatic deduction reflected an incorrect amount of wages earned and time worked on the itemized wage statements. *See* Complaint ¶¶ 88-89. As a direct result of Defendants' violations, Plaintiff alleges that he and other employees were injured and have suffered and continue to suffer substantial losses related to Defendants' violations including loss of wage, loss of interest on such wages, loss of use and enjoyment of compensation owing to then, and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations. *See* Complaint ¶¶ 90-91.

Additionally, in conjunction with the derivative unfair business practices claim (Tenth Cause of Action for Violation of Business and Professions Code Section 17200 *et seq.*), Plaintiff further seeks relief for injuries relating to violations of Section 226(a) in the form of "injunctive relief and restitution of all wages and monies due." *See* Complaint ¶¶ 94, 95, 100-102. Moreover, "general damages," unpaid compensation," "monies pursuant to Labor Code § 226(e)," "injunctive relief as provided by the Labor Code and Business and Professions Code § 17200 *et. seq.*," "damages in the amount of unpaid compensation including, but not limited to unpaid wages, overtime wages, vacation wages, benefits and penalties according to proof, including interest thereon," "attorney's fees," "interest," "costs," "penalties," "restitution"and "compensation pursuant to Labor Code § 226.7(b)" are all forms of relief

1    claimed by Plaintiff in his Prayer for Relief.  *See* Complaint, Prayer for Relief e.g.  ¶¶ 1, 3, 5-13, 16.

2        Moreover, as detailed above, Section 226(a) requires that Defendants record and maintain for

3    *"at least three years"*  the deductions made from payments of wages.  *See* Section 226(a) (emphasis

4    added).  Clearly, anything less than a three-year statute of limitations here would be inapposite to a

5    statute requiring a minimum three years of record keeping.

6        Consequently, because the three-year and four -year statute of limitations under Section 338(a)

7    of the California Code of Civil Procedure and Section 17208 of the Business and Professions Code

8    govern the Section 226(a) violations asserted by Plaintiff, the Ninth cause of action is within the statute

9    of limitations.  Accordingly, the Ninth cause of action must not be dismissed.

10

11   **B.        Striking PAGA Allegations and Liquidated Damages is Improper as They are
             Material and Pertinent to the Complaint**

12

13       From any pleading, the court may order that any immaterial or impertinent matters be stricken.

14   Rule 12(f).   Matters that have no essential or important relationship to the claim for relief are

15   "immaterial."  5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Section 1382,

16   at 706-07 (1990).  "Impertinent" matters consists of statements not pertaining and not necessary to the

17   issues in question.  Id. at 711.  Allegations barred from being introduced at trial due to statute of

18   limitations are properly stricken under Rule 12(f).  Id. *at* 711-712.  Defendants' sole contention that

19   PAGA allegations and liquidated damages should be stricken is based on its incorrect assertion that the

20   statute of limitations precludes these forms of relief.  As demonstrated below, Plaintiff's claims for

21   PAGA penalties and liquidated damages are wholly within the applicable statute of limitations.

22   Accordingly, Defendants' motion to strike is improper and Plaintiff's allegations for PAGA penalties

23   and liquidated damages must remain.

24       1.      **Plaintiff's Request for PAGA Penalties, Including Penalty Amounts Specifically
                 Provided in Labor Code Sections 226.3 and 558, Is Timely Filed Under Section
                 2699.3(d)**

25

26

27       Plaintiff brings his action on behalf of "current and former employees" of Defendants to recover

28   civil penalties under the PAGA (Labor Code section 2699).  *See* Complaint ¶ 30.  The Complaint

1  alleges: (1) Plaintiff is an "aggrieved employee" as defined in PAGA; (2) the action involves allegations

2  of violations that provide for a civil penalty or for which a civil penalty is established under Labor Code

3  section 2699(f); (3) Plaintiff has satisfied the procedural requirements of PAGA under Section 2699.3

4  prior to filing the complaint, and (4) Plaintiff filed the Complaint to recover penalties for violations of

5  the Labor Code which include but are not limited to underpaid/unpaid wages which are to be paid to the

6  affected employees pursuant to Labor Code section 558 subdivisions (a)(1) and (a)(3). *See* Complaint

7  ¶ 30 (a)-(d).

