DENISE M. VISCONTI, Bar No. 214168
dvisconti@littler.com
VAN A. GOODWIN, Bar No. 095170
vgoodwin@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA  92101-3577
Telephone:  (619) 232-0441
Facsimile:  (619) 232-4302

Attorneys for Defendants
BECTON DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC. (erroneously
sued as Med-Safe Systems, Inc. d/b/a BD Medical)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current and Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 Inclusive, <br><br> Defendant. | Case No.  08CV0821 IEG (BLM) <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT** <br><br> Date:      June 23, 2008 <br> Time:     10:30 a.m. <br> Judge:    Hon. Irma E. Gonzalez <br> Courtroom: 1 |

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619.232.0441

FIRMWIDE:85507009.2 045252.1087                                08CV0821 IEG (BLM)

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

## I.
## INTRODUCTION

In his Opposition to Defendants' Motion to Dismiss and Motion to Strike Allegations from Plaintiff's Complaint ("Motion"), Plaintiff side-steps the specific provisions of the California Labor Code set forth in his Complaint and Prayer for Relief in an attempt to survive Defendants' Motion. Specifically, to preserve his statutorily-barred Seventh and Ninth Causes of Action, Plaintiff ignores the specific language set forth in Labor Code sections 204 and 226 and, instead, cites to statutes and cases completely unrelated to his actual claims in this case. Furthermore, Plaintiff asks this Court to add terms to the provisions of the Private Attorneys General Act, as well as to the Labor Code provisions that he relies upon for his claim for liquidated damages, in an effort to preserve those claims. This Court must rely on the plain reading of the Labor Code and California Code of Civil Procedure, which explicitly establishes a one-year limitations period for the causes of action, allegations and Prayer for Relief at issue in this Motion. In short, because Plaintiff filed his Complaint twenty-six days after the limitations on these claims and requests for penalties expired, Defendants' Motion should be granted without leave to amend.

## II.
## ARGUMENT

**A.    Plaintiff's Seventh Cause of Action For Alleged Violations of Labor Code Section 204 Is Barred By The One-Year Limitations Period Applicable To This Cause of Action.**

As Defendants demonstrated in their moving papers, Labor Code section 204 sets forth semi-monthly payment obligations and exceptions thereto. *See* Cal. Labor Code § 204; Motion at 3-4. The remedy for alleged violations of Labor Code section 204, *i.e.* the failure to timely pay wages during employment, is set forth under Labor Code section 210. *See* Cal. Labor Code § 210.

In his Opposition, however, Plaintiff cites to two sentences set forth in Labor Code section 204 that contain the word "wages" and offers this as support for the proposition that "Plaintiff seeks unpaid wages as relief for Defendants' violation of Section 204." Opposition Brief, p. 4. However, despite Plaintiff's argument to the contrary, Labor Code section 204 does not provide for the payment of any wages nor create any substantive right to wages whatsoever. *See* Cal. Lab. Code § 204. Rather, as the plain language of the statute states, Labor Code section 204 establishes the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

FIRMWIDE:85507009.2 045252.1087                    08CV0821 IEG (BLM)

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1   **timing** of payment of wages to which Plaintiff might be entitled:

2   > All wages, other than those mentioned in Section 201, 202, 204.1, or
3   > 204.2, earned by any person in any employment **are due and payable
    > twice during each calendar month**, on days designated in advance by the
4   > employer as the regular paydays. **Labor performed between the 1st and
    > 15th days, inclusive, of any calendar month shall be paid for between
5   > the 16th and the 26th day of the month during which the labor was
    > performed, and labor performed between the 16th and the last day,
    > inclusive, of any calendar month, shall be paid for between the 1st and
6   > 10th day of the following month**....

