# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SINGER, individually and on behalf of Current nad Former California Employees of Becton, Dickinson and Company and Med-Safe Systems, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY, MED-SAFE SYSTEMS, INC. dba BD MEDICAL, and DOES 1 through 10 inclusive,<br><br>Defendants. | **CASE NO. 08cv821 IEG (BLM)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>(Docs. No. 9, 10) |

Presently before the Court is Defendants' motion to dismiss and motion to strike portions of Plaintiff's Complaint. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion.

## BACKGROUND

**I.    Factual Background[1]**

Plaintiff Kirkland Singer began employment with Defendants on February 23, 2004. His employment ended on or about March 1, 2007. On or about March 27, 2008, Plaintiff commenced this action against Defendants in the Superior Court of the State of California, County of San Diego alleging various causes of action for wage and employment violations. Plaintiff brought the suit as

---

[1] All citations are to the California Labor Code unless otherwise specified.

- 1 -

a class action. On May 6, 2008, Defendants timely removed the action to this Court.

The Complaint alleges ten causes of action:

(1) Failure to Provide Mandated Meal Periods in Violation of California Industrial Welfare Commission ("IWC") Wage Order and Labor Code § 226.7;

(2) Failure to Provide Mandated Rest Periods in Violation of California IWC Wage Order and Labor Code § 226.7 and § 512;

(3) Failure to Pay Minimum Wages in Violation of Labor Code §1197;

(4) Failure to Pay Overtime Wages in Violation of Labor Code § 510;

(5) Failure to Pay Reporting Time Wages in Violation of California IWC Wage Order;

(6) Illegal Vacation Policy/Failure to Pay Vacation Wages in Violation of Labor Code § 227.3;

(7) Failure to Pay All Wages Timely During Employment in Violation of Labor Code § 204;

(8) Failure to Pay Wages Within Required Time Upon Separation of Employment in Violation of Labor Code §§ 201 and 202;

(9) Failure to Provide and Maintain Itemized Wage Statements in Violation of Labor Code § 226; and

(10) Violation of California Business & Professions Code section 17200, et seq.

In addition, Plaintiff requests civil penalties and liquidated damages under the Labor Code and seeks to proceed with a representative action and recover civil penalties and attorneys' fees under the "Private Attorney General's Act" (the "PAGA").

Defendants' motion centers on the parties' disagreement as to which of two complimentary statutes of limitation apply to the following challenged claims: (1) Plaintiff's seventh cause of action; (2) Plaintiff's ninth cause of action; (3) Plaintiff's claim for penalties pursuant to the PAGA; (4) Plaintiff's claim for liquidated damages under section 1194.2. Under the California Code of Civil Procedure ("CCP") section 338(a), a three year statute of limitations applies to an action upon a liability created by statute, other than a penalty or forfeiture. Under section 340(a), a one year statute of limitations applies to an action upon a statute for a penalty or forfeiture.

Defendants assert the one year statute of limitations applies to the challenged claims while Plaintiff maintains that the three year statute of limitations is proper.

There is no dispute that Plaintiff's lawsuit was initiated more than one year after his employment with Defendants ended.

**B.     Procedural Background**

Plaintiff filed his Complaint in San Diego County Superior Court on March 27, 2008. On May 6, 2008, Defendants removed to this Court. (Doc. No. 1.)

On May 13, 2008, Defendants filed the present motion. (Docs. No. 9, 10.) On June 9, 2008, Plaintiff filed an opposition. (Doc. No. 11.) Defendants filed a reply on June 16, 2008. (Doc. No. 12.) The Court held oral argument on June 23, 2008.

## LEGAL STANDARD

**I.     Motion to Dismiss**

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007).

In deciding a motion to dismiss for failure to state a claim, the court's review is limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir.1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R. Civ.

P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight Systems, Inc., 957 F.2d 655, 658 (9th Cir.1992); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

**II.     Motion to Strike**

Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter."  An "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question.  If proof regarding an allegation cannot be received at trial, most notably because it is barred by the applicable statute of limitations period, the matter is immaterial and impertinent within the meaning of Rule 12(f).  Fantasy, Inc. v. Fogarty, 984 F.2d 1524, 1528 (9th Cir. 1993).

