1  Denise M. Visconti, Bar No. 214168
   dvisconti@littler.com
2  Van A. Goodwin, Bar No. 095170
   vgoodwin@littler.com
3  Mishell P. Taylor, Bar No. 256850
   mtaylor@littler.com
4  LITTLER MENDELSON
   A Professional Corporation
5  501 W. Broadway, Suite 900
   San Diego, CA  92101-3577
6  Telephone:   (619) 232-0441
   Facsimile:   (619) 232-4302
7
   Attorneys for Defendants
8  BECTON, DICKINSON AND COMPANY
   and MED-SAFE SYSTEMS, INC. (erroneously
9  sued as Med-Safe Systems, Inc. d/b/a BD Medical)

10

                    UNITED STATES DISTRICT COURT
11
                  SOUTHERN DISTRICT OF CALIFORNIA
12

13 | KIRKLAND SINGER, individually and on    Case No.  08CV0821 IEG (BLM)
   | behalf of Current and Former California
14 | Employees of Becton, Dickinson and       **DEFENDANTS' ANSWER TO
   | Company and Med-Safe Systems, Inc.,      PLAINTIFF'S FIRST AMENDED
15 |                                          COMPLAINT FOR DAMAGES
   |                 Plaintiff,               AND INJUNCTIVE RELIEF**
16 |
   |        v.
17 |
   | BECTON, DICKINSON AND COMPANY,
18 | MED-SAFE SYSTEMS, INC. d/b/a BD
   | MEDICAL, and DOES 1 through 10
19 | Inclusive,
   |
20 |                 Defendants.

21         Defendants BECTON, DICKINSON AND COMPANY and MED-SAFE SYSTEMS,

22  INC. (erroneously sued as Med-Safe Systems, Inc. d/b/a BD Medical) (collectively "Defendants")

23  hereby answer the First Amended Complaint ("FAC") for Damages and Injunctive Relief filed by

24  Plaintiff KIRKLAND SINGER("Plaintiff") in the above-captioned civil action as follows:

25                                          **I.**
                    **NATURE OF ACTION AND INTRODUCTORY STATEMENT**
26

27         1.      In answering the allegations set forth in Paragraph 1 of the FAC, Defendants deny

28  generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

2.    In answering the allegations set forth in Paragraph 2 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

3.    Answering the allegations set forth in Paragraph 3 of the FAC, Defendants admit that Plaintiff has brought this action pursuant to provisions of the Wage Orders of the Industrial Welfare Commission and various sections of the California Labor Code.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 3, Defendant denies each and every allegation contained therein.

## II.
## PARTIES

4.    In answering the allegations set forth in Paragraph 4 of the FAC, Defendants admit that Plaintiff was employed by Defendants, or one of them, in San Diego County, California.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 4, Defendants deny each and every allegation contained therein.

5.    In answering the allegations set forth in Paragraph 5 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

6.    In answering the allegations set forth in Paragraph 6 of the FAC, Defendants admit that Defendant Becton, Dickinson and Company was doing business in the County of San Diego, State of California. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 6, Defendants deny each and every allegation contained therein.

7.    In answering the allegations set forth in Paragraph 7 of the FAC, Defendants admit that Defendant Med-Safe Systems, Inc. was doing business in the County of San Diego, State of California. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph , Defendants deny each and every allegation contained therein.

8.    In answering the allegations set forth in Paragraph 8 of the FAC, Defendants admit that Defendant Becton, Dickinson and Company is a corporation authorized to do business under the laws of the State of California. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 8, Defendants deny each and every allegation contained therein.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

9.    In answering the allegations set forth in Paragraph 9 of the FAC, Defendants admit that Defendant Med-Safe Systems, Inc. is a corporation authorized to do business under the laws of the State of California, and that it is an employer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 9, Defendants deny each and every allegation contained therein.

10.    In answering the allegations set forth in Paragraph 10 of the FAC, Defendants admit BD Medical is a business segment and/or operating unit of Defendant Becton, Dickinson and Company.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 10, Defendants deny each and every allegation contained therein.