8          Defendants incorrectly claim that Plaintiff's request for penalties under PAGA are barred by the

9  one-year statute of limitations found in Code of Civil Procedure section 340(a). Indeed, at the heart of

10  Defendants' argument is its overlooking of two important provisions of the PAGA.

11          First, because filing a civil action for penalties under the PAGA requires the exhaustion of an

12  administrative remedy, the statute of limitations under the PAGA is, by statute, extended by the amount

13  of time required by the PAGA statute to exhaust the administrative remedy. To wit, Section 2699.3(d),

14  which Defendants do not address, states "the period specified in this section are not counted as part of

15  the time limited for the commencement of the civil action to recover penalties under this part."

16  Accordingly, because an aggrieved employee may commence a civil action pursuant to Section 2699

17  *only after* the employee receives notice from the Labor Workforce Development Agency that it does not

18  intend to investigate the alleged violations or after 33 calendar days of the employee's notice to the

19  LWDA, if no notice is provided after 33 calendar days, Plaintiff's statute of limitations is actually

20  extended by the amount of time specified by Section 2699.3(a). *See* 2699.3(a)(2)(A).

21          Here, Plaintiff's Complaint alleges his employment ended on or about March 1, 2007 and that

22  on February 8, 2008, pursuant to Section 2699.3, he served his notice via certified mail to both the

23  LWDA and his former employer. Plaintiff further alleges that on March 10, 2008, the LWDA provided

24  notice to Plaintiff and his former employer that it did not intend to investigate the claims. *See* Complaint

25  ¶ 30(c). Accordingly, the thirty-one (31) day period that elapsed between February 8, 2008 and March

26  10, 2008 is " not counted as part of the time limited for the commencement of the civil action to recover

27  penalties under" the PAGA *See* Section 2699.3(d). Therefore because Plaintiff filed his Complaint on

28  March 27, 2008, a year and twenty-six days after his alleged last date of employment, the Complaint is

1   timely filed within the statute of limitations of one-year and thirty-one (31) days.

2        Defendants further erroneously contend that penalty amounts specifically provided under Labor

3   Code sections 226.3 and 558 are time barred by the one-year statute of limitations under Code of Civil

4   Procedure section 340(a). Defendant is incorrect. Section 2699 (f) of the PAGA provides that for all

5   provision of the Labor Code in which a civil penalty is specifically provided, that civil penalty amount

6   is collectable under the PAGA. If no civil penalty amount is specifically provided for by the specific

7   Labor Code provision, then Section 2699(f)(1)-(2) establishes the amount. Consequently, although all

8   civil penalties are collectable under the purview of Sections 2699(a) and (f) of the PAGA, the civil

9   penalty amounts for Sections 226.3 and 558 are specifically provided for in these sections and thus the

10  reference to these sections in Plaintiff's complaint are material to the amounts Plaintiff is entitled to seek

11  for penalties recoverable under the PAGA.

12       Accordingly, because (1) Plaintiff's PAGA claims are properly brought within the statute of

13  limitations as extended pursuant to Section 2699.3(d) and (2), Plaintiff seeks the specified amounts of

14  the Section 226.3 and 558 penalties under the parameters of the PAGA, the allegations concerning the

15  penalties and "represented employees" are material and pertinent to Plaintiff's PAGA claims and thus

16  must not be stricken.

17         **2.    Plaintiff's Request for Liquidated Damages Under Labor Code Section**
                 **1194.2 Is Timely and Thus Must Not be Stricken**
18

19       Under Section 1194(a), "in any action under Section 1194 to recover wages because of the

20  payment of a wage less than the minimum wage . . . an employee shall be entitled to recover

21  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

22  Liquidated damages under Section 1194.2 is subject to the **three-year statute of limitations**

23  generally applicable to the non-payment of wages. *See* Culver v. Bell & Loffland, Inc. 146 F.2d 29

24  (1944) (holding that claims for liquidated damages under the FLSA are subject to the same statute of

25  limitations - three years- for the recovery of the non-payment of wages). Culver relied on the test