7   Cal. Lab. Code § 204(a). The "wages" referred to in Labor Code section 204(a) are established in

8   other sections throughout the Labor Code, including (to name a few) minimum wages, under Labor

9   Code section 1197 and the applicable Wage Order; overtime wages under Labor Code section 510

10  and the applicable Wage Order; reporting time pay provided for in the Wage Order; and vacation

11  wages under Labor Code section 227.3. Plaintiff acknowledges as much by alleging, throughout his

12  Complaint, causes of action for each such category of wages that he alleges is due him. *See*

13  Complaint, Third Cause of Action for Minimum Wages, Fourth Cause of Action for Overtime

14  Wages, Fifth Cause of Action for Reporting Time Wages, and Sixth Cause of Action for Vacation

15  Wages. Therefore, any purported "wages" that Plaintiff is seeking under Labor Code section 204

16  simply would be repetitive and render superfluous all of his other causes of action in this case.

17  Moreover, in purportedly seeking to recover "wages" he suggests are provided for under

18  Labor Code section 204, Plaintiff misrepresents the right provided for by that statute. As the plain

19  language of Labor Code section 204 makes clear, the **only** right furthered by that section is the

20  **timely** payment of wages. *Id.* Indeed, as the California court of appeal has noted:

21  > **[T]he sole purpose of section two of the Act in question [currently
    > Labor Code section 204] is to require an employer of labor who comes
22  > within its terms to maintain two regular pay days each month, within
    > the dates required in that section**....It will be observed that section two
23  > does not attempt to fix a maximum or minimum wage to be paid, nor does
    > it leave to a commission or any other body the right to fix wages or hours
24  > of labor. It does not attempt to limit the hours or conditions of labor nor
    > interfere with the freedom of contracts on these subjects.
25

26  In re Application of Moffett, 19 Cal. App. 2d 7, 13 (Cal. App. 1937). It is this "sole purpose" – and

27  not Plaintiff's Complaint or argument that he is seeking "wages" under Section 204 – which must

28  drive the analysis as to which statute of limitations applies to this cause of action. *See* Barton v.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

FIRMWIDE:85507009.2 045252.1087          2.          08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1  New United Motor Mfg., Inc., 43 Cal. App 4th 1200, 1207 (1996) ["what is significant for statute of

2  limitations purposes is the primary interest invaded by defendant's wrongful conduct"].  Here, the

3  primary interest furthered by Labor Code section 204 is the **timeliness** of the wages paid and not, as

4  Plaintiff argues, the actual wages themselves.  Moffett, *supra*.

5      By arguing the limitations period applicable to Labor Code section 204 is the three-year

6  limitations period applicable to wage claims,[1] Plaintiff ignores the fact that the **only** remedy for

7  failing to comply with Labor Code section 204 is set forth in Labor Code section 210.  *See* Cal. Lab.

8  Code § 210. As Section 210 makes clear, those remedies **only include civil penalties**:

9           In addition to, and entirely independent and apart from, any other **penalty**
            provided in this article, every person who fails to pay the wages of each
10          employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and
            1197.5, shall be **subject to a civil penalty** ...
11

12  *Id.* [emphasis added].

13      Moreover, if the Legislature had wanted to designate as wages the remedies available for a

14  violation of Labor Code section 204, it could have done so as it did in Labor Code section 203,

15  which specifically states that "[s]uit may be filed for these penalties at any time before the expiration

16  of the statute of limitations on an action for the wages from which the penalties arise." *Id.* § 203.

17  But the Legislature did not so designate the remedies available for a violation of Labor Code section

18  204. Rather, the **only** remedy the Legislature established for an employer's failure to comply with

19  the semi-monthly payment obligations prescribed under Section 204 appears in Labor Code section

20  210, is a **penalty** and, thus, subject to the one-year limitations period.  *See* Cal. Code Civ. Proc.

21  340(a) [one-year statute of limitations applies to actions upon a statute for a "penalty or forfeiture"].

22      Plaintiff nevertheless attempts to bootstrap the provisions of Labor Code sections 204 and

23  210 to Labor Code section 218 in footnote 2 of his Opposition by suggesting that Labor Code

24  section 218 somehow permits him to seek wages due him under Labor Code section 204.  *See*

25  Opposition, p. 4, fn. 2.  However, Labor Code section 218 (which provides that "Nothing in this

26  article shall limit the right of any wage claimant to sue directly or through an assignee for any wages

27

28  _____
    [1] Plaintiff argues that this might be extended to four years for any non-payment of wages pursuant to California Business & Professions Code section 17200, *et seq.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1    or penalty due him under this article.") does not alter the fact that **there is no substantive right to**

2    **wages provided for under Labor Code section 204**. Nor does Labor Code section 218 contain any

3    language that would support Plaintiff's proposition that Labor Code section 218 is a vehicle for the

4    recovery of wages under Labor Code section 204.