## DISCUSSION

**I.     Plaintiff's Seventh Cause Action (failure to pay wages under section 204)**

Plaintiff's Complaint alleges Plaintiff was not paid in a timely manner as required by California Labor Code section 204.  Under California law, the remedy when an employer purportedly fails to pay wages in a timely manner, as required by Labor Code section 204, is found under section 210 which provides that "every person who fails to pay the wages of each employee as provided in Section[] 204 . . . shall be subject to a civil penalty."  Cal. Labor Code § 210.

    i.     Parties' Arguments

Defendants argue that because 210 awards "a civil penalty," CCP § 340 applies and imposes a one year statute of limitations.  Accordingly, because Plaintiff failed to file his claim within one year, his claim is untimely and must be dismissed.

Plaintiff disagrees, contending Defendants' argument is predicated on an incorrect contention that Plaintiff seeks only a section 210 civil penalty for Defendants' section 204 violation when in fact Plaintiff seeks, in addition to a penalty, unpaid wages for violations of section 204.  Specifically, Plaintiff notes the seventh cause of action seeks "all available remedies including "wages due," (see Complaint ¶ 79), and such a wage claim is subject to the three year statute of limitations of CCP §

1  338(a).

    ii.    Analysis

In its relevant part, section 204 states:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

Cal. Labor Code § 204.  Section 210 creates the cause of action based on a violation of 204:

> Every person who fails to pay the wages of each employee as provided in Sections 204, . . . shall be subject to a civil penalty . . . .

Cal. Labor Code § 210.

Despite section 204's use of the word "wages," section 204 does not provide for the payment of any wages nor create any substantive right to wages.  The only right furthered by the section is the timely payment of wages.  In re Application of Moffett, 19 Cal. App.2d 7, 13 (Cal. App. 1937) ("[S]ole purpose of [labor code section 204] . . . is to require an employer of labor who comes within its terms to maintain two regular pay days each month.").

Section 210 provides the only remedy for failure to comply with 204, i.e., for failure to make timely wage payments, and the remedy is a civil penalty.  Because section 210 is explicitly an award of a penalty, the applicable statute of limitations is the one year limit set forth in CCP § 340(a) and Plaintiff's Complaint as to this cause of action is untimely.

Plaintiff's additional argument that the limitations period is extended because the seventh cause of action is the basis for the derivative tenth cause of action is unpersuasive.  While it is clear that the tenth cause of action would be subject to a four year statute of limitations, as are all actions brought under section Bus. & Prof. Code § 17208, Plaintiff has cited no authority for the proposition that the presence of a derivative cause of action under the Bus. & Prof. Code serves to extend the limitations periods for the cause of action from which it derives.  Instead, the California Supreme Court has confirmed that a claim which may be time barred if brought under the Labor Code may nonetheless be revived if asserted as an unfair business practice under the Business Code.  See Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 179 (2000).

Accordingly, the Court concludes Plaintiff's seventh cause of action, filed more than one year

after his employment with Defendants ended, must be dismissed because it is barred by the statute of limitations.

**II     Plaintiff's Ninth Cause of Action (failure to provide itemized wage statements under 226(a) & (e))**

Plaintiff's ninth cause of action alleges failure to provide and maintain itemized wage statements in violation of California Labor Code section 226(a). Under section 226(e), which provides remedies for violations of section 226(a), an employee may recover "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation [of 226(a)] occurs and one hundred ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand ($4,000) . . . ."

    i.    Parties' Argument

Defendants note that a recent order arising in this district—Blackwell v. SkyWest Airlines, Inc., 245 F.R.D. 453, 462 (S.D. Ca. 2007) (Sabraw, J.)—found that recovery under section 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under Cal. Code Civ. Proc. § 340(a). Defendants argue this Court should follow this prior ruling.