11.    In answering the allegations set forth in Paragraph 11 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

12.    In answering the allegations set forth in Paragraph 12 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

13.    In answering the allegations set forth in Paragraph 13 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

14.    In answering the allegations set forth in Paragraph 14 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

### III.
### GENERAL ALLEGATIONS

15.    In answering the allegations set forth in Paragraph 15 of the FAC, Defendants admit Plaintiff commenced employment with Defendants, or one of them, on or about February 23, 2004.

16.    In answering the allegations set forth in Paragraph 16 of the FAC, Defendants admit that Plaintiff's employment with Defendants, or one of them, ended on or about March 1, 2007.

17.    In answering the allegations set forth in Paragraph 17 of the FAC, Defendants admit that Singer held various titles during his employment, including Maintenance Supervisor, Maintenance Coach, Maintenance Manager, and Senior Mechanic.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 17, Defendants deny each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                3.                CASE NO. 08CV821 IEG (BLM)
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

18.    In answering the allegations set forth in Paragraph 18 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

19.    In answering the allegations set forth in Paragraph 19 of the FAC, Defendants admit Singer's payroll status was changed to "non-exempt" when Singer's job title changed to Senior Maintenance Mechanic.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 19, Defendants deny each and every allegation contained therein.

20.    In answering the allegations set forth in Paragraph 20 of the FAC, Defendants admit that from on or about February 23, 2004 through April 30, 2005, Plaintiff was classified as an "exempt" employee.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 20, Defendants deny each and every allegation contained therein.

21.    In answering the allegations set forth in Paragraph 21 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

22.    In answering the allegations set forth in Paragraph 22 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

23.    In answering the allegations set forth in Paragraph 23 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

24.    In answering the allegations set forth in Paragraph 24 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

25.    In answering the allegations set forth in Paragraph 25 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

26.    In answering the allegations set forth in Paragraph 26 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

27.    In answering the allegations set forth in Paragraph 27 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

28.    In answering the allegations set forth in Paragraph 28 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

29.    In answering the allegations set forth in Paragraph 29 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087          4.          CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**IV.**
**THE LABOR CODE**
**PRIVATE ATTORNEYS GENERAL ACT REPRESENTATIVE ACTION**

30.    Answering the allegations set forth in Paragraph 30 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 2699 *et. seq*. In answering the remaining allegations set forth in Paragraph 30 of the FAC, at this time Defendants have no information or belief sufficient to enable them to respond to the allegations in said Paragraph and, based on that ground, deny generally and specifically each and every allegation contained therein.

**V.**
**CLASS ALLEGATIONS**

31.    In answering the allegations set forth in Paragraph 31 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

32.    In answering the allegations set forth in Paragraph 32 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

33.    In answering the allegations set forth in Paragraph 33 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

34.    In answering the allegations set forth in Paragraph 34 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

**VI.**
**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MANDATED MEAL PERIODS**
**(Violation Of Labor Code §§ 226.7 and 512; Violation of "Meal Periods"**
**Section of the Industrial Welfare Commission Wage Order)**

**(Alleged By Plaintiff, Individually and On Behalf of Represented**
**Employees – All Similarly Situated and Aggrieved Current and**
**Former Employees of Defendants – Against All Defendants)**

35.    In answering the allegations set forth in Paragraph 35 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087          5.          CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

36.    In answering the allegations set forth in Paragraph 36 of the FAC, Defendants admit that from on or about May 1, 2005 through March 1, 2007, a portion of the time Plaintiff was employed by Defendants, or one of them, Plaintiff was classified as a "non-exempt" employee. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 36, Defendants deny each and every allegation contained therein.

37.    Answering the allegations set forth in Paragraph 37 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 226.7. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 37, Defendants deny each and every allegation contained therein.

38.    Answering the allegations set forth in Paragraph 38 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 512. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 38, Defendants deny each and every allegation contained therein.

39.    In answering the allegations set forth in Paragraph 39 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

40.    Answering the allegations set forth in Paragraph 40 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 226.7. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 40, Defendants deny each and every allegation contained therein.