26  used in the leading case of Huntington v. Attrill 146 U.S. 657 (1892), where the Supreme Court held

27  that liquidated damages for failure to pay minimum wages are compensation, not a penalty or

28  punishment. *See* Huntington v. Attrill 146 U.S. 657, 667-668, 674, 681 (1892). The Huntington

1   test was further applied by the California Court of Appeals in <u>Chavaria v. Superior Court of Fresno</u>,

2   40 Cal. App. 3d 1073 (1974). The <u>Chavaria</u> court, in addressing whether a suit for double damages

3   under Labor Code sections 970 and 972 should be classified as a suit for penalties, held under the

4   <u>Huntington</u> criteria plaintiffs were simply seeking to enforce a liability. Therefore, the one-year

5   statute of limitations applicable to enforcing penalties was inapplicable to double damages under the

6   Labor Code. Liquidated damages under Section 1194.2 are therefore governed by the three-year

7   statute of limitations enforcing a liability, not a penalty. Accordingly, Defendants' assertion that the

8   one-year statute of limitations under Code of Civil Procedure section 340(a) is incorrect.

9       Finally, Section 1194.2 liquidated damages are discretionary. *See* Section 1194.2(b) ("...the

10  court may, in its discretion, refuse to award liquidated damages or award any amount of liquidated

11  damages not exceeding the amount specified in subdivision (a)). The one-year statute of limitations

12  Defendants wish to apply here under Code of Civil Procedure section 340(a) therefore does not

13  apply, assuming arguendo Section 1194.2 is considered a penalty, because the one-year statute only

14  applies where the penalty is mandatory. *See* <u>Meneffee v. Ostawari</u> 228 Cal. App. 3d 239 (1991).

15  Indeed, "if the one-year limitations period applied to discretionary penalties, a plaintiff would be

16  placed in the untenable position of being unable to determine the applicable statute of limitations

17  until after the trial, when the court determined whether to allow up to double damages." <u>Holland v.</u>

18  <u>Nelson</u> 5 Cal. App. 3d 308 (1970).

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

### III.

### CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss and Strike must be denied in its entirety.  Alternatively, Plaintiff requests leave to amend the Complaint to assert further allegations should Defendants' Motions be granted in any way.

Dated: June 9, 2008                     GRACE HOLLIS & HANSON LLP

By: _____
                     Diane E. Richard, Esq.
                     Attorney for Plaintiff

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| **TITLE OF CASE** (Abbreviated)<br>KIRKLAND SINGER et al. v. BECTON et al. | |

**ATTORNEY(S) NAME AND ADDRESS   TELEPHONE & FACSIMILE NOS.**
Kirk D. Hanson, Esq. # 167920                              (619) 692-0800
Diane E. Richard, Esq. # 204897                           (619) 692-0822 fax
GRACE HOLLIS & HANSON LLP
3555 Fifth Avenue
San Diego, CA 92103

| **ATTORNEY(S) FOR:**<br>Plaintiff | **HEARING: DATE-TIME-DEPT:**<br>JUNE 23, 2008, COURTROOM 1 | **CASE NUMBER:**<br>08CV0821 IEG (BLM) |
|---|---|---|

**PROOF OF SERVICE**

I am a resident of the state of California over the age of 18 years, and not a party to the within action. My business address is 3555 Fifth Avenue, San Diego, CA 92103. On **JUNE 9, 2008**, I served the following documents:

(1) PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

on the interested party in this action by:

X_____    **Personal Service:** I personally delivered the documents to the persons at the addresses listed. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

_____    **U.S. Mail:** I placed a copy in a separate envelope, with postage fully prepaid, for each address listed or on the attached service list for collection and first class mailing on the below indicated date. I am readily familiar with the practices of GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP for collection and processing of correspondence for mailing with the United States Postal Service.

_____    **Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

| Attorneys for Defendants<br><br>Van A. Goodwin<br>Denise M. Visconti, Esq.<br>Littler Mendelson<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101 | tel.(619) 232 0441<br>fax.(619)232 4302 |
|---|---|

XX_____    STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on **June 9, 2009.**

_Kevin Van Luven_
Kevin Van Luven