5         Likewise, Plaintiff's suggestion that the actual filing date of the Complaint in the San Diego

6    Superior Court was March 27, 2008 – despite the fact that the file-stamp date on the Complaint reads

7    March 28, 2008 – does not change the fact that his claim for relief under Labor Code section 204 is

8    statutorily barred. Opposition, p. 4, fn. 3. As Plaintiff alleges, **his employment with Defendants**

9    **ended on March 1, 2007.** *See* Complaint ¶ 16. Because Plaintiff did not file his Complaint in this

10   matter until March 28, 2008 (or March 27, 2008, as he now claims), he clearly missed the applicable

11   limitations period for recovery of penalties due for any alleged violation of Labor Code section 204

12   by twenty-six days. *See* Cal Code Civ. Proc. 340(a).

13        Accordingly, Plaintiff cannot cobble together various provisions of the Labor Code to

14   circumvent the one-year statutory period for civil penalty recovery under Code of Civil Procedure

15   340(a). *See* Cal. Code Civ. Proc. 340(a). Plaintiff's Seventh Cause of Action for penalties under

16   Labor Code section 204, thus, must be dismissed from this action.

17   **B.**    **Plaintiff's Attempt To Save His Ninth Cause Of Action Ignores Clear California**
        **Precedent Regarding The One-Year Limitations Applicable To Sections 226(a) And (e).**

18

19        As Defendants have demonstrated in their Motion, Labor Code section 226(a) requires an

20   employer to maintain itemized wage statements and any failure so to do may result in a penalty as

21   provided for under Section 226(e). *See* Motion at 4-5. Plaintiff nonetheless argues that his cause of

22   action under Labor Code sections 226(a) and (e) is subject to the three-year statute of limitations

23   applicable to wage claims; *see* Cal Code Civ. Proc. 338(a), as extended to four years by California

24   Business & Professions Code section 17200, *et seq.* Opposition, p. 7 [citing Cornn v. United Parcel

25   Workers, 2006 U.S. Dist. LEXIS 9013 (N.D. Cal. 2006)]. However, Plaintiff's reliance on Cornn

26   for the proposition that a statutory period of at least three years should apply to his Ninth Cause of

27   Action for relief under California Labor Code section 226 is misplaced. In Cornn, the question

28   before the District Court did not even involve the applicable statute of limitation that should be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:85507009.2 045252.1087       4.       08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1    applied to recovery for violations of Labor Code Section 226. *Id.*. Rather, the issue addressed by

2    the District Court, on a motion for summary judgment, was whether or not the employer had actually

3    committed a violation of Labor Code section 226(a) so as to subject the employer to the aggregate

4    penalty provided for under Section 226(e). *Id.* at *3-7.

5           This Court previously analyzed in Blackwell v. SkyWest Airlines, 245 F.R.D. 453 (S.D. Cal.

6    2007), the appropriate limitations period applicable to a claim under Labor Code section 226:

7    "[r]ecovery under § 226(a) constitutes a penalty and is therefore governed by a one-year statute of

8    limitations under California Code of Civil Procedure § 340(a)." 245 F.R.D. at 462-463. While

9    Plaintiff states that "Defendants' reliance [on Blackwell] ... is misplaced," and urges the Court to

10   ignore the case law from this jurisdiction that requires dismissal of his wage statement claim, he

11   does not cite a single case to support his counter-argument. *See* Opposition, p. 7. Plaintiff also

12   urges this Court to ignore the plain statutory language of Labor Code section 226(e), which clearly

13   states that recovery under Labor Code section 226(e) constitutes a penalty. *See* Cal. Lab. Code §

14   226(e) [providing for recovery "not exceeding an **aggregate penalty** of four thousand ($4,000) ..."].