Plaintiff disagrees, noting that section 226(a)'s remedial options include actual damages (provided by section 226(e)) and injunctive relief (in subsection 226(g))—which by definition are not penalties. Plaintiff relies on Cornn v. United Parcel Service, Inc., 2006 WL 449138, *3 (N.D. Cal. February 22, 2006), which held lost wages constitute actual damages under section 226(e). Accordingly, Plaintiff contends, it is most appropriate to apply the three-year statute of limitations in CCP § 338(a) to the ninth cause of action. Plaintiff suggests Blackwell is inapposite because in this case Plaintiff seeks "actual damages" in the form of lost wages as well as injunctive relief from Defendants' violation of section 226(a) whereas no such claim is discussed in the Blackwell decision.

    ii.    Analysis

Among other requirements, Cal. Labor Code § 226(a) mandates that an employer "furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . ." Cal. Labor Code § 226(a). Under subsection (e) of the same provision: "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a)] is entitled to recover the greater of all actual damages or

1 fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100)
2 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of
3 four thousand dollars ($4,000) . . . ." Cal. Labor Code § 226(e).  In addition, subsection (g) allows
4 an employee to bring an action for injunctive relief to ensure compliance with 226(a).  See Cal. Labor
5 Code § 226(g).

6 The Northern District's decision in Cornn notes that one measure of actual damages under
7 226(e) is lost wages.  Defendants apparently concede an award of lost wages or injunctive relief would
8 not constitute a penalty.  Penalties are also recoverable for violations of 226(a), and while such
9 penalties would be subject to a one year statute of limitations, Defendants have not established that
10 a similar limitation should apply to a claim for non-penalty remedies (such as lost wages or injunctive
11 relief).

12 Defendants rely heavily upon Judge Sabraw's decision in Blackwell.  In that case, Plaintiff
13 filed suit alleging, inter alia, that Defendant SkyWest had produced inaccurate wage statements for
14 several employees.  SkyWest sought to dismiss the section 226(a) claim on the ground that the
15 plaintiff had not received an incorrect wage statement within one year of filing her action.  Judge
16 Sabraw agreed, finding that recovery under § 226(a) constitutes a penalty and is therefore governed
17 by a one-year statute of limitations under Cal. Code of Civ. Proc. § 340(a).  Blackwell, 245 F.R.D. at
18 462.

19 Notably, Blackwell, while asserting broadly that recovery under § 226(a) constitutes a penalty,
20 did not examine subsection (e), which authorizes recovery of either actual damages or a penalty and
21 subsection (g) which concerns injunctive relief.  The plaintiff in Blackwell did not argue, as Plaintiff
22 in this case has, that the inaccurate wage statements had caused actual damages in the form of lost
23 wages.  Accordingly, Judge Sabraw did not discuss whether a plaintiff's claim for actual damages or
24 injunctive relief under 226(a) would be properly characterized as penalty seeking.  Under the
25 circumstances, Blackwell does not provide a compelling justification for ignoring the plain words of
26 both section 226(a) and Plaintiff's Complaint.

27 Although Plaintiff may not seek penalties for a violation fo 226(a) because of the one year
28 statute of limitations, claims for actual damages and injunctive relief for a violation of 226(a) are

- 7 -

timely because they have been brought within the three year statute of limitations and constitute "liability created by statute, other than a penalty or forfeiture." Cal Code of Civ. Proc. § 338(a).

Defendants' citation to the California Court of Appeals's unpublished decision in Hoffman v. Uncle P Productions, LLC, 2008 WL 1887087 (Cal. Ct. App. April 30, 2008), does not change the analysis. In that case, like Blackwell, the damages assessed were not actual damages but penalties. See id. at *2 (explaining that the trial court issued an award of $150 and $50 to the plaintiffs as a penalty for employer's failure to provide an itemized wage statement); Cal. Labor Code § 226(e) (awarding $50 to an employee for the initial pay period of non-compliance and $100 for each violation in a subsequent pay period). Because Hoffman also fails to discuss actual damages or injunctive relief, it is inapposite to the analysis of the appropriate limitations period in this case.