41.    In answering the allegations set forth in Paragraph 41 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

42.    In answering the allegations set forth in Paragraph 42 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

43.    In answering the allegations set forth in Paragraph 43 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

/ / /

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                6.                CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MANDATED REST PERIODS**
**(Violation of Labor Code § 226.7; Violation of "Rest Periods"**
**Section of the Industrial Welfare Commission Wage Order)**

**(Alleged By Plaintiff, Individually and On Behalf of Represented**
**Employees – All Similarly Situated and Aggrieved Current and**
**Former Employees of Defendants – Against All Defendants)**

44.     In answering the allegations set forth in Paragraph 44 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

45.     In answering the allegations set forth in Paragraph 45 of the FAC, Defendants admit that from on or about May 1, 2005 through March 1, 2007, a portion of the time Plaintiff was employed by Defendants, or one of them, Plaintiff was classified as a "non-exempt" employee. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 45, Defendants deny each and every allegation contained therein.

46.     Answering the allegations set forth in Paragraph 46 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 226.7. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 46, Defendants deny each and every allegation contained therein.

47.     Answering the allegations set forth in Paragraph 47 of the FAC, Defendants admit the legal requirements set forth by the Industrial Welfare Commission. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 47, Defendants deny each and every allegation contained therein.

48.     In answering the allegations set forth in Paragraph 48 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

49.     In answering the allegations set forth in Paragraph 49 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

50.     Answering the allegations set forth in Paragraph 50 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 226.7 and by the Industrial Welfare Commission. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 50, Defendants deny each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                    7.                    CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

51.     In answering the allegations set forth in Paragraph 51 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

52.     In answering the allegations set forth in Paragraph 52 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

53.     In answering the allegations set forth in Paragraph 53 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE**
**(Violation of Labor Code § 1197)**

**(Alleged by Plaintiff, Individually and On Behalf of Represented Employees – All Similarly Situated and Aggrieved Current and Former Employees of Defendants – Against All Defendants)**

54.     In answering the allegations set forth in Paragraph 54 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

55.     Answering the allegations set forth in Paragraph 55 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 1197. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 46, Defendants deny each and every allegation contained therein.

56.     In answering the allegations set forth in Paragraph 56 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

57.     In answering the allegations set forth in Paragraph 57 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code § 510)**

**(Alleged by Plaintiff, Individually and On Behalf of Represented Employees – All Similarly Situated and Aggrieved Current and Former Employees of Defendants – Against All Defendants)**

58.     In answering the allegations set forth in Paragraph 58 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087          8.          CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

59.    In answering the allegations set forth in Paragraph 59 of the FAC, Defendants admit that from on or about May 1, 2005 through March 1, 2007, a portion of the time Plaintiff was employed by Defendants, or one of them, Plaintiff was classified as a "non-exempt" employee. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 59, Defendants deny each and every allegation contained therein.

60.    In answering the allegations set forth in Paragraph 60 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

61.    In answering the allegations set forth in Paragraph 61 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

62.    In answering the allegations set forth in Paragraph 62 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY REPORTING TIME WAGES
**(Violation of "Reporting Time Pay" Section of Industrial Welfare Commission Wage Order)**

**(Alleged by Plaintiff, Individually and On Behalf of Represented Employees – All Similarly Situated and Aggrieved Current and Former Employees of Defendants – Against All Defendants)**

63.    In answering the allegations set forth in Paragraph 63 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

64.    Answering the allegations set forth in Paragraph 64 of the FAC, Defendants admit the legal requirements set forth by the Industrial Welfare Commission. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 64, Defendants deny each and every allegation contained therein.