15   However, as recently as April 30, 2008, the California court of appeal rejected this same argument:

16           The trial court ruled that these damages [under Labor Code section 226(a)

17   and 226(e)] were in the nature of a penalty, and thus subject to the one
        year statute of limitations of Code of Civil Procedure section 340,

18           subdivision (a). Plaintiffs argue that the statutory language does not
        support that finding... **The Legislature used the word "penalty" to**

19   **describe the monies recoverable under section 226.** As our Supreme
        Court noted, the Legislature is well aware of the one-year statute of

20           limitations for the recovery of a statutory penalty, such that it will
        specifically include a different limitations period if it does not wish the

21           one-year period to apply. (Murphy v. Kenneth Cole Productions, Inc., []
        40 Cal. 4th at pp. 1108-1109). No different limitations period appears in

22           the statute. **Consequently, the trial court did not err in concluding that**
        **the wage statement claims were in the nature of a penalty subject to**

23   **the one year statute of limitations of Code of Civil Procedure section**
        **340, subdivision (a).**

24   Hoffman v. Uncle P Prod., LLC, 2008 Cal. App. LEXIS 3609 (Cal. App. 2d Apr. 30, 2008). Thus,

25   Plaintiff's argument that his wage claim is seeking damages ignores the plain language of Labor

26   Code sections 226(a) and (e), which clearly provide that any alleged violations of these statutes are

27   subject to a penalty, for which the one-year statute of limitations applies. Thus, Plaintiff's Ninth

28   Cause of Action for alleged wage statement violations under Labor Code section 226 is subject to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85507009.2 045252.1087        5.        08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1  dismissal because it is statutorily barred by the applicable one-year limitations period.

2  **C.    The Private Attorneys General Act Required That Plaintiff File His Claims**
        **Thereunder Within One Year Of Leaving His Employment And His Untimely**
3       **Filing Statutorily Bars Plaintiff's PAGA Allegations.**

4          As Defendants demonstrated in their Motion, numerous courts that have addressed the

5  limitations period applicable to a claim filed under the PAGA have found that the "civil penalties"

6  Plaintiff seeks to recover under the PAGA are subject to the one-year limitations period prescribed

7  therein. *See* Thomas v. Home Depot USA, Inc., 527 F.Supp.2d 1003, 1007-08 (N.D. Ca. 2007);

8  Moreno v. Autozone, No. C05-04432, 2007 U.S. Dist. LEXIS 43873, 2007 WL 1650942, at *2-4

9  (N.D. Cal. June 5, 2007); De Simas v. Big Lots Stores, Inc., No. C06-6614, 2007 U.S. Dist. LEXIS

10  19257, 2007 WL 686638, at *3-4 (N.D. Cal. March 2, 2007)]. Statutes of limitations govern when a

11  particular claim or cause of action must be filed with the court. *See* Cal. Code Civ. Proc. § 312

12  ["Civil actions, without exception, can only be commenced within the periods prescribed in this title,

13  after the cause of action shall have accrued..."]. Thus, Plaintiff was required to commence his

14  claims under the PAGA within one year of such cause of action accruing, or by March 1, 2008.

15          The statutorily-mandated notice requirements of the PAGA, outlined in Labor Code section

16  2699.3(a)(1), do not alter this timeframe. *See* Wilson v. People, 271 Cal. App. 2d 665, 669 (1969)

17  [the mere existence of statutory conditions precedent to maintaining a suit does not affect the date on

18  which the cause of action is considered to have accrued]. Indeed, unlike traditional statutes of

19  limitation articulated by the Legislature, the deadlines established under the PAGA require Plaintiff

20  to establish certain conditions, including notification of the LWDA and his employer, prior to filing

21  suit. *See* Lab. Code § 2699.3(a)(1). However, these are not exhaustion requirements but, rather,

22  essential elements of a claim under the PAGA. *Id.* § 2699.3(b) [outlining the prerequisites that must

23  be met prior to filing a civil action]; Rylaarsdam and Turner, CALIFORNIA PRACTICE GUIDE:

24  STATUTE OF LIMITATIONS (The Rutter Group) Ch. 1:50 (2008) [distinguishing between a limitations

25  period and the prerequisites to filing suit under the PAGA as "an essential element of the claim itself