### III. Plaintiff's Right to Recovery Under Labor Code § 2699 (penalty provisions of the PAGA) based on violation of labor code sections 226.3 and 558

Under section 2699, an aggrieved employee is authorized to bring suit on behalf of himself and other current or former employees for violations of the Labor Code. Under this scheme, the total penalty is computed by reference to the penalty provisions of the code sections which are violated by the employer. See Cal. Labor Code § 2699(f).

Plaintiff's Complaint bases the PAGA claim on section 558. In addition, the parties identify section 226.3, also mentioned in the Complaint (though not alongside the PAGA claim), as a basis for the PAGA claim. Section 558 provides civil penalties for an employer who violates certain provisions regarding hours and days of work. Section 226.3 provides civil penalties where an employer fails to provide an accurate itemized wage summary as described in section 226.

i   Parties' Arguments

Defendants argue Plaintiff's request for civil penalties under § 2699 of PAGA based on violations of sections 226.3 and 558 are barred by a one year statute of limitations since both sections 226.3 and 558 provide for civil penalties. In addition, Defendants' reply suggests sections 226.3 and 558 cannot serve as the basis for Plaintiff's PAGA claim.

Plaintiff counters, arguing penalties recoverable under the PAGA are available and timely even though they were brought more than one year after Plaintiff's employment ended because Plaintiff's statute of limitations for recovering penalties is statutorily extended pursuant to the PAGA provision

- 8 -

1  contained in section 2699.3(d).

2      ii.    <u>Analysis</u>

3      PAGA provides an aggrieved employee with the ability to pursue any violation of the Labor Code through a civil action so long as the procedures of Labor Code § 2699.3 are followed. <u>See</u> Ca. Labor Code § 2699. Under Section 2699.3, the proper procedures vary depending on the alleged violation but in all cases the employee is required to give written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and the employer of the alleged violations. Cal. Labor Code § 2699.3(a), (b), (c). After such notice is sent by the employee—depending on the violation—the employee must either wait 33 calendar days to allow the employer to cure the alleged violation or wait until the LWDA provides notice that it does not intend to investigate the claims before initiating a civil action. <u>See id.</u> The statute explains that such periods do not count as part of the time for purposes of statute of limitations analysis. <u>See</u> 2699.3(d) ("The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part.").

15      Thus, in general, PAGA provides a mechanism to temporarily toll the statute of limitations and therefore allows the timely commencement of claims for penalties under the Labor Code brought more than one year after the cause of action accrues. The Court rejects Defendants' proposed interpretation which would render section 2699.(d) meaningless.

19      In this case, Plaintiff's Complaint alleges he provided notice to the LWDA and his former employer of his claim for wage/work hour violations and penalties on February 8, 2008 and that on March 10, 2008—31 days after his certified notice—the LWDA provided notice that it did not intend to investigate the claims. (Compl., at 7.) Accordingly, under the procedures outlined in section 2699.3(a), he would be permitted 1 year and 31 days to file his claim. Plaintiff filed his civil action 1 year and 27 days after the challenged action which would make such a claim timely under section 2699.3(a).

26      However, the Court concludes Plaintiff's claim is not governed by the procedures in section 2699.3(a), but rather section 2699.3(c). The Labor Code provisions subject to section 2699.3(a)'s procedures are listed in section 2699.5. <u>See</u> Cal. Labor Code § 2699.3(a). Section 2699.5 lists neither

1 section 226.3 nor section 558. Thus section 2699.3(a)'s procedures are inapplicable. Instead, the
2 procedural requirements of Section 2699.3(c) apply to PAGA actions based on these provisions. See
3 Cal. Labor Code § 2699.3(c); Kamar v. RadioShack Corp., 2008 WL 2229166, *14 (C.D. Cal. May
4 15, 2008) (claims for civil penalties under the PAGA for violations of provisions other than those
5 listed in section 2699.5 or Division 5, like section 558, are subject to notice and cure provisions of
6 section 2699.3(c)).

7 Under the procedures laid out in section 2699.3(c), an aggrieved employee must wait 33 days
8 to allow the employer to cure the alleged violation after which time the employee can commence a
9 civil suit. No return notice from the LWDA is required.