65.    In answering the allegations set forth in Paragraph 65 of the FAC, Defendants admit that from on or about May 1, 2005 through March 1, 2007, a portion of the time Plaintiff was employed by Defendants, or one of them, Plaintiff was classified as a "non-exempt" employee. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 65, Defendants deny each and every allegation contained therein.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                    9.                    CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

66. In answering the allegations set forth in Paragraph 66 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

67. In answering the allegations set forth in Paragraph 67 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

68. In answering the allegations set forth in Paragraph 68 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

**<u>ILLEGAL VACATION POLICY/FAILURE TO VACATION WAGES</u>**
**(Violation of Labor Code § 227.3)**

**(Alleged by Plaintiff, Individually and On Behalf of Represented
Employees – All Similarly Situated and Aggrieved Current and
Former Employees of Defendants – Against All Defendants)**

69. In answering the allegations set forth in Paragraph 69 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

70. In answering the allegations set forth in Paragraph 70 of the FAC, Defendants admit that during Plaintiff's employment he received paid vacation time under the vacation policy of Defendants, or one of them. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 70, Defendants deny each and every allegation contained therein.

71. Answering the allegations set forth in Paragraph 71 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 227.3. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 71, Defendants deny each and every allegation contained therein.

72. In answering the allegations set forth in Paragraph 72 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

73. In answering the allegations set forth in Paragraph 73 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

74. In answering the allegations set forth in Paragraph 74 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                    10.                    CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

75.    In answering the allegations set forth in Paragraph 75 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES WITHIN REQUIRED TIME
UPON SEPARATION OF EMPLOYMENT**
**(Violation of Labor Code §§ 201, 202)**

**(Alleged by Plaintiff, Individually and On Behalf of Represented
Employees – All Similarly Situated and Aggrieved Current and
Former Employees of Defendants – Against All Defendants)**

76.    In answering the allegations set forth in Paragraph 76 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

77.    Answering the allegations set forth in Paragraph 77 of the FAC, Defendants admit the legal requirements set forth in California Labor Code sections 201, 202 and 203. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 77, Defendants deny each and every allegation contained therein.

78.    In answering the allegations set forth in paragraph 78, Defendants admit Plaintiff's employment ended effective March 1, 2007.

79.    In answering the allegations set forth in Paragraph 79 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

80.    In answering the allegations set forth in Paragraph 80 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

81.    In answering the allegations set forth in Paragraph 81 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE AND MAINTAIN ITEMIZED WAGE STATEMENTS**
**(Violation of Labor Code § 226)**

**(Alleged by Plaintiff, Individually and On Behalf of Represented
Employees – All Similarly Situated and Aggrieved Current and
Former Employees of Defendants – Against All Defendants)**

82.    In answering the allegations set forth in Paragraph 82 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                    11.                    CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

83.     Answering the allegations set forth in Paragraph 83 of the FAC, Defendants admit the legal requirements set forth in California Labor Code section 226(a). Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 83, Defendants deny each and every allegation contained therein.

84.     In answering the allegations set forth in Paragraph 84 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

85.     In answering the allegations set forth in Paragraph 85 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

86.     In answering the allegations set forth in Paragraph 86 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

87.     In answering the allegations set forth in Paragraph 87 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## NINTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.*

**(Alleged by Plaintiff, Individually and On Behalf of Represented Employees – All Similarly Situated and Aggrieved Current and Former Employees of Defendants – Against All Defendants)**

88.     In answering the allegations set forth in Paragraph 88 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

89.     Answering the allegations set forth in Paragraph 89 of the FAC, Defendants admit the legal requirements set forth in California Business & Professions Code section 17200 *et seq*. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 89, Defendants deny each and every allegation contained therein.

90.     Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 90, Defendants deny each and every allegation contained therein.

91.     In answering the allegations set forth in Paragraph 91 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

92.     In answering the allegations set forth in Paragraph 92 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                    12.                    CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

93.     In answering the allegations set forth in Paragraph 93 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

94.     In answering the allegations set forth in Paragraph 94 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

95.     In answering the allegations set forth in Paragraph 95 of the FAC, at this time Defendants have no information or belief sufficient to enable them to respond to the allegations in said paragraph and, based on that ground, deny generally and specifically each and every allegation contained therein.