26  and thus prerequisites to suit"]. Thus, Plaintiff was required to satisfy these requirements prior to

27  alleging a cause of action under the PAGA, but such requirements did not excuse or otherwise

28  permit him to simply ignore the one-year statute of limitations applicable to such allegations.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85507009.2 045252.1087                6.                08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1    This is particularly true in view of the fact that Plaintiff could have filed his lawsuit while

2    also pursuing his notice requirements under the PAGA and thereby meet the limitations period

3    applicable to such claims.   Indeed, the plain language of the PAGA permits an "aggrieved

4    employee" the ability to "amend an existing complaint to add a cause of action arising under

5    [Section 2699.3] at any time within 60 days of the time periods specified..." Lab. Code §

6    2699.3(a)(2)(C). Thus, Plaintiff could (and should) have filed suit within the one-year limitations

7    period in order to preserve his claims and thereafter sought to amend his Complaint.

8    Plaintiff nevertheless argues that his Complaint containing PAGA allegations is timely based

9    upon Labor Code section 2699.3(d), which states that "the periods specified in this section are not

10   counted as part of the time limited for the commencement of the civil action to recover penalties."

11   Cal. Lab. Code § 2699.3(d). However, Plaintiff's reading of Labor Code section 2699.3(d) is

12   misplaced.   If this Court were to accept Plaintiff's argument that a PAGA claim somehow is

13   extended by the time periods articulated in Labor Code section 2699.3, such an interpretation

14   potentially would allow any allegedly "aggrieved employee" unlimited time to file a civil action

15   because Labor Code section 2699.3 places absolutely no time limit on when a plaintiff may file a

16   civil action.   Rather, the PAGA states that an "aggrieved employee" can file suit (1) any time after

17   the LWDA notifies him that it does not intend to investigate the violations alleged by the employee

18   or, alternatively, (2) any time if the LWDA fails to notify the employee within 33 days. *See* Lab.

19   Code § 2699.3(a)(2)(A). Such open-ended timeframes during which an employee is permitted to file

20   suit – and as Plaintiff apparently argues during which the applicable limitations period apparently is

21   suspended – potentially would render the applicable one-year statute of limitations meaningless.

22   *Compare* Lab. Code § 2699.3(a)(2)(A) *with* Gov't. Code § 12960(d) [requiring an administrative

23   complaint to be filed with the Department of Fair Employment and Housing within one year of the

24   date the alleged unlawful practice occurred] and Gov't. Code § 12965(b) [requiring a civil complaint

25   to be filed within one year after the date of a right-to-sue notice from the California Department of

26   Fair Employment and Housing].

27   Indeed, if the California Legislature meant to expand or otherwise toll the statutorily

28   prescribed limitations period applicable to Labor Code section 2699, it would have specifically set

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

FIRMWIDE:85507009.2 045252.1087                7.                08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1    this out in the statute as it has in other instances. *See, e.g.*, Cal. Code Civ. Proc. § 364(d) ["If the

2    notice is served within 90 days of the expiration of the statute of limitations, the time for the

3    commencement of the action shall be extended 90 days from the service of the notice."]; Cal. Civil

4    Code § 927 ["If the applicable statute of limitations has otherwise run during this process, the time

5    period for filing a complaint or other legal remedies for violation of any provision of this title, or for

6    a claim of inadequate repair, is extended from the time of the original claim by the claimant to 100

7    days after the repair is completed..."]. In this instance, however, the Legislature did not.

8        Accordingly, because Plaintiff failed to meet the one-year limitations period applicable to his

9    PAGA allegations in this action, such allegations pertaining to civil penalties and purporting to

10   proceed on behalf of other employees of Defendants to whom such penalties allegedly are due must

11   be stricken as time-barred under the one-year statute of limitations applicable to a PAGA claim.