10 Plaintiff's Complaint does not contain an allegation that Plaintiff waited 33 days to allow the
11 employer to cure the alleged violation.

12 Thus, as presently constructed, Plaintiff's allegations regarding his PAGA claims based on
13 section 226.3 and section 558 must be stricken and the PAGA claim dismissed. However, because
14 consistent facts can be pled which can revive a timely cause of action, leave to amend will be granted.

15 **IV.    Plaintiff's Request for Liquidated Damages Under Labor Code Section 1194.2**

16 Defendants' final challenge is to Plaintiff's request for liquidated damages pursuant to
17 California Labor Code § 1194.

18     i.    Parties' Arguments

19 Defendants assert a request for liquidated damages under section 1194.2 is a request for double
20 damages since such recovery is in addition to the actual wages withheld. Accordingly, Defendants
21 contend the provision should be governed by the one-year limitations period specified in CCP 340(a).
22 Defendants rely on language in the California Supreme Court's recent decision in Murphy v. Kenneth
23 Cole, 40 Cal. 4th 1094 (2007), which described a penalty as a recovery sum computed "without
24 reference to the actual damage sustained . . ." or a recovery which includes "damages additional to
25 actual losses incurred, such as double or treble damages." Id. at 1104.

26 Plaintiff asserts claims for liquidated damages under 1194.2 for unpaid minimum wages should
27 be governed by the same three year statute of limitations applicable to unpaid wages. Plaintiff finds
28 support for this proposition in Culver v. Bell & Loffland, Inc., 146 F.2d 29 (9th Cir. 1944), which held

1 that additional recovery for failure to pay minimum wage or overtime compensation under the Fair
2 Labor Standards Act ("FLSA") is not a "penalty" within California's one-year statute of limitations
3 but instead subject to the same three year statute of limitations as the recovery of non-payment of
4 wages. Id. at 31-32. Culver, in turn, relied on the Supreme Court's reasoning in Huntington v. Attrill,
5 46 U.S. 657 (1892) and Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942), cases which
6 analyzed liquidated damages provisions applicable to a failure to pay minimum compensation and
7 overtime wages. Those cases found it significant that such liquidated damages provisions redressed
8 a wrong to the individual who would likely be injured beyond the actual sum withheld. Id. (discussing
9 and quoting the key language from Hungton and Overnight Motor). Plaintiff also finds support in the
10 California Court of Appeal's decision in Chavaria v. Superior Court of Fresno, 40 Cal.App.3d 1073
11 (1974). In that case, the court held that the one year statute of limitations for penalties was not
12 applicable to Labor Code Sections 972—a provision which explicitly provided for double damages
13 in an action based on false representation. The court concluded it was improper to call the law a
14 penalty law since its essential character was a grant of a civil right to a private person. See id. at 1077.

**ii.   Analysis**

No California Court has addressed the question of what statute of limitations applies to Labor Code § 1194.2, however, the California Supreme Court's recent decision in Murphy v. Kenneth Cole Prods., Inc., provides some guidance.

In Murphy, the California Supreme Court addressed whether Cal. Labor Code § 226.7's award of one additional hour of pay to employees required by their employer to work during a meal or rest period constitutes a wage/compensation or a penalty for statute of limitations purposes. After observing the statute was susceptible to both characterizations, the court examined the legislative history and concluded the California Legislature "intended section 226.7 to compensate employees for their injuries" and that, accordingly, section 226.7's additional hour of pay is not a penalty and thus is not subject to the shorter one-year limitations period. Murphy, 40 Cal.4th at 1107-1111. The court rejected the rationale of the court of appeals. That court had found that the additional hour of pay is a penalty since, inter alia, it is imposed without regard to the actual loss suffered. The high court explained that a statutory liability is not transformed into a penalty merely because a one-to-one ration

does not exist between the economic injury caused and the remedy selected since an employee suffers non-economic injuries from being forced to work through rest and meal periods, including increased stress and increased risk of work-related accidents. Id. at 1112.