96.     In answering the allegations set forth in Paragraph 96 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

97.     In answering the allegations set forth in Paragraph 97 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

98.     In answering the allegations set forth in Paragraph 98 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

99.     In answering the allegations set forth in Paragraph 99 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## **PRAYER FOR RELIEF**

The allegations set forth on pages 22 through 23 of the FAC, and numbered as Paragraphs 1 through 18, are requests for relief and, as such, require no response by Defendants.  However, to the extent a response is required, Defendants submit that Plaintiff and the putative class members are not entitled to the relief sought.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The FAC and every alleged cause of action therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The FAC and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of laches.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087          13.          CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

The FAC and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

The FAC and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

The FAC and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring each and every alleged cause of action set forth in the FAC, both individually or as a representative of the proposed class.

**SEVENTH AFFIRMATIVE DEFENSE**

Certification of a class and/or allowing the action to proceed with Plaintiff as a representative of the general public, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's FAC and every cause of action therein is barred by the applicable statutes of limitations set forth in California Code of Civil Procedure sections 225, 338(a), 340(a), 2699, California Business and Professions Code section 17208 and/or any other applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's FAC and every alleged cause of action therein are barred because, to the extent Defendants owed any duties or obligations to Plaintiff, such duties or obligations have been fully performed, satisfied or discharged.

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                14.                CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1

### TENTH AFFIRMATIVE DEFENSE

2    Plaintiff's FAC and every alleged cause of action therein are barred by Plaintiff's

3 own breach of duties owed to Defendants, including but not limited to those under Labor Code

4 sections 2856 and 2859.

5

### ELEVENTH AFFIRMATIVE DEFENSE

6    The First and Second Causes of Action in Plaintiff's FAC are barred to the extent that

7 it seeks or claims any right to premium pay for multiple meal and/or rest period violations in a single

8 workday because Labor Code section 226.7 provides for only a single hour of premium pay per day.

9

### TWELFTH AFFIRMATIVE DEFENSE

10    Plaintiff's claims arise from a good-faith dispute of fact or law and, as such, Plaintiff

11 is not entitled to recover any penalties under the California Labor Code.

12

### THIRTEENTH AFFIRMATIVE DEFENSE

13    The FAC and each cause of action set forth therein is barred because Plaintiff failed

14 to timely and completely exhaust the requisite administrative, statutory and/or contractual remedies

15 and/or prerequisites under the California Labor Code or otherwise prior to commencing this action.

16

### FOURTEENTH AFFIRMATIVE DEFENSE

17    Plaintiff's cause of action for unfair business practices under California Business &

18 Professions Code section 17200 *et. seq.* is barred because even if Plaintiff and/or the putative class

19 members suffered any injury, which Defendants deny, it was not caused by any unlawful policy,

20 custom, practice, procedure, act or omission promulgated and/or tolerated by Defendants and, to the

21 extent any such practice was engaged in, which Defendants denies, any such practice is not

22 continuing.

23

### FIFTEENTH AFFIRMATIVE DEFENSE

24    Even if Plaintiff and/or any putative class member is entitled to additional

25 compensation, which Defendants deny, Defendants have not willfully or intentionally failed to pay

26 any such additional compensation to Plaintiff or any putative class member to justify an award of

27 penalties, whether alleged pursuant to sections of the California Labor Code Section or otherwise.

28 / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087     15.    CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1

SIXTEENTH AFFIRMATIVE DEFENSE

2   Plaintiff's Ninth Cause of Action for unfair business practices under California

3 Business & Professions Code section 17200 *et. seq.* is barred because even if Plaintiff and/or the

4 putative class members suffered any injury, which Defendants deny, it was not caused by any

5 unlawful policy, custom, practice, procedure, act or omission promulgated and/or tolerated by

6 Defendants and, to the extent any such practice was engaged in, which Defendants deny, such

7 practice is not continuing.

8

SEVENTEENTH AFFIRMATIVE DEFENSE

9   Plaintiff's FAC and every alleged cause of action therein cannot be maintained

10 against Defendants because any alleged losses or harms sustained by Plaintiff and/or any putative

11 class members, if any, which Defendants deny, resulted from causes other than any act or omission

12 of Defendants.