12   **D.    Plaintiff's Erroneous Inclusion Of Labor Code Sections 226.3 And 558 Under PAGA
           Is Improper And Cannot Save These Time-Barred Allegations For Civil Penalties.**

13

14       Plaintiff alleges in his Complaint that he is seeking to recover from Defendants civil penalties

15   pursuant to California Labor Code sections 226.3 and 558. *See* Complaint ¶ 3, 12, 28. He suggests

16   in his Opposition, without any support therefor, that such "penalties" are "PAGA penalties" and,

17   therefore, are timely for the same reasons outlined above. Opposition, p. 9. However, the PAGA

18   lists all of the provisions of the California Labor Code to which section 2699.3(a) of the PAGA

19   applies and neither Labor Code section 226.3 nor section 558 is included in that list. *See* Cal. Lab.

20   Code § 2699.5. Hence, to determine the timeliness of Plaintiff's allegations for "civil penalties"

21   under Labor Code sections 226.3 and 558, this Court only need look at the one-year limitations

22   period specified in Code of Civil Procedure section 340(a). Because Plaintiff filed his Complaint in

23   this action after that one-year limitations period expired, his allegations for civil penalties under

24   Labor Code sections 226.3 and 558 must be stricken as untimely.

25   **E.    Plaintiff's Attempt To Save His Claim for Liquidated Damages Fails
           And Those Allegations Should Be Stricken From His Complaint.**

26

27       As noted in Defendants' Motion, Plaintiff's request for liquidated damages under Labor

28   Code section 1194.2 is a request for double damages, which according to the California Supreme

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

FIRMWIDE:85507009.2 045252.1087          8.                    08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1   Court is a penalty. Murphy v. Kenneth Cole Productions, Inc.: 40 Cal. 4th 1094, 1104 (2007) [*citing*

2   Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236, 1242 (1998), penalties

3   provide for "'recovery of damages additional to actual losses incurred, such as double or treble

4   damages ....'"]. Thus, Plaintiff's cause of action for liquidated damages clearly is governed by the

5   one-year limitations period specified in Code of Civil Procedure section 340(a).

6       In attempting to prevent his allegations for liquidated damages under Labor Code section

7   1194.2 from being stricken, Plaintiff weaves together sentences from various cases which did not

8   address liquidated damages under this statutory section. Opposition, pp. 11-12 [*citing* Huntington v.

9   Attrill, 146 U.S. 657, 667-68 (1892); Chavaria v. Superior Court of Fresno, 40 Cal App. 3d 1073

10  (1974)]. However, Huntington, which resolved whether a bill in equity filed in the Circuit Court of

11  Baltimore City by a resident of New York could be enforced against a Maryland corporation and

12  residents of Canada, certainly is not dispositive of the appropriate statute of limitations to be applied

13  to Labor Code section 1194.2. Likewise, in Chavaria, the "sole issue [was] whether petitioners

14  [would] be deprived of their remedy of double damages under Labor Code sections 970 and 972 if

15  the action [was] tried in Texas," which is completely unrelated to the statutory provisions applicable

16  to Section 1194.2. As such, none of the cases cited by Plaintiff establish that the appropriate statute

17  of limitations for a claim brought pursuant to Labor Code section 1194.2 is anything but one year.

18      Plaintiff also cites Culver v. Bell & Loffland, Inc., 146 F.2d 29 (1944), which construed the

19  liquidated damages clause provided in Section 16 of the Fair Labor Standards Act. However, as the

20  United States Supreme Court in Huntington made clear, the word "penalty" in a federal statute often

21  has a different meaning than the same word in a state statute. Huntington v. Attrill, 146 U.S. at 668.

22  Thus, like the other cases cited by Plaintiff, such case is not dispositive as to the limitations period

23  applicable to his claims brought pursuant to Labor Code section 1194.2. This is particularly true

24  given that the California Supreme Court clearly has defined what does and does not constitute a

25  penalty under California law:

26          [T]he Legislature certainly knows how to impose a penalty when it wants
            to, having established penalties in many Labor Code statutes by using the
27          word "penalty." ... **Other penalties took the form of double or treble**
            **damages. (E.g., §§ 230.8 [three times lost wages and benefits], 2140.8**
28          **[double health insurance coverage fee].) These penalties are imposed**

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1     **in addition to any compensation for damages.** (E.g., §§ 230.8 [penalty
2     is in addition to recovery of lost wages], 1197.1 [penalty is in addition to
      recovery of unpaid wages].).