As Murphy teaches, in determining whether a disputed provision constitutes a wage or a penalty for statute of limitations purposes the first step is to examine the words of the statute because they generally provide the most reliable indicator of legislative intent. If the statutory language is clear and unambiguous the inquiry ends. Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation may a court turn to extrinsic aids such as legislative history or the compensatory purpose of the remedy to assist in interpretation. Murphy, 40 Cal.4th at 1103. The California Supreme Court reiterated in Murphy that statutes governing conditions of employment are to be construed broadly in favor of protecting employees. Id.

Under Labor Code section 1194.2:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage . . . an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid.

Ca. Code Labor § 1194.2.

The language of section 1194.2 does not characterize the award authorized as a "penalty," but rather as "damages." While those damages are in addition to the award of the actual minimum wage withheld, that fact alone does not, as Defendants contend, transform the statute into a penalty provision. As discussed above, the Murphy court made clear that a one-to-one ration is not required between the economic injury caused and the remedy selected. See Murphy, 40 Cal.4th at 1112. The Legislature may have concluded that the type of low-income workers who are the intended beneficiaries of minimum wage provisions are put under particular hardship and thus suffer additional injury when not paid at least the minimum wage. This is the conclusion reached by those federal court decisions discussed above which have examined analogous provisions under the FLSA. See e.g., Culver, 146 F.2d at 31-32. Nonetheless, the provision is reasonably susceptible to either interpretation.

The parties have not presented—and the Court has not uncovered—extensive legislative history associated with the passage of section 1194.2 which would shed light as to the appropriate

limitations period.

However, the Court finds certain features of section 1194.2 support the conclusion that liquidated damages under the statute are compensation and not a penalty or punishment. For one, section 1194.2 provides for either partial or full relief from liquidated damages to employers who demonstrate that the act or omission giving rise to the failure to pay the minimum wage was in good faith and based upon reasonable grounds for believing that the act was not a violation of any provision of the Labor Code relating to minimum wage. Such relief is at the discretion of the trial judge. Cal. Labor Code § 1194.2(b). As the California Court of Appeals has observed, where a statute vests the trial court with the discretionary option of awarding damages in addition to actual loss, a claim based on such statute is not governed by the one year penalty statute of limitations. See Menefee v. Ostawari, 228 Cal.App.3d 239, 243 (Cal. Ct. App. 1991). Further, like Murphy, the amount of recovery authorized by the disputed provision in this case is not a prefixed amount but rather linked to the amount of wage withheld. This supports the position that the liquidated damages provision is not a penalty. Cf. Murphy, 40 Cal.4th. at 1114 (where amount of payment under statute was linked to an employee's rightful rate of compensation, rather than a prescribed fixed amount, payment more properly treated as a form of wages and not a penalty). As the those decisions of the Ninth Circuit and the United States Supreme Court interpreting analogous provisions of the FLSA have recognized, the non-payment of minimum wage may result in damages too obscure and difficult to prove and an award of liquidated damages presents a workable alternative. See Culver at 146 F.2d at 31. This favors applying the three year California statute of limitations which the Murphy court concluded applied to statutes intended to act as wage premiums aimed at compensation.

Finally, as the Murphy court observed, the Court notes that the one year statute of limitation is not necessary to avoid prejudice to the employer in the typical wage dispute cases since employers are required to keep all time records for a minimum of three years. Id.

## CONCLUSION

Based on the foregoing, the Court:

1. GRANTS Defendants' Motion to Dismiss Plaintiff's 7th Cause of Action.

2. DENIES Defendants' Motion to Dismiss Plaintiff's 9th Cause of Action.

3. GRANTS Defendants' Motion to Strike Plaintiff's PAGA allegations for civil penalties. The Court GRANTS Plaintiff leave to amend his Complaint addressing the deficiencies set forth above with respect to these allegations within 20 days of the file stamped date of this Order.

4. DENIES Defendants' Motion to Strike Plaintiff's request for liquidated damages under section 1194.2.

**IT IS SO ORDERED.**

**DATED: July 23, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**