13

EIGHTEENTH AFFIRMATIVE DEFENSE

14   Any recovery by Plaintiff and/or any putative class member(s) is limited in whole or

15 in part by their failure and/or refusal to mitigate their purported damages, if any, which Defendants

16 deny.

17

NINETEENTH AFFIRMATIVE DEFENSE

18   Any recovery by Plaintiff and/or any putative class member(s) is barred in whole or

19 in part by the avoidable consequences doctrine.

20

TWENTIETH AFFIRMATIVE DEFENSE

21   Plaintiff and/or the putative class members are not entitled to recover attorney's fees

22 in this matter.

23

TWENTY-FIRST AFFIRMATIVE DEFENSE

24   Defendants allege that the Complaint and each and every cause of action alleged

25 therein is barred to the extent Plaintiff seeks equitable relief in that Plaintiff and/or the putative class

26 members are not entitled to any equitable relief because he/they have an adequate remedy at law.

27 / / /

28 / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2      Defendants allege that the Complaint and each and every cause of action alleged

3  therein is barred to the extent Plaintiff seeks equitable relief in that Plaintiff and/or the putative class

4  members are not entitled to any relief with respect to any and all alleged violations of the California

5  Labor Code, California Business and Professions Code section 17200, *et seq.*, or other alleged

6  wrongful conduct, if any, that have discontinued, ceased and are not likely to recur.

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

8      Any recovery by Plaintiff and/or any putative class member(s) under any of the

9  causes of action alleged in the FAC must be offset by any benefits and/or other monies they have

10  received from Defendants.

11

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

12      Plaintiff's FAC and prosecution of this action is frivolous, vexatious and

13  unreasonable, thereby entitling Defendants to recovery of their reasonable attorney's fees.

14

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

15      Plaintiff's FAC and each cause of action set forth therein is barred in whole or in part

16  because Defendants did not, and had no reason to, know that Plaintiff and/or putative class members

17  performed the work alleged in the Complaint.

18

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

19      Plaintiff's FAC and each cause of action set forth therein is barred in whole or in part

20  because Plaintiff and/or the putative class members made misrepresentations that induced the

21  conduct about which Plaintiff now complains.

22

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

23      Defendants allege that Plaintiff lacks standing to bring claims for any civil penalties

24  on behalf of others because he is not an "aggrieved employee," pursuant to the Labor Code Private

25  Attorneys General Act [Labor Code section 2699 *et seq.*]

26

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

27      Defendants allege that penalties under the Labor Code Private Attorneys General Act

28  [Labor Code section 2699 *et seq.*] cannot be determined on a class-wide and/or representative basis.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087          17.          CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1

<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

2      Defendants allege that Plaintiff failed to provide the Labor Workforce Development

3  Agency proper notification of the claims and/or the names of the "aggrieved employees" on whose

4  behalf he intends to seek penalties, pursuant to the Labor Code Private Attorneys General Act [Labor

5  Code section 2699 *et seq.*], and such claims are thus barred and/or limited by law.

6

<u>THIRTIETH AFFIRMATIVE DEFENSE</u>

7      Defendants allege that Plaintiff has failed to identify any other allegedly "aggrieved

8  employees," as provided in the Labor Code Private Attorneys General Act [Labor Code section 2699

9  *et seq.*],  and such claims are thus barred and/or limited by law.

10

<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

11      Defendants allege that any penalties awarded against it pursuant to the Labor Code

12  Private Attorneys General Act [Labor Code section 2699 *et seq.*] would be unjust, arbitrary,

13  oppressive or confiscatory.

14

<u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>

15      Defendants alleges that Plaintiff cannot recover statutory penalties on behalf of other

16  "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act [Labor Code

17  section 2699 *et seq.*]

18

<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>

19      Defendants allege that there is no private right of action for an employee to recover

20  damages or penalties under California Labor Code section 226.7.