3     Murphy, *supra*, 40 Cal. 4th at 1108-1109 [emphasis added]. *See also* <u>Miller v. Municipal Court</u>, 22

4     Cal. 2d 818, 837 (1943) [finding a penalty "any law compelling a defendant to pay a plaintiff other

5     than what is necessary to compensate him for a legal damage done him by the former"].[2]  The fact

6     that Section 1194.2 provides for double any compensation potentially due Plaintiff clearly indicates

7     that, under <u>Murphy</u>, it is a penalty and thus subject to the one year limitations period for civil penalty

8     recovery under Code of Civil Procedure 340(a). Therefore, Plaintiff's allegations pertaining to such

9     penalties must be stricken from his Complaint as immaterial and impertinent.

10
                                      **III.**
                                  **CONCLUSION**
11

12        Based on the arguments in their moving papers and set forth above, Defendants respectfully

13    request this Court to grant their Motion to Dismiss Plaintiff's Seventh and Ninth Causes of Action

14    and their Motion to Strike Plaintiff's request for civil penalties and liquidated damages under Labor

15    Code sections 226.3, 558, and 1194.3, as well as his allegations under the PAGA.

16    DATED: June  _16_ , 2008                  LITTLER MENDELSON
                                                A Professional Corporation
17

18                                              By: s/Denise M. Visconti
                                                    DENISE M. VISCONTI
19

20                                              Attorneys for Defendants
                                                BECTON, DICKINSON AND COMPANY
21                                              and MED-SAFE SYSTEMS, INC.

22
      _____
23    [2] The California courts apparently have not as yet interpreted for limitations purposes Labor Code section 1194.2.
      However, multiple courts have considered the applicability of both California Code of Civil Procedure section 338(1), a
      three-year limitations period, and Section 340(1), a one-year limitations period, on several occasions in cases involving
24    circumstances closely analogous to those presented at bar.  For example, a statutory provision for recovery of twice the
      amount paid to a decedent in excess of legally-incurred payments under the State Old Age Security Law has been
25    characterized as "penal", and hence the one-year period of limitation specified in California Code of Civil Procedure
      section 340(1) was held applicable. <u>Department of Social Welfare v. Stauffer</u>, 56 Cal. App. 2d 699 (1943).  The same
26    result was reached where "liquidated damages" were imposed by statute for failure of gas and electric companies to
      supply requisite power. <u>Hansen v. Vallejo Electric Light & Power Co.</u>, 182 Cal. 492 (1920). California courts also have
      characterized as "penal": a statutory provision for double damages in trespass actions involving timber, <u>Helm v.</u>
27    <u>Bollman</u>, 176 Cal. App. 2d 838 (1959); a statutory provision for treble damages in actions for unlawful detainer, <u>Gwinn</u>
      <u>v. Goldman</u>, 57 Cal. App. 2d 393 (1943); and treble-damage causes under the Federal antitrust laws, <u>Leh v. General</u>
28    <u>Petroleum Corp.</u>, 330 F.2d 288 (9th Cir. 1964), *reversed on other grounds*, 382 U.S. 54 (1965).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85507009.2 045252.1087                10.                  08CV0821 IEG (BLM))

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE

1

# CERTIFICATE OF SERVICE

2

            I am a resident of the State of California, over the age of eighteen years, and not a
3
party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego,
California 92101.3577. On June 16, 2008, I hereby certify that I caused the within document(s):

4

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO
5   STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT**

6      ☒      To be filed electronically with the clerk of Court through CM/ECF, and that
              CM/ECF will send an e-notice of the electronic filing to the following:
7

8      Kirk D. Hanson, Esq.                    Attorneys for Plaintiff
       Diane E. Richard, Esq.                  KIRKLAND SINGER
9      GRACE HOLLIS LOWE HANSON &
       SCHAEFFER LLP
10     3555 Fifth Avenue, Suite 100
       San Diego, CA 92103
11     Email: khanson@gracehollis.com
12

13             Executed on June 16, 2008, at San Diego, California.

14

15                                      _Loriann L. Christy_
16     _____
                                        Loriann L. Christy
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619 232 0441

Firmwide:85435098.1 045252.1087