21

<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

22      Defendants allege that Plaintiff and/or the putative class members were provided with

23  meal periods and/or rest periods as required by the California Labor Code, the Industrial Welfare

24  Commission, and/or any other provisions of California law.

25

<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

26      Defendants allege that any purported failure of Plaintiff and/or the putative class

27  members to take meal periods was the result of their exercise of discretion, independent judgment,

28  and self-determination.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087                18.                CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff and/or the putative class members fail to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code section 203 to the extent that any person claiming such penalties did not resign or were not discharged prior to the filing of this action or were still employed at the time this action was filed.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that the FAC and each cause of action set forth therein cannot be maintained against Defendants because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code sections 203, 226 and 226.7.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that their business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code section 17200, *et seq.*

THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff and/or the putative class members are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code section 17200, *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

FORTIETH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff and/or the putative class members are barred from obtaining relief pursuant to their Ninth Cause of Action for violation of California Business and Professions Code section 17200 *et seq.* to the extent Plaintiff cannot act as a private attorney general and/or on behalf of the putative class members.

FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that the prayer for restitution pursuant to Business and Professions Code section 17200 *et seq.* is barred with respect to penalties of any nature.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    FORTY-SECOND AFFIRMATIVE DEFENSE

2         Defendants allege on information and belief that the Plaintiff's action is or may be

3    barred and/or relief is or may be limited due to after-acquired evidence of Plaintiff's on-the-job and

4    employment-related misconduct.

5    FORTY-THIRD AFFIRMATIVE DEFENSE

6         Defendants allege that, pursuant to California Labor Code section 1194.2(b),

7    liquidated damages should be denied or reduced because any alleged acts or omissions of

8    Defendants were in good faith, and Defendants had reasonable grounds for believing that the alleged

9    acts or omissions did not violate any California Labor Code provision or any Wage Order(s) of the

10   Industrial Welfare Commission.

11   FORTY-FOURTH AFFIRMATIVE DEFENSE

12        Defendants allege that this suit may not be properly maintained as a class action

13   because: (a) Plaintiff has failed to plead and/or cannot establish the necessary procedural elements

14   for, class treatment; (b) the number of putative class members is too small to meet the numerosity

15   requirement for a class action; (c) a class action is not an appropriate method for the fair and

16   efficient adjudication of the claims described in the FAC; (d) common issues of fact or law do not

17   predominate-to the contrary, individual issues predominate;(e) Plaintiff's claims are not

18   representative or typical of the claims of the putative class; (f) Plaintiff is not proper class

19   representatives; (g) the named Plaintiff and alleged putative class counsel are not adequate

20   representatives for the alleged putative class; and/or (h) Plaintiff cannot satisfy any of the

21   requirements for class action treatment set forth in FRCP 23.  If the Court certifies a class in this

22   case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein

23   against each and every member of the certified class.

24   FORTY-FIFTH AFFIRMATIVE DEFENSE

25        Defendants allege that the FAC and each cause of action set forth therein is barred

26   because Plaintiff lacks standing as a representative of the proposed class and does not adequately

27   represent the putative class members.

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege Plaintiff and/or the putative class members are not entitled to recover any special damages because Plaintiff failed to plead facts sufficient to support the recovery of special damages and Defendants committed no acts justifying an award of special damages.

FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants do not presently know all facts respecting conduct by Plaintiff and/or the putative class members sufficient to state all affirmative defenses at this time.  Accordingly, Defendants reserve the right to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants pray that:

1. The Complaint be dismissed in its entirety with prejudice, and that Plaintiff and any putative plaintiffs or class members take nothing by their Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendants;

3. Defendants be awarded their costs of suit and reasonable attorney's fees incurred herein pursuant to Labor Code section 218.5 and otherwise; and

4. The Court award Defendants such other and further relief as it deems appropriate.

DATED:  August 25, 2008

LITTLER MENDELSON
A Professional Corporation


By: /s/ Van A. Goodwin
    VAN A. GOODWIN

Attorneys for Defendants
BECTON DICKINSON AND COMPANY
and MED-SAFE SYSTEMS, INC.
(erroneously sued as Med-Safe Systems, Inc.
d/b/a BD Medical)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:86253615.1 045252.1087

21.

CASE NO. 08CV821 IEG (BLM)